Jahna M. Lindemuth, ABA #9711068
DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for
MERCK & CO., INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| STATE OF ALASKA, | |
|---|---|
| Plaintiff, | Case No. _____ |
| vs. | |
| MERCK & CO., INC. | |
| Defendant | |

### NOTICE OF REMOVAL OF DEFENDANT MERCK & CO., INC.

PLEASE TAKE NOTICE that defendant Merck & Co., Inc. ("Merck"), through undersigned counsel, hereby removes the above-captioned action from the Superior Court for the State of Alaska, Third Judicial District at Anchorage to the United States District Court for the District of Alaska, pursuant to 28 U.S.C. §§ 1331 and 1441. In support of its removal, defendant respectfully states as follows:

1. This action involves allegations regarding the prescription drug Vioxx®. An MDL proceeding has been established in the United States District Court for the Eastern District of Louisiana (Fallon, J.) for coordinated pretrial proceedings of Vioxx-related actions under 28 U.S.C. § 1407. Two other suits filed by the state attorneys

DORSEY &
WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

NOTICE OF REMOVAL          STATE OF ALASKA V. MERCK & CO., INC.
Page 1                     Case No. _____

general of Louisiana and Mississippi alleging similar claims against Merck are already pending in that MDL proceeding,[1] and Merck intends to seek the transfer of this action to that MDL proceeding as well.

2. On December 23, 2005, the State of Alaska ("the State") commenced this action in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, against Merck, captioned State of Alaska v. Merck & Co., Inc., No. 3AN-05-14292 CI.

3. Merck was served with a copy of the Complaint ("Compl") on December 27, 2005. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served on or by Merck in the state court action are attached hereto as composite **Exhibit A.**

4. Venue is proper in this Court pursuant to 28 U.S.C. § 89(c), because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

5. No previous application has been made for the relief requested herein.

6. Merck will promptly (a) file a true and correct copy of this Notice of Removal with the Clerk of Court for the Superior Court for the State of Alaska, Third Judicial District at Anchorage, in accordance with 28 U.S.C. § 1446(d); and (b) serve plaintiff's counsel with a true and correct copy of this Notice of Removal, in accordance

---

[1] The two state attorney general actions are *Foti v. Merck* (Louisiana) (E.D. La. 05-3700), and *Hood v. Merck* (Mississippi) (E.D. La. 05-6755).

DORSEY &
WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

NOTICE OF REMOVAL                             STATE OF ALASKA V. MERCK & CO., INC.
Page 2                                        Case No. _____

with 28 U.S.C. § 1446(d).

## I. ALLEGATIONS AND REQUESTED RELIEF

7. Plaintiff's complaint alleges that Merck violated the Alaska Unfair Trade Practices and Consumer Protection Act ("UTPCA"), AS 45.50.471, by misrepresenting the safety of Vioxx to the State, which paid for Vioxx on behalf of Medicaid participants. (See Compl. 12-18.) The State also alleges that Merck knowingly made claims under the Alaska Medicaid Program for a product that was substantially inadequate. (Compl. 19). The State seeks compensatory damages, restitution for the value of all payments that the State of Alaska made for Vioxx prescriptions under its Medicaid program, civil penalties of $5,000 for each separate violation of the UTPCPA, treble damages, punitive damages, attorneys' fees and costs, and prejudgment and postjudgment interest. (Compl. Prayer for Relief.)

## II. FEDERAL QUESTION JURISDICTION

8. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the State's claims directly implicate two areas of federal law: the Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. § 301 et seq., which regulates prescription drug manufacturers' public and promotional statements about prescription drugs; and federal Medicaid law, which determines both which drugs a state must cover under its Medicaid program and the limited circumstances under which it can decline to pay for such drugs. See 42 U.S.C. §§ 1396r-8(d)(1)(B), (d)(4). Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

DORSEY &
WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

NOTICE OF REMOVAL
Page 3

STATE OF ALASKA V. MERCK & CO., INC.
Case No. _____

9. The Supreme Court has recognized that federal question jurisdiction exists over claims that are asserted under state law if the state law claims implicate substantial federal questions. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 125 S. Ct. 2363, 2369 (2005). *See also Hopkins v. Walker*, 244 U.S. 486, 490-491 (1917); *County of Santa Clara v. Astra USA, Inc.*, No. C 05-03740 (WHA), 2005 U.S. Dist. LEXIS 34453 (N.D. Cal. Dec. 2, 2005) (attached hereto).

10. As the Supreme Court explained in *Grable*, the test for whether a federal court should hear a case under this doctrine is not whether the federal statute provides a parallel private right of action, but whether the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state responsibilities." 125 S. Ct. at 2368. In *Grable*, the Supreme Court concluded that federal question jurisdiction existed because the plaintiff's state law claim was premised on the failure of a government agency to fulfill its responsibilities as defined by federal law. Thus, federal question jurisdiction existed because the meaning of the federal law was an essential element of the state law claim. *Id.* The same is true here.

11. First, the claims in this case are implicitly premised upon alleged violations of the federal Food, Drug & Cosmetic Act ("FDCA") – namely that Merck illegally promoted an unsafe drug for public use and failed to warn adequately doctors, state regulators, and consumers of risks in violation of FDCA rules and regulations.

12. Under the FDCA, the FDA is tasked with approving drugs for human use

DORSEY &
WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

NOTICE OF REMOVAL
Page 4

STATE OF ALASKA V. MERCK & CO., INC.
Case No. _____

and determining the necessary warnings manufacturers must include with their products. 21 U.S.C. §393(b)(1). The FDCA charges the FDA to ensure that "drugs are safe and effective" for their intended uses, 21 U.S.C. § 393(b)(2)(B), in part by "promptly and officially reviewing clinical research and taking appropriate action on the marketing of regulated products." 21 U.S.C. § 393(b)(1). The FDA is vested with the authority to promulgate regulations to enforce the FDCA, which are codified in the Code of Federal Regulations, 21 C.F.R. § 200 et. seq. 21 U.S.C. § 371(a).

13. To accomplish this mandate, the FDA maintains a Center for Drug Evaluation and Research ("CDER"). The CDER oversees the drug companies' development, testing and research, and manufacture of drugs. The staff of approximately 1,800 examines clinical and other testing data generated by drug companies to assess a drug's benefits against its risks and to make an approval decision. The CDER also regulates prescription drug advertising, including the Package Inserts that outline benefit and risk information, and monitors marketed drugs for unexpected health risks that may require public notification, a change in labeling, or removal of the product from the market. Under federal law, even claims in promotional labeling or advertising must be consistent with approved labeling. 21 C.F.R. § 202.1(e)(4)(2005). Indeed, as plaintiff's pleading points out, as part of its oversight of drug marketing, the FDA sent a letter to Merck specifically regarding the contents of its marketing materials for VIOXX. (Compl. 10.)

14. Accordingly, plaintiff's claims that Merck violated Alaska's UTPCPA in

DORSEY &
WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

marketing and making communications regarding the safety of Vioxx will necessarily require the Court to interpret the meaning of the FDCA and its attendant regulations.

15.  Second, plaintiff's claims implicate substantial questions of federal law under the federal Medicaid statute because they depend on the interpretation and application of federal statutory provisions that govern what can be included in or rejected from State Medicaid formularies, including Alaska's, and because federal funds comprise the majority of Alaska Medicaid Program's funds – the money at issue in this lawsuit.

16.  The federal Medicaid program authorizes federal money grants to states to provide medical assistance to low-income individuals. 42 U.S.C. § 1396, et seq.; 42 C.F.R. § 430.10, et seq. "Although participation in the program is voluntary, participating States must comply with certain requirements imposed by the Act and regulations promulgated by the Secretary of Health and Human Services." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 502 (1990). In Alaska, the Medicaid program is administered by the Department of Health and Social Services. *See* http://www.hss.state.ak.us/dhcs; 42 C.F.R. § 431.10(b)(1) (requiring states to designate "a single State agency . . . to administer or supervise the administration of the [Medicaid] plan").

17.  Federal law expressly requires states, subject to certain narrow exceptions, to reimburse FDA-approved prescription drugs of any manufacturer that has entered into and complies with a rebate agreement with the Secretary of Health and Human Services. 42 U.S.C. § 1396r-8(d)(4)(B). Thus, Alaska is required under federal law to reimburse

DORSEY &
WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

companies for drugs, such as Vioxx, if the manufacturer complies with federal requirements.

18.  The only time a state can exclude from its formulary a covered outpatient drug subject to a rebate agreement is "with respect to the treatment of a specific disease or condition for an identified population . . . if, based on the drug's labeling . . . the excluded drug does not have a significant clinically meaningful therapeutic advantage in terms of safety, effectiveness or clinical outcome of such treatment for such population over other drugs included in the formulary and there is a written explanation (available to the public) of the basis for the exclusion." 42 U.S.C. § 1396r-8(d)(4)(C). But even in such a situation, a state cannot deny coverage altogether; rather, it must condition such reimbursement on prior authorization, meaning that the state may require that it approve the drug's dispensation before it is dispensed. 42 U.S.C. § 1396r-8(d)(4)(D). And even a decision to require prior authorization must satisfy federally mandated requirements. 42 U.S.C. §§ 1396r-8(d)(4)(E), (d)(5). Thus, every step a state takes with regard to coverage of an FDA-approved drug is subject to strict federal mandates.

19.  In short, because the Alaska Medicaid program operates within this overarching federal regulatory framework, plaintiff's claims alleging that Vioxx should not have been a part of that program necessarily implicate and turn on questions of federal Medicaid law.

20.  Other courts have applied *Grable* and recognized that federal jurisdiction exists over actions, like this one, in which plaintiffs' state law claims are premised on

NOTICE OF REMOVAL
Page 7

STATE OF ALASKA V. MERCK & CO., INC.
Case No. _____

DORSEY &
WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

violations of the FDCA and its rules and regulations. For example, in *In re Zyprexa Products Liability Litigation*, 375 F. Supp. 2d 170 (E.D.N.Y. 2005), the court asserted federal question jurisdiction over state-law claims involving a manufacturer's marketing of a prescription drug and the state of Louisiana's payments for that drug under Medicaid. The court found that references in the complaint to federal funding provisions and laws demonstrated "a core of substantial issues [that were] federally oriented." *Id.* at 172-73.

21. Similarly, in a recent case involving Medicaid drug pricing, the court in *County of Santa Clara v. Astra USA, Inc.*, No. C 05-03740 (WHA), 2005 U.S. Dist. LEXIS 34453 (N.D. Cal. Dec. 2, 2005) (attached hereto), held that federal jurisdiction was proper under *Grable* because the plaintiff's state law claims against pharmaceutical manufacturers for allegedly overcharging plaintiff for Medicaid drugs presented substantial questions of federal law. In concluding that the Medicaid drug pricing issues merited federal jurisdiction, the court observed that one measure of evaluating substantiality is "the importance of the federal issue." The court noted that "[u]nder this approach, the following issues have been found to be substantial: those that directly affect the functioning of the federal government, those in an area reserved for exclusive federal jurisdiction, and those that impact a complex federal regulatory scheme." *Astra USA*, 2005 U.S. Dist. LEXIS 34453, at *16. In this case, plaintiff's claims involve two complex federal regulatory schemes: Medicaid and the FDCA.

22. Because plaintiff's claims here, like those in *Grable*, *Zyprexa*, and *Astra*

DORSEY &
WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

*USA*, will necessarily involve substantial questions of law under federal drug and Medicaid statues and regulations, this Court has federal question jurisdiction over plaintiff's claims.

WHEREFORE, Defendant prays that the above numbered and entitled cause on the docket of the Superior Court for the State of Alaska, Third Judicial District at Anchorage be removed from that court to the docket of the United States District Court for the District of Alaska, in accordance with 28 U.S.C. § 1441.

DATED this 17th day of January, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By: /s/ Jahna M. Lindemuth
Jahna M. Lindemuth, ABA #9711068
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Ste. 600
Anchorage, AK 99501-5907
(907) 276-4557
lindemuth.jahna@dorsey.com

CERTIFICATE OF SERVICE
The undersigned hereby certifies that on the 17th day of January, 2006, a true and correct copy of this document was served on:

James E. Fosler
Fosler Law Group, Inc.
737 West Fifth Avenue, Suite 205
Anchorage, Alaska 99501

W. Mark Lanier
Richard Meadow
Lawrence P. Wilson
The Lanier Law Firm
6810 FM 1960 West
Houston, Texas 77069

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.

/s/ Jahna M. Lindemuth
Jahna M. Lindemuth, ABA #9711068
Dorsey & Whitney, LLP

DORSEY &
WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

NOTICE OF REMOVAL
Page 9

STATE OF ALASKA V. MERCK & CO., INC.
Case No. _____

## APPENDIX OF UNPUBLISHED AUTHORITIES

### CASE

County of Santa Clara v. Astra USA, Inc.,
    No. C 05-03740 (WHA)
2005 U.S. Dist. LEXIS 34453 (N.D. Cal. Dec. 2, 2005)