W. Mark Lanier (*pro hac vice* application pending)
Richard Meadow (*pro hac vice* application pending)
Lawrence P. Wilson (*pro hac vice* application pending)
The Lanier Law Firm
6810 FM 1960 West
Houston, Texas 77069
Telephone: (713) 659-5200
Fax: (713) 659-2204

James E. Fosler
Fosler Law Group, Inc.
737 West Fifth Ave., Suite 205
Anchorage, Alaska 99501
Telephone: (907) 277-1557
Fax: (907) 277-1657

Attorneys for Plaintiff

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| STATE OF ALASKA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| MERCK & CO., INC., | ) |
| Defendant. | ) |
| | ) Case No: 3AN-05- *14 292 Ci* |

## COMPLAINT
### (AS 45.50.471, AS 45.50.501, AS 45.50.551)

The State of Alaska, Plaintiff herein, by and through its counsel, brings this Complaint against Merck & Co., Inc. ("Defendant") pursuant to the Unfair Trade Practices and Consumer Protection Act, AS 45.50.471 *et seq.*

A
1 28

## DEFENDANT

1.      Defendant is an American pharmaceutical company incorporated under the laws and statutes of the State of New Jersey.  Defendant can be served with process by serving its registered agent, CT Corporation System, 801 W. 10th Street, Suite 300, Juneau, Alaska 99801.

## JURISDICTION AND VENUE

2.      At all times material to this civil action, Defendant transacted business in Alaska by, among other things, advertising, soliciting, selling, and distributing the pharmaceutical product known as Vioxx to purchasers in Alaska.  Therefore, this court has personal jurisdiction over Defendant.

3.      This court has subject-matter jurisdiction based upon AS 45.50.501 and 45.50.551, which provide remedies to redress Defendant's conduct and authorize the State of Alaska to bring this action.

4.      Because the State of Alaska is not a citizen for purposes of diversity jurisdiction, no federal court can exercise subject-matter jurisdiction over this case by virtue of diversity of citizenship. *State of Alaska v. K&L Distributors, Inc.*, 318 F.2d 498, 498 (9th Cir. 1963); *Tex. Dept. of Hous. & Cmty. Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 926 (5th Cir. 1995).

5.      Venue is proper in this judicial district pursuant to Section 45.50.501 of the Alaska Statutes and Rule 3 of the Alaska Rules of Civil Procedure because some of

COMPLAINT
*State of Alaska v. Merck & Co., Inc.*, 3AN-_____CI








Defendant's unlawful acts and practices that give rise to this Complaint arose in this judicial district and the Defendant is doing business in this judicial district.

## DEFENDANT'S CONDUCT

6.      All practices, acts, and omissions alleged herein to have been committed by Defendant were committed by Defendant's officers, directors, employees, or agents, who, at all times, acted on behalf of Defendant and whose practices, acts, and omissions were authorized and/or ratified by Defendant.  Accordingly, Defendant is liable under the doctrines of vice-principal, respondeat superior and agency as those terms are defined and applied under the laws and statutes of Alaska.

7.      Defendant began marketing Vioxx (generic name Rofecoxib) in May 1999, following a short clinical trial period.  Vioxx was initially approved for osteoarthritis, the management of acute pain in adults, and the treatment of primary dysmenorrhea. Furthermore, in requesting that Vioxx be placed on the Alaska Medicaid Program's list of drugs subject to reimbursement, the Defendant represented that Vioxx was at least as safe as other drugs of a similar class and/or type used for the same purposes.  Ultimately, Defendant withdrew Vioxx from the market on September 30, 2004, because it was unsafe.  Research and clinical experience has revealed that Vioxx significantly increases the risk of heart attack and other serious cardiovascular and cerebrovascular medical complications.

8.      From the time Defendant started developing Vioxx, through the date of its withdrawal from the market on September 30, 2004, Defendant engaged in knowing

COMPLAINT
*State of Alaska v. Merck & Co., Inc.*, 3AN-_____ CI

3 28

misrepresentations, including, but not limited to, direct representations to the Alaska Medicaid Program that Vioxx was safe and effective and advertising and promotional campaigns to Alaskans that falsely represented the safety of Vioxx. The Defendant misrepresented and suppressed evidence concerning the significant health hazards of Vioxx.

9.      Defendant was aware that Vioxx caused serious and significant health hazards even before Defendant promoted Vioxx to physicians and to the State of Alaska and provided Vioxx to Alaskans. Defendant knew that cerebrovascular and cardiovascular problems occurred more frequently in patients receiving Vioxx than in patients receiving placebos or other medicines. Defendant's internal memos and e-mails, dating back to at least 1996, show that Defendant knew "how" and "why" Vioxx would cause significantly higher rates of cardiovascular problems in patients taking Vioxx, as compared to a control group.

10.      Before Defendant began marketing Vioxx to the public in May 1999, Defendant knew clinical research, including its own, showed that Vioxx increased the risk of heart attack and adverse cardiovascular and cerebrovascular problems. However, Defendant did not disclose this prior knowledge, nor the additional knowledge Defendant obtained after it started successfully selling Vioxx to the public. Instead, the Defendant misrepresented and mischaracterized the data and information concerning Vioxx. Moreover, the Defendant launched an expensive, promotional advertising campaign to convince lay people to request Vioxx from their healthcare professionals for the treatment of their pain, and to promote, as safe, the use of Vioxx, even though the Defendant's own medical research confirmed its harmful effects. The Defendant also launched an aggressive campaign of intimidation against

COMPLAINT
*State of Alaska v. Merck & Co., Inc.*, 3AN-_____CI

researchers and physicians who questioned the safety of Vioxx. The Defendant's deceptive and misleading representations were later recognized by the FDA in a letter to the Defendant wherein the FDA labeled the Defendant's promotional sales marketing and materials as "lacking in pure balance," "false," and "misleading." In recent months, investigators have learned that the Defendant deliberately removed data of some adverse cardiovascular and cerebrovascular events from data supplied to those outside the company.

11.    It was not until September 30, 2004, that the Defendant finally admitted that Vioxx was not safe and posed such an unreasonable risk of harm to the public that it should be withdrawn from the market.

## VIOLATIONS OF THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT

12.    Defendant's acts and practices were unlawful as that term is described in AS 45.50.471(a) in that Defendant used unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce.

13.    Defendant represented to the State, to physicians in Alaska, and to the public in Alaska that Vioxx had characteristics, uses, and benefits that it did not have. AS 45.50.471(b)(4).

14.    Defendant advertised Vioxx with an intent not to sell it as advertised. AS 45.50.471(b)(8).

15.    Defendant engaged in conduct creating a likelihood of confusion or of misunderstanding and which misled, deceived, or damaged buyers of Vioxx, including the

COMPLAINT
*State of Alaska v. Merck & Co., Inc.*, 3AN-_____CI



State of Alaska, healthcare providers in Alaska, and Alaskans in general. AS 45.50.471(b)(11).

16.    Defendant used and employed deception, fraud, and misrepresentation to further the sales of Vioxx. Defendant knowingly concealed, suppressed, and omitted one or more material facts with the intent that others rely on the concealment, suppression, and omission in connection with the sale and advertisement of Vioxx. AS 45.50.471(b)(12).

17.    Defendant knowingly or intentionally concealed or failed to disclose evidence that revealed the truth concerning the significant increased risk of heart attack and other cardiovascular problems caused by Vioxx. In addition, Defendant knowingly or intentionally set out on a course of concealing this evidence by misrepresenting the data in published literature and in advertising campaigns, and by threatening and attempting to coerce those who chose to criticize Defendant, to warn the public and the health care community, and to tell the truth about the significant risks posed by Vioxx. This conduct violates the Unfair Trade Practices and Consumer Protection Act.

18.    Defendant knowingly or intentionally made, caused to be made, induced, or sought to induce the making of false statements or misrepresentations of material fact concerning the safety, or lack thereof, of Vioxx, which is information required to be provided by state law, rule, regulation, and/or provider agreement to the Alaska Medicaid Program. This conduct violates the Unfair Trade Practices and Consumer Protection Act.

19.    Defendant knowingly and intentionally made claims under the Alaska Medicaid Program for a product that is substantially inadequate or inappropriate when compared to

COMPLAINT
*State of Alaska v. Merck & Co., Inc.*, 3AN-_____CI

A
4  28

generally recognized standards within the health care industry or for a product that is otherwise inappropriate. This conduct violates the Unfair Trade Practices and Consumer Protection Act.

20.    Defendant's knowing or intentional acts and omissions constitute repeated violations of the Alaskan statutory laws. Defendant has now admitted that Vioxx is unsafe and has taken it off the market.

## CAUSATION OF DAMAGES

21.    Defendant's unlawful acts and practices induced a great many Alaskans to purchase Vioxx.

22.    Defendant's unlawful acts and practices induced the State of Alaska to authorize expenditure of Medicaid funds for the purchase of Vioxx.

23.    Defendant's unlawful acts and practices resulted in the expenditure of millions of dollars of state funds or state controlled funds on Vioxx.

24.    Defendant's unlawful acts and practices were a cause-in-fact, producing cause, and proximate cause of the purchase and expenditures described in paragraphs 21 thru 23 and have necessitated this action.

/ / / /

/ / / /

/ / / /

COMPLAINT
*State of Alaska v. Merck & Co., Inc.*, 3AN-_____CI

A
7   28

## PRAYER FOR RELIEF

WHEREFORE, the State of Alaska demands judgment as follows:

1.    For money damages in an amount that far exceeds the $100,000 minimum jurisdictional limit of this court;

2.    For restitution damages for the value of all payments that the State of Alaska made for Vioxx prescriptions;

3.    For treble damages;

4.    For civil penalties of $5,000 for each separate violation of the Unfair Trade Practices and Consumer Protection Act;

5.    For punitive damages;

6.    For costs and attorneys' fees;

7.    For prejudgment interest;

8.    For post judgment interest;

9.    For all other relief deemed just and equitable by the Court.

DATED: December 23, 2005.

Respectfully submitted,

FOSLER LAW GROUP, INC.

JAMES E. FOSLER
Alaska Bar No.: 9711055

COMPLAINT
*State of Alaska v. Merck & Co., Inc.*, 3AN-_____CI

Page 8 of 8



SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

State of Alaska                                )
                                               )
                              Plaintiff(s),    )
                                               )
        vs.                                    )
                                               )
                                               )
Merck & Co., Inc.                              )
                                               )      CASE NO. 3AN-_05-_14292a_
                              Defendant(s).    )
                                               )
_____       )

                                         SUMMONS
                                           AND
                                 NOTICE TO BOTH PARTIES
                                 OF JUDICIAL ASSIGNMENT

To Defendant:   Merck & Co., Inc.
_____

You are hereby summoned and required to file with the court a written answer to the complaint which
accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage,
Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your
answer must be sent to the plaintiff's attorney, _James Fosler_____
whose address is:_737 West Fifth Ave., Suite 205, Anchorage, AK  99501_____

If you fail to file your answer within the required time, a default judgment may be entered against
you for the relief demanded in the complaint.


                           NOTICE OF JUDICIAL ASSIGNMENT

TO:  Plaintiff and Defendant

You are hereby given notice that:

[X]  This case has been assigned to Superior Court Judge _Hopwood_____


[ ]  This case has been assigned to District Court Judge _____.


                                                    CLERK OF COURT


_Dec. 23, 05_____                           By:  _M. Lumpkin_____
        Date                                            Deputy Clerk


* The State or a state officer or agency named as a defendant has 40 days to file its answer.

CIV-100 ANCH (6/99)(st.3)                                          Civil Rules 4, 5, 12, 55
SUMMONS

9   A
    28

W. Mark Lanier (*pro hac vice* application pending)
Richard Meadow (*pro hac vice* application pending)
Lawrence P. Wilson (*pro hac vice* application pending)
The Lanier Law Firm
6810 FM 1960 West
Houston, Texas 77069
Telephone: (713) 659-5200
Fax: (713) 659-2204

James E. Fosler
Fosler Law Group, Inc.
737 West Fifth Ave., Suite 205
Anchorage, Alaska 99501
Telephone: (907) 277-1557
Fax: (907) 277-1657

Attorneys for Plaintiff

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

### THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| STATE OF ALASKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MERCK & CO., INC., | ) |
| | ) |
| Defendant. | ) |
| | ) Case No: 3AN-05- |

### JURY DEMAND

The State of Alaska, by and through counsel, pursuant to Alaska Civil Rule 38, demands a trial by jury.

/ / / /

DATED: December 23, 2005.

Respectfully submitted,

FOSLER LAW GROUP, INC.

JAMES E. FOSLER
Alaska Bar No.: 9711055

11 A 28

W. Mark Lanier (*pro hac vice* application pending)
Richard Meadow (*pro hac vice* application pending)
Lawrence P. Wilson (*pro hac vice* application pending)
The Lanier Law Firm
6810 FM 1960 West
Houston, Texas 77069
Telephone: (713) 659-5200
Fax: (713) 659-2204

James E. Fosler
Fosler Law Group, Inc.
737 West Fifth Ave., Suite 205
Anchorage, Alaska 99501
Telephone: (907) 277-1557
Fax: (907) 277-1657

Attorneys for Plaintiff

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| STATE OF ALASKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MERCK & CO., INC., | ) |
| | ) |
| Defendant. | ) |
| | ) Case No: 3AN-05-14292 CI |

## PROOF OF SERVICE

Plaintiff State of Alaska files, pursuant to Alaska Civil Rule 4(f), the attached "Return Receipt" indicating that the defendant was serviced with the summons, complaint, and jury demand on December 27, 2005.

Exhibit ___A___
Page __12__ of __28__

DATED: December 30, 2005.

Respectfully submitted,

FOSLER LAW GROUP, INC.

_____
JAMES E. FOSLER
Alaska Bar No.: 9711055

PROOF OF SERVICE
*State of Alaska v. Merck & Co., Inc.*, 3AN-05-14292 CI

Page 2 of 2

Exhibit ___A___
Page_13_ of _28_

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                     ☐ Addressee

B. Received by ( Printed Name)      C. Date of Delivery
   Wear                             12/2/

1. Article Addressed to:

CT Corporation System
801 W. 10th Street #300
Juneau, AK 99801

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
   (Transfer from service label)
   7004 1160 0002 0763 6357

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

Exhibit  A
Page 14 of 28

W. Mark Lanier (*pro hac vice* application pending)
Richard Meadow (*pro hac vice* application pending)
Lawrence P. Wilson (*pro hac vice* application pending)
The Lanier Law Firm
6810 FM 1960 West
Houston, Texas 77069
Telephone: (713) 659-5200
Fax: (713) 659-2204

James E. Fosler
Fosler Law Group, Inc.
737 West Fifth Ave., Suite 205
Anchorage, Alaska 99501
Telephone: (907) 277-1557
Fax: (907) 277-1657

Attorneys for Plaintiff

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| STATE OF ALASKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MERCK & CO., INC., | ) |
| | ) |
| Defendant. | ) |
| | ) Case No: 3AN-05-14292 CI |

## MOTION TO APPEAR *PRO HAC VICE* ON BEHALF OF PLAINTIFF

The undersigned, W. Mark Lanier, Richard Meadow and Lawrence Wilson, move pursuant to Rule 81(a)(2) of the Alaska Rules of Civil Procedure, for leave to appear *pro hac*

*vice* as co-counsel for plaintiff and to participate in this lawsuit in all respects permitted by the rules.

In support of this motion, the undersigned represent that, as a lawyer with The Lanier Law Firm, they are counsel for the plaintiff. They further represent that W. Mark Lanier was admitted to the Bar of the State of Texas in 1985, that Richard Meadow was admitted to the Bar of New York in 1985 and that Lawrence P. Wilson was admitted to the State Bar of Texas in 1987. Attached in support of this motion are the following documents:

1.     Certificates of good standing from the Texas State Bar Association for W. Mark Lanier and Lawrence P. Wilson and from the Supreme Court of Pennsylvania, The State of New York Supreme Court, Appellate Division and the Supreme Court of New Jersey for Richard Meadow; and

2.     The original proof of payment of the required fee to the Alaska Bar Association.

Alaska counsel with whom the undersigned will be associated in this litigation, who is authorized to practice in the courts of the state, is James E. Fosler, Fosler Law Group, Inc., 737 W. 5th Ave., Suite 205, Anchorage, Alaska 99501.

MOTION TO APPEAR PRO HAC VICE ON BEHALF OF PLAINTIFF
*State of Alaska v. Merck & Co., Inc.*, 3AN-05-14292 CI

The undersigned respectfully requests that the Court grant this motion. A proposed order is attached.

DATED: December 30, 2005.

Respectfully submitted,

THE LANIER LAW FIRM

W. Mark Lanier
TSB No.: 11934600
Richard Meadow
New York Bar No.: 1963578
Lawrence P. Wilson
TSB No.: 21704100

## CONSENT OF ALASKA COUNSEL

I hereby consent to this motion.

DATED: Jan 3, 2006.

FOSLER LAW GROUP, INC.

JAMES E. FOSLER
Alaska Bar No.: 9711055

MOTION TO APPEAR PRO HAC VICE ON BEHALF OF PLAINTIFF
*State of Alaska v. Merck & Co., Inc.*, 3AN-05-14292 CI

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was hand delivered ( ) faxed (✓) mailed on 1/4/06 to:

Merck & Co., Inc.
c/o CT Corporation Systems
801 W. 10th Street, Suite 300
Juneau, AK 99801

_____
James E. Fosler

MOTION TO APPEAR PRO HAC VICE ON BEHALF OF PLAINTIFF
*State of Alaska v. Merck & Co., Inc.*, 3AN-05-14292 CI

**ALASKA BAR ASSOCIATION**
P.O. Box 100279    (907) 272-7469
Anchorage, Alaska 99510-0279

| Customer's Order No. | | Phone No. 277-1557 | | | | Date 1-04-06 | |
|---|---|---|---|---|---|---|---|
| Sold to | Foster Law Group, Inc. | | | | | | |
| Address | 737 W. 5th Ave, Ste 205 | | | | | | |
| City | Anch, AK 99501 | | | | | | |

| Sold By | Cash | C.O.D. | Charge | On Acct. | Mdse. Retd. | Paid Out. | |
|---|---|---|---|---|---|---|---|

| Qty. | Description | Price | Amount |
|---|---|---|---|
| | Rule 81 | | 350 00 |
| | Richard Meadow NA | | |
| | Assoc. W/ James E. Foster | | |
| | 9711055 | | |
| | Case #3AN-05-14292 | | |
| | Check # 0-36 240 | | |
| | 2006 | | |

All claims and returned goods MUST be accompanied by this bill.

| Tax | |
|---|---|
Rec'd. By Charissa Feltman

| Total | 550 00 |

026288    *Thank You!*

Item# G3R
®Executive Greetings, Inc., 1980
Printed in U.S.A.

A
Page 19 of 28

**ALASKA BAR ASSOCIATION**
P.O. Box 100279    (907) 272-7469
Anchorage, Alaska 99510-0279

| Customer's Order No. | | Phone No. 272-1557 | | Date 1-04-06 |
|---|---|---|---|---|
| Sold to | Foster Law Group, Inc. | | | |
| Address | 737 W. 5TH Ave., Ste 205 | | | |
| City | Anch, AK 99501 | | | |

| Sold By | Cash | C.O.D. | Charge | On Acct. | Mdse. Retd. | Paid Out |
|---|---|---|---|---|---|---|

| Qty. | Description | Price | Amount |
|---|---|---|---|
| | Rule 81 | | 550 00 |
| | Lawrence P. Wilson NA | | |
| | Assoc. w/ James E Foster | | |
| | 9711055 | | |
| | Case #3AN-05-14292 | | |
| | Check # 0-36 240 | | |
| | 2006 | | |

All claims and returned goods MUST be accompanied by this bill.

| | | Tax | |
|---|---|---|---|
| Rec'd. By | Chariss afe Hman | Total | 550 00 |

026290

*Thank You!*

Item# G3R
©Executive Greetings, Inc., 1980
Printed in U.S.A.

A
Pg 20 of 28

**ALASKA BAR ASSOCIATION**
P.O. Box 100279    (907) 272-7469
Anchorage, Alaska 99510-0279

| Customer's Order No. | Phone No. 277-1557 | Date 1-04-06 |
|---|---|---|

Sold to Foster Law Group, Inc.
Address 737 W. 5th Av, Ste 205
City Anch, AK 99501

| Sold By | Cash | C.O.D. | Charge | On Acct. | Mdse. Retd. | Paid Out | |
|---|---|---|---|---|---|---|---|

| Qty. | Description | Price | Amount |
|---|---|---|---|
| | Rule 81 | 550 | 00 |
| | W. Mark Lanier NA | | |
| | Assoc. w/ James E. Foster 9711055 | | |
| | Case # 3AN-05-14292 | | |
| | Check # 0-36240 | | |
| | 2006 | | |

All claims and returned goods MUST be accompanied by this bill.

Rec'd. By Charissa Feltman

| Tax | |
|---|---|
| Total | 550 00 |

026289    *Thank You!*

Item# G3R
©Executive Greetings, Inc., 1980
Printed in U.S.A.

# STATE BAR OF TEXAS



**Office of The Chief Disciplinary Counsel**

December 20, 2005

RE:    **Mr. W. Mark Lanier**
State Bar Number - **11934600**

To Whom it May Concern:

This is to certify that Mr. W. Mark Lanier was licensed to practice law in Texas on May 10, 1985 and is an active member in good standing with the State Bar of Texas.

Good Standing means that the attorney is current on payment of Bar dues and attorney occupation tax; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension.

No disciplinary action involving professional misconduct has been taken against the attorney's law license. This certification expires 30 days from this date, unless sooner revoked or rendered invalid by operation of rule or law.

John A. Neal
Chief Disciplinary Counsel

JN/as



A
22 of 28

**P.O. Box 12487, Capitol Station, Austin, Texas 78711, 512-463-1463 or 1-800-204-2222**



Supreme Court of Pennsylvania

# CERTIFICATE OF GOOD STANDING

## *Richard Daniel Meadow, Esq.*

DATE OF ADMISSION

*June 15, 1993*

The above named attorney was duly admitted to the bar of the Commonwealth of Pennsylvania, and is now a qualified member in good standing.



**Witness my hand and official seal**
**Dated:  September 13, 2004**

Patricia A. Nicola
Chief Clerk

A
23 of 28



## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

I, Michael J. Novack, Clerk of the Appellate Division of the Supreme Court of the State of New York, Third Judicial Department, do hereby certify that

# Richard Daniel Meadow

having taken and subscribed the Constitutional Oath of Office as prescribed by law, was duly licensed and admitted to practice by this Court as an Attorney and Counselor at Law in all courts of the State of New York on the 30th day of January, 1985, is currently in good standing and is registered with the Administrative Office of the Courts as required by section four hundred sixty-eight-a of the Judiciary Law.

In Witness Whereof, I have hereunto set my hand and affixed the Seal of said Court, at the City of Albany, this 15th day of September, 2004.



Clerk

Page 24 of 28

# Supreme Court of New Jersey



# Certificate of Good Standing

This is to certify that **RICHARD D MEADOW** (No. **034541984** ) was constituted and appointed an Attorney at Law of New Jersey on **December 20, 1984** and, as such, has been admitted to practice before the Supreme Court and all other courts of this State as an Attorney at Law, according to its laws, rules, and customs.

I further certify that as of this date, the above-named is an Attorney at Law in Good Standing. For the purpose of this Certificate, an attorney is in "Good Standing" if the Court's records reflect that the attorney: 1) is current with all assessments imposed as a part of the filing of the annual Attorney Registration Statement, including, but not limited to, all obligations to the New Jersey Lawyers' Fund for Client Protection; 2) is not suspended or disbarred from the practice of law; 3) has not resigned from the Bar of this State; and 4) has not been transferred to Disability Inactive status pursuant to Rule 1:20-12.

Please note that this Certificate does not constitute confirmation of an attorney's satisfaction of the administrative requirements of Rule 1:21-1(a) for eligibility to practice law in this State.



In testimony whereof, I have hereunto set my hand and affixed the Seal of the Supreme Court, at Trenton, this **16TH** day of **September**, 20**04**

Clerk of the Supreme Court

25  28

# STATE BAR OF TEXAS



**Office of The Chief Disciplinary Counsel**

December 20, 2005

RE:   **Mr. Lawrence P. Wilson**
      State Bar Number - **21704100**

To Whom it May Concern:

This is to certify that Mr. Lawrence P. Wilson was licensed to practice law in Texas on November 06, 1987 and is an active member in good standing with the State Bar of Texas.

Good Standing means that the attorney is current on payment of Bar dues and attorney occupation tax; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension.

No disciplinary action involving professional misconduct has been taken against the attorney's law license. This certification expires 30 days from this date, unless sooner revoked or rendered invalid by operation of rule or law.

John A. Neal
Chief Disciplinary Counsel

JN/as



A
26  28

P.O. Box 12487, Capitol Station, Austin, Texas 78711, 512-463-1463 or 1-800-204-2222

W. Mark Lanier (*pro hac vice* application pending)
Richard Meadow (*pro hac vice* application pending)
Lawrence P. Wilson (*pro hac vice* application pending)
The Lanier Law Firm
6810 FM 1960 West
Houston, Texas 77069
Telephone: (713) 659-5200
Fax: (713) 659-2204

James E. Fosler
Fosler Law Group, Inc.
737 West Fifth Ave., Suite 205
Anchorage, Alaska 99501
Telephone: (907) 277-1557
Fax: (907) 277-1657

Attorneys for Plaintiff

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| STATE OF ALASKA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| MERCK & CO., INC., | ) ) |
| Defendant. | )  Case No: 3AN-05-14292 CI ) |

JAN 0 4 2006

## ORDER GRANTING MOTION TO APPEAR *PRO HAC VICE*

The Court, having considered plaintiff's motion that W. Mark Lanier, Richard Meadow, and Lawrence Wilson be permitted to appear *pro hac vice*, and having considered any opposition,

A
27  28

IT IS ORDERED that the motion is GRANTED.

DATED this _____ day of _____ 2006.


_____
HON. PATRICK J. McKAY
Superior Court Judge


CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was ( )
hand delivered ( ) faxed ( ) mailed on
1/4/06   to:

Merck & Co., Inc.
c/o CT Corporation Systems
801 W. 10th Street, Suite 300
Juneau, AK 99801


_____
James E. Fosler


ORDER GRANTING PLAINTIFF'S MOTION RE PRO HAC VICE
*State of Alaska v. Merck & Co., Inc.*, 3AN-05-14292 CI

A
28 of 28