Jahna M. Lindemuth, ABA #9711068
DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for
MERCK & CO., INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| STATE OF ALASKA,<br><br>Plaintiff,<br>vs.<br><br>MERCK & CO., INC.<br><br>Defendant | Case No. ________________ |
|---|---|

**ANSWER**

Defendant Merck & Co., Inc. ("Merck") by its undersigned attorneys, answers the Complaint ("Complaint") herein as follows:

**RESPONSE TO "DEFENDANT"**

1. Denies each and every allegation contained in the first sentence of paragraph 1 of the Complaint except admits that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and that Merck is a leading pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

pharmaceutical products, including Vioxx®, to improve human health. Admits the allegations contained in the second sentence of paragraph 1 of the Complaint.

**RESPONSE TO "JURISDICTION AND VENUE"**

2. Denies each and every allegation contained in paragraph 2 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx and that Merck is authorized to do business in the State of Alaska.

3. The allegations contained in paragraph 3 of the Complaint are legal conclusions and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the referenced statutes for their actual language and full text.

4. The allegations contained in paragraph 4 of the Complaint are legal conclusions and therefore no responsive pleading is required.

5. The allegations contained in paragraph 5 of the Complaint are legal conclusions and therefore no responsive pleading is required.

**RESPONSE TO "DEFENDANT'S CONDUCT"**

6. Denies each and every allegation contained in paragraph 6 of the Complaint.

7. Denies each and every allegation in the first, second and third sentences of paragraph 7 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text. Denies each and every allegation contained in the fourth and fifth sentences of paragraph 7 of the Complaint, except admits that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo. Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

8. Denies each and every allegation contained in paragraph 8 of the Complaint.

9. Denies each and every allegation contained in paragraph 9 of the Complaint.

10. Denies each and every allegation contained in paragraph 10 of the Complaint except admits that Merck marketed the prescription medicine Vioxx and that in September 2001 Merck received a letter from the DDMAC and respectfully refers the Court to that letter for its actual language and full text.

11. Denies each and every allegation contained in paragraph 11 of the Complaint.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

**RESPONSE TO "VIOLATIONS OF THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT"**

12. Denies each and every allegation contained in paragraph 12 of the Complaint.

13. Denies each and every allegation contained in paragraph 13 of the Complaint.

14. Denies each and every allegation contained in paragraph 14 of the Complaint.

15. Denies each and every allegation contained in paragraph 15 of the Complaint.

16. Denies each and every allegation contained in paragraph 16 of the Complaint.

17. Denies each and every allegation contained in paragraph 17 of the Complaint.

18. Denies each and every allegation contained in paragraph 18 of the Complaint.

19. Denies each and every allegation contained in paragraph 19 of the Complaint.

20. Merck denies each and every allegation set forth in paragraph 20 of the Complaint except admits that in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in patients taking Vioxx compared with those taking placebo

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interest of patients.

**RESPONSE TO "CAUSATION OF DAMAGES"**

21. Denies each and every allegation contained in paragraph 21 of the Complaint.

22. Denies each and every allegation contained in paragraph 22 of the Complaint.

23. Denies each and every allegation contained in paragraph 23 of the Complaint.

24. Denies each and every allegation contained in paragraph 24 of the Complaint.

**RESPONSE TO "PRAYER FOR RELIEF"**

25. Plaintiff's "Prayer For Relief" section of the Complaint is not an allegation of fact and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in the "Prayer For Relief" section of Plaintiff's Complaint, including subparagraphs 1 through 9, and denies that Plaintiff is entitled to the relief requested.

**AS FOR A FIRST**
**DEFENSE, MERCK ALLEGES:**

26. Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

**AS FOR A SECOND**
**DEFENSE, MERCK ALLEGES:**

27. The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A THIRD**
**DEFENSE, MERCK ALLEGES:**

28. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

**AS FOR A FOURTH**
**DEFENSE, MERCK ALLEGES:**

29. If Plaintiff's payees have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

**AS FOR A FIFTH**
**DEFENSE, MERCK ALLEGES:**

30. To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR A SIXTH**
**DEFENSE, MERCK ALLEGES:**

31. To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

**AS FOR A SEVENTH**
**DEFENSE, MERCK ALLEGES**:

32. Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity.

**AS FOR AN EIGHTH**
**DEFENSE, MERCK ALLEGES**:

33. Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

**AS FOR A NINTH**
**DEFENSE, MERCK ALLEGES**:

34. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**AS FOR A TENTH**
**DEFENSE, MERCK ALLEGES**:

35. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

**AS FOR AN ELEVENTH**
**DEFENSE, MERCK ALLEGES**:

36. If Plaintiff's payees have sustained injuries or losses as alleged in the

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's payees' misuse or abuse of Vioxx.

**AS FOR A TWELFTH**
**DEFENSE, MERCK ALLEGES:**

37. If Plaintiff's payees have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's payees' pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

**AS FOR A THIRTEENTH**
**DEFENSE, MERCK ALLEGES:**

38. To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

**AS FOR A FOURTEENTH**
**DEFENSE, MERCK ALLEGES:**

39. Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A FIFTEENTH**
**DEFENSE, MERCK ALLEGES:**

40. Plaintiff's claims are barred in whole or in part by the First Amendment.

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

**AS FOR A SIXTEENTH**
**DEFENSE, MERCK ALLEGES:**

41. Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

**AS FOR A SEVENTEENTH**
**DEFENSE, MERCK ALLEGES:**

42. Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR AN EIGHTEENTH**
**DEFENSE, MERCK ALLEGES:**

43. Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A NINETEENTH**
**DEFENSE, MERCK ALLEGES:**

44. Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

**AS FOR A TWENTIETH**
**DEFENSE, MERCK ALLEGES:**

45. This case is more appropriately brought in a different venue.

**AS FOR A TWENTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

46. To the extent Plaintiff settled or will in the future settle with any person or

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

**AS FOR A TWENTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

47. To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

**AS FOR A TWENTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

48. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate the alleged damages.

**AS FOR A TWENTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

49. Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

**AS FOR A TWENTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

50. To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

**AS FOR A TWENTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

51. Plaintiff's demand for punitive damages is barred because Vioxx and its

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A TWENTY-SEVENTH**
**DEFENSE, MERCK ALLEGES**:

52. To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

**AS FOR A TWENTY-EIGHTH**
**DEFENSE, MERCK ALLEGES**:

53. Plaintiff may be barred, in whole or in part, from recovery by the doctrines of laches and unclean hands.

**AS FOR A TWENTY-NINTH**
**DEFENSE, MERCK ALLEGES**:

54. With respect to each of Plaintiff's claims, all product(s) which are the subject matter of this action were prepared by Merck and provided by Merck, including their labels and packaging, pursuant to the approval of the appropriate federal agencies and applicable statutes and regulations; approval of preparation of said product(s) was obtained in compliance with all requirements pertaining to the preparation and/or distribution of such product(s) and was accomplished pursuant to acceptable standards of conduct.

**AS FOR A THIRTIETH**
**DEFENSE, MERCK ALLEGES**:

55. At all times relevant herein, any product(s) which are the subject matter of

DORSEY &
WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

this action processed and distributed by Merck in the State of Alaska or in the United States were processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further were processed and distributed in accordance with and pursuant to all applicable regulations of the federal Food and Drug Administration.

**AS FOR A THIRTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

56. Plaintiff may be barred, in whole or in part, from pursuing this action because of the existence of a prior pending action in another court.

**AS FOR A THIRTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

57. Plaintiff's tort-based claims are barred by the economic loss doctrine.

**AS FOR A THIRTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

58. Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

**JURY DEMAND**

Merck demands a trial by jury as to all issues so triable.

DATED this 17th day of January, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By: /s/ Jahna M. Lindemuth

Jahna M. Lindemuth, ABA #9711068
DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
lindemuth.jahna@dorsey.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of January, 2006, a true and correct copy of this document was served on:

James E. Fosler
Fosler Law Group, Inc.
737 West Fifth Avenue, Suite 205
Anchorage, Alaska 99501

W. Mark Lanier
Richard Meadow
Lawrence P. Wilson
The Lanier Law Firm
6810 FM 1960 West
Houston, Texas 77069

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.

/s/ Jahna M. Lindemuth
Jahna M. Lindemuth, ABA #9711068
Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557