# TAB 6



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1173551 (D.Kan.)
(Cite as: 2002 WL 1173551 (D.Kan.))

Page 1

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Kansas.
Joanne KNEAREM, Individually and on behalf of all other similarly situated,
Plaintiff,
v.
BAYER CORPORATION and Bayer AG, a German Corporation, Defendants.
**Civil Action 02-2096-CM.**

May 7, 2002.

MEMORANDUM AND ORDER

CARLOS MURGUIA, District Judge.

*1 On January 14, 2002, plaintiff filed this putative class action in the District Court of Johnson County, Kansas. On March 4, 2002, defendants removed this case to federal court. On March 13, 2002, plaintiff filed a Motion to Remand. This matter is before the court on Defendant Bayer Corporation's Motion for Stay of All Pretrial Proceedings Pending Transfer to Multidistrict Proceedings or, in the Alternative, Pending Decision by the United States Supreme Court (Doc. 8).

This purported class action brought against Bayer Corporation is one of more than two hundred pending federal cases, nearly half of which are purported class actions, involving the prescription drug Baycol®. On December 18, 2001, the Judicial Panel on Multidistrict Litigation (JPML) consolidated for pretrial proceedings all federal actions involving Baycol® before Judge Michael Davis in the United States District Court for the District of Minnesota. On April 3, 2002, the JPML ordered a conditional transfer of this case to the District of Minnesota.

Defendant Bayer Corporation requests an order staying all pretrial proceedings in this case pending the decision to transfer this case to the Baycol® Multidistrict Litigation (Baycol® MDL). Plaintiff objects to a stay and instead requests that the court rule on its Motion to Remand. In support, plaintiff cites to *Aetna U.S. Healthcare, Inc. v. Hoescht Aktiengesellschaft,* 54 F.Supp.2d 1042 (D.Kan.1999). In *Aetna,* the court found that little would be gained by a stay of the decision to remand and, accordingly, ruled on plaintiff's motion to remand despite defendants' pending motion to consolidate to multidistrict litigation.

The instant case is, however, distinguishable from *Aetna.* In this case, the central issue regarding a decision to remand involves a determination of the amount in controversy. Specifically at issue in this case is whether plaintiff's request for future medical monitoring is considered injunctive relief and, if so, whether it is appropriate to consider the cost to defendant of injunctive relief as a whole in evaluating the amount in controversy. At present, there is no controlling authority resolving the issue and it appears there is a split among various circuits and district courts. However, the Supreme Court recently granted certiorari in *In re Ford Company/Citibank,* 264 F.3d 952 (9th Cir.2001), cert. granted sub nom, *Ford Motor Company v. McCauley,* 122 S.Ct. 1063 (2002), on a question concerning the valuation of injunctive relief for purposes of determining the amount in controversy under 28 U.S.C. § 1332. A decision by the Supreme Court in *Ford Motor Company v. McCauley* likely would impact a determination of the amount in controversy in the present case.

The court concludes that judicial economy is best served by staying this litigation pending a resolution of the conditional order to transfer. Granting a stay of this litigation avoids the possibility of inconsistent pretrial rulings. Then, if this case ultimately is transferred, Judge Davis can decide for all cases involved in the Baycol® MDL whether the jurisdictional requirements are satisfied. Moreover, at that time, Judge Davis may have the benefit of a decision by the Supreme Court in *Ford Motor Company v. McCauley.* Thus, a stay of this litigation will serve the interests of justice, promote judicial economy, and prevent the parties from incurring unnecessary litigation costs in the meantime.

*2 IT IS THEREFORE ORDERED that Defendant Bayer Corporation's Motion for Stay of All Pretrial Proceedings Pending Transfer to Multidistrict Proceedings or, in the Alternative, Pending Decision

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2002 WL 1173551 (D.Kan.)  
**(Cite as: 2002 WL 1173551 (D.Kan.))**

Page 2

by the United States Supreme Court (Doc. 8) is granted. This action is hereby stayed pending a decision by JPML whether to transfer this case to Baycol® MDL.

Not Reported in F.Supp.2d, 2002 WL 1173551 (D.Kan.)

**Motions, Pleadings and Filings (Back to top)**

• 2:02cv02096 (Docket) (Mar. 04, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.