# TAB 7



Slip Copy
Slip Copy, 2005 WL 2373440 (W.D.Tenn.)
(Cite as: 2005 WL 2373440 (W.D.Tenn.))

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
W.D. Tennessee, Western Division.
Tracy GOREA, on behalf of himself and all others similarly situated Plaintiffs,
v.
THE GILLETTE COMPANY, Defendant.
**No. 05-2425 MP.**

Sept. 26, 2005.
Arthur E. Horne, III, Murray B. Wells, Horne Gilluly & Wells, PLLC, Frank L. Watson, III, William F. Burns, Watson Burns, LLC, Memphis, TN, for Plaintiffs.

Robb S. Harvey, Waller Lansden Dortch & Davis, Nashville, TN, for Defendant.

ORDER GRANTING DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS

PHAM, Magistrate J.

*1 Before the court is Defendant The Gillette Company's ("Gillette) Motion to Stay All Proceedings Pending Litigation Decision By The Judicial Panel on Multidistrict Litigation to Transfer Action, filed July 26, 2005 (dkt # 8). Plaintiff Tracy Gorea filed his response in opposition on August 5, 2005. Gillette filed a reply on August 12, 2005. For the following reasons, the motion is GRANTED.

I. BACKGROUND
On June 9, 2005, Gorea filed a complaint against Gillette, alleging that Gillette violated Tennessee common law and provisions of the Tennessee Consumer Protection Act, and a Motion for Class Certification. On the same day, a plaintiff ("Massachusetts plaintiff") in a related action against Gillette pending before the United States District Court for the District of Massachusetts, filed a Motion for Transfer and Coordination or Consolidation ("motion for transfer") with the Judicial Panel on Multidistrict Litigation ("JPMDL"). The JPMDL has scheduled a hearing on the motion for transfer for September 29, 2005.

In its motion, Gillette asks the court to stay all proceedings in Gorea's case while the parties await the JPMDL's decision on the motion to transfer. Gillette argues that proceeding with the litigation in this district would frustrate the policies that underlie 28 U.S.C. § 1407. Gorea does not oppose a temporary stay of discovery, but contends that Gillette should be required to respond to his complaint and motion for class certification, and that the court should rule on the issue of class certification before a stay of litigation.

II. ANALYSIS
A district court's power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. American Water Works & Elec. Co.,* 299 U.S. 249, 254 (1936). When considering a motion to stay a lawsuit, the court must "weigh competing interests and maintain an even balance." *Id.* at 255-56.

As this case was filed originally in federal court, this motion does not present the court with the more common issue of whether the court should rule on a pending motion to remand before it considers whether to stay the litigation until the JPMDL rules on a motion to consolidate and transfer. *See, e.g., Sherwood v. Microsoft Corp.,* 91 F.Supp.2d 1196, 1199 (M.D.Tenn.2000); *Farkas v. Bridgestone/Firestone, Inc.,* 113 F.Supp.2d 1107, 1115 (W.D.Ky.2000); *Weinke v. Microsoft Corp.,* 84 F.Supp.2d 989, 990 (E.D.Wisc.2000); *D's Pet Supplies, Inc. v. Microsoft Corp.,* No. 99-76056, 2000 U.S. Dist. LEXIS 16482, at *3 (E.D.Mich. Feb. 7, 2000) (unpublished); *Villarreal v. Chrysler Corp.,* No. C-95-4414, 1996 WL 116832, at *1 (N.D.Cal. Mar.12, 1996) (unpublished). Thus, the question of federal jurisdiction--and whether the court has jurisdiction to issue a stay--is not before the court.

The court finds that the requested stay is necessary and appropriate under the circumstances, for the same reasons stated in this court's order in a similar case pending in this district, *Holley Moore et al. v. The Gillette Company,* No. 05-1153, Order Granting Defendant's Motion to Stay and Denying Gorea's Motion to Consolidate and to Appoint Interim Class Counsel (W.D.Tenn. Sept. 9, 2005) (Todd, C.J.).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2005 WL 2373440 (W.D.Tenn.)
**(Cite as: 2005 WL 2373440 (W.D.Tenn.))**

Page 2

Although Gorea argues that, unlike the plaintiff in *Moore*, he opposes the motion to transfer, this argument is inconsistent with the record, which indicates that no such objection has been timely filed with the JPMDL, and thus Gorea has apparently acquiesced to the motion to transfer. *See* R.P.J.P.M.L. 7.2(c) ("Within twenty days after filing of a motion, all other parties shall file a response thereto. Failure of a party to respond to a motion shall be treated as that party's acquiescence to the action requested in the motion."). In any event, even if Gorea had in fact properly opposed the motion to transfer, the court nevertheless concludes that a stay is warranted in this case. Any prejudice to Gorea resulting from a stay would be minimal, whereas without a stay, the burden on Gillette of having to respond to the complaint and motion for class certification, as well as having to potentially engage in limited discovery on class certification issues, would be significant. Moreover, the court would have to use judicial resources in making rulings on the motion for class certification and related class discovery disputes in a case over which it might ultimately lose jurisdiction.

### III. CONCLUSION

*2 For the reasons above, the Defendant's Motion to Stay All Proceedings Pending Litigation Decision By The Judicial Panel on Multidistrict Litigation to Transfer Action is GRANTED. All proceedings in this action are hereby STAYED until the JPMDL rules on the motion to transfer.

If the JPMDL rules that the instant action shall be transferred out of this district, the conduct of further proceedings shall be determined by the transferee court. If the motion to transfer this action is denied, Gillette shall have twenty (20) days to respond to the complaint.

IT IS SO ORDERED.

Slip Copy, 2005 WL 2373440 (W.D.Tenn.)

**Motions, Pleadings and Filings (Back to top)**

• 2:05cv02425 (Docket) (Jun. 09, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.