# TAB 8

Westlaw.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2002 WL 31114069 (N.D.Tex.)  
(Cite as: 2002 WL 31114069 (N.D.Tex.))

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, N.D. Texas, Dallas Division.  
U.S. BANK, NATIONAL ASSOCIATION as Trustee, and Bluebonnet Savings Bank FSB, Plaintiffs,  
v.  
ROYAL INDEMNITY COMPANY, Defendants.  
No. CIV.A.3:02-CV-0853-P.

Sept. 23, 2002.

Defrauded investor brought action against bankrupt investment seller's surety. On surety's motion to stay pending multidistrict litigation, the District Court, Solis, J., held that stay was warranted.

Motion granted

West Headnotes

Action 69(5)  
13k69(5) Most Cited Cases  
Stay of defrauded investor's suit against investment seller's surety was warranted pending ruling on surety's motion to consolidate action with five related actions brought by other investors in other federal district courts; requiring surety to proceed with multiple suits would cause hardship, while availability of prejudgment interest assured that investor would be compensated for any delay.

MEMORANDUM ORDER AND OPINION

SOLIS, District J.

*1 Presently before the Court is:  
1. Defendant's Motion to Stay Proceedings Pending Multidistrict Litigation filed July 23, 2002, with supporting Brief and Appendix, and Response and Reply thereto,  
2. Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion to Stay, filed September 11, 2002, and Response thereto, and  
3. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, filed September 9, 2002, with supporting Brief.

After careful consideration of the parties' briefs, and the applicable law, the Court hereby GRANTS Defendant's Motion to Stay Proceedings Pending Multidistrict Litigation, STAYS Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, and DENIES Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion to Stay.

BACKGROUND

On July 15, 2002, Royal Indemnity Company ("Royal") submitted a Motion to Transfer and Consolidate ("MDL Motion") this action, and nine other actions with the Judicial Panel on Multidistrict Litigation ("JPML"). The related actions are pending before five different federal district courts. Defendants contend that all of the related actions arise from a complicated Ponzi scheme operated by Commercial Money Center, Inc. ("CMC"). In this action, Bluebonnet Savings Bank FSB ("Plaintiff" or "Bluebonnet") sued Royal, as did various other plaintiffs around the country, claiming Royal had to make Plaintiff whole for losses incurred as a result of CMC's scheme.

CMC originated leases, then pooled the leases and assigned the rights to the monthly lease payments to investors, such as Plaintiff. Def.'s Mot. to Stay at 2. Before selling the lease pools, CMC obtained lease bonds from surety companies, including Royal. Id. In April 1998, Plaintiff purchased the right to monthly lease payments for certain lease pools from CMC. Id. In November 2000, Royal issued lease bonds in favor of CMC. Pl.'s Rsp. to D.'s Mot. to Stay at 3. In December 2001, CMC defaulted on the lease pools. Royal began receiving demands from investors, including Plaintiff, for payment under the bonds.

Royal filed suit against CMC in the Southern District of California. Thereafter, Royal alleges that it discovered that most of CMC's leases were fraudulent. CMC filed for bankruptcy, and Royal has been sued in various courts around the county regarding recovery on these bonds. Because of Royal's contention that the CMC program lies at the heart of the allegations country wide, and at the heart of Royal's defenses to all of the Plaintiffs' claims, Royal filed a motion with the JPML to transfer and consolidate this action with the nine other similar actions pending around the country. Accordingly,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 31114069 (N.D.Tex.)
(Cite as: 2002 WL 31114069 (N.D.Tex.))

Page 2

Royal filed this Motion to Stay Proceedings Pending Multidistrict Litigation.

### DISCUSSION
### A. DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING MULTIDISTRICT LITIGATION MOTION

Royal filed this motion after repeated attempts to reach an agreement with Plaintiff as to staying the proceedings in this Court pending an outcome from the JPML. While Royal claims that Plaintiff was unwilling to agree to a stay, Plaintiff, in their Response to Defendant's Motion to Stay Proceedings, does in fact agree to a partial stay on the issue of discovery. Because this stay on discovery is unopposed, the Court GRANTS Defendant's Motion to stay discovery.

*2 However, Plaintiff opposes Defendant's request to stay all proceedings. The Court has sole discretion to stay discovery proceedings. *In re Air Crash Disaster at Paris, France on March 3, 1974*, 376 F.Supp. 887, 888 (J.P.M.L.1974). The Court in *Trinity Industries* in examining a motion to stay, considered (1) the hardship and inequity to the moving party if the action is not stayed, (2) the potential prejudice to the non-moving party, and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *Trinity Industries, Inc. v. 188 L.L.C.*, 2002 U.S. Dist. LEXIS 10701 at *7-9 (N.D.Tex. Jun. 13, 2002).

The undue hardship that Royal contends it will suffer is enormous waste of time, money, and judicial resources associated with repetitive and overlapping discovery, as well as undue hardship on the parties and witnesses. This Court agrees that if Royal is forced to conduct discovery and file dispositive motions with the Court, that an excessive amount of time, money and energy could potentially be wasted.

Furthermore, Plaintiff alleges that it will suffer undue hardship if the stay is granted; Plaintiff states that if this Motion is granted, that is "one less day [plaintiff] has the monetary resources at its disposal that Royal owes under the lease bonds." Pl.'s Rsp. to Def.'s Mot to Stay at 6. However, Royal notes that the only remedy Plaintiff seeks is monetary damages, including pre-judgment interest. Def's Mot. to Stay at 7. Thus, if Plaintiff proves its allegations, it will be fully compensated for any delay caused by the brief stay requested.

Finally, the Court recognizes that by granting the stay, the Court will avoid the unnecessary waste of judicial resources if the MDL Motion is ultimately granted. If the MDL Motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted.

Thus, the Court GRANTS Defendant's Motion to Stay Proceedings Pending Multidistrict Litigation.

### B. DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT'S MOTION TO STAY

Defendant filed its Motion to Dismiss Plaintiff's First Amended Complaint on September 9, 2002. On September 10, 2002, Plaintiff filed Clerk's Entry of Default, Request for Default Judgment and Proposed Final Judgment. On September 11, 2002, Plaintiff filed its Motion for Leave to File Sur-Reply to Defendant's Motion to Stay. On September 12, 2002, Plaintiff filed Notice of Withdrawal of Request for Entry of Default Judgment.

Notwithstanding Defendant's Motion to Stay, Defendant filed its Motion to Dismiss. Included as Exhibit A to Defendant's Motion to Dismiss was a copy of the letter sent to Defendant by Plaintiff informing Defendant that if Defendant did not file an answer by September 9, 2002, Plaintiff would file Clerk's Entry of Default, Request for Default Judgment and Proposed Final Judgment, apparently unconcerned that the Court would be deciding Defendant's Motion to Stay at that time. Thus, Defendant filed its Motion to Dismiss in lieu of answering, avoiding the necessity of Plaintiff's Default actions. However, despite the fact that Plaintiff knew Defendant filed its Motion to Dismiss, Plaintiff nonetheless filed Clerk's Entry of Default, Request for Default Judgment and Proposed Final Judgment, apparently unconcerned about wasting the Court's time. [FN1] Subsequently, at the insistence of Defendant, Plaintiff withdrew its request for entry of default two days later.

> FN1. Defendant's Response and Opposition to Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion to Stay states that with Plaintiff's full knowledge that Defendant filed its Motion to Dismiss on September 9, 2002, Plaintiff nonetheless filed request for default on September 10, 2002.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 31114069 (N.D.Tex.)
(Cite as: 2002 WL 31114069 (N.D.Tex.))

Page 3

*3 After Defendant filed its Motion to Dismiss, Plaintiff filed a Motion for Leave to File Sur-Reply to Defendant's Motion to stay, claiming that "Royal's Motion to Dismiss asserts a position diametrically opposed to the relief requested in its Motion for Stay ." Letter to Court from Plaintiff dated Sept. 11, 2002. Plaintiff further stated that in light of Royal's exceptional action of seeking dispositive relief that directly undermined its arguments in favoring a stay, plaintiff sought leave to file a sur-reply. *Id.*

The Court can clearly see that Defendant filed its Motion to Dismiss, notwithstanding its Motion to Stay, in response to Plaintiff's threat of impending filing of Clerk's Entry of Default, Request for Default Judgment and Proposed Final Judgment. It seems to the Court that Defendant's actions are not so "diametrically opposed" to its position taken in its Motion to Stay, but taken to head off the unnecessary paper filed with the Court, which was nonetheless unnecessarily filed.

Accordingly, the Court STAYS Defendant's Motion to Dismiss, as well as all other proceedings in this matter. Likewise, the Court DENIES Plaintiff's Motion for Leave to File Sur-reply to Defendant's Motion to Stay.

CONCLUSION

Accordingly, after careful consideration of the parties' briefs, and the applicable law, the Court hereby GRANTS Defendant's Motion to Stay Proceedings Pending Multidistrict Litigation, STAYS Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, and DENIES Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion to Stay.

IT IS SO ORDERED

Not Reported in F.Supp.2d, 2002 WL 31114069 (N.D.Tex.)

**Motions, Pleadings and Filings (Back to top)**

• 3:02cv00853 (Docket) (Apr. 24, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.