**MDL 1657**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 1 2005

FILED
CLERK'S OFFICE

*DOCKET NO. 1657*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE VIOXX PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in the 30 actions listed on Schedule A to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Merck & Co., Inc., favors inclusion of these actions in MDL-1657 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Any pending motions to remand to state court can be presented to and decided by the transferee judge. See, e.g., *In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Vioxx. See *In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352 (J.P.M.L. 2005).

To the Ohio plaintiff who argues that she does not have the resources to litigate this matter in the Eastern District of Louisiana, we emphasize that since Section 1407 transfer is for pretrial proceedings, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. See, e.g., Fed.R.Civ.P. 45(c)(3)(A). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. And it is logical to assume that prudent counsel will combine their forces and

---

* Judge Motz took no part in the decision of this matter.

B
1-4

IMAGED AUG 1 1 2005

- 2 -

apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary. This streamlining combined with the uniform case management approach already instituted by the transferee judge will foreseeably lead to an overall savings in transaction costs. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415, 422 (J.P.M.L. 1991).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

# SCHEDULE A

<u>MDL-1657 -- In re Vioxx Products Liability Litigation</u>

### Northern District of California

*Vick Kargodorian v. Merck & Co., Inc., et al.*, C.A. No. 3:05-937
*Nora Olson, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-1256

### Southern District of California

*Robert V. Purcell v. Merck & Co., Inc., et al.*, C.A. No. 3:05-443

### District of Connecticut

*JoAnn Malek v. Eric Rosenberg, M.D., et al.*, C.A. No. 3:05-543

### Middle District of Florida

*Migna Serrano, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-170
*Conchita Merced-Torres, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-449
*Samuel Diaz, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-472
*Wayne Vigil, et al. v. Merck & Co., Inc., et al.*, C.A. No. 8:05-223

### Southern District of Illinois

*Helen Wood v. Merck & Co., Inc., et al.*, C.A. No. 3:05-168

### Eastern District of Missouri

*Curt Meng, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-194
*Ronald Colbert, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-195
*Carver Black, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-297
*John Hodges, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-302
*Renee Lockett, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-304
*LeJuana Young, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-309
*Kathryn Pueser, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-430
*Chris Piechoinski, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-431
*Lorraine Phillip, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-433
*Barbara O'Bannon, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-434
*Mary Miles, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-435
*Jeffrey McDaniel, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-436
*Louise McCarter, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-437

- A2 -

#### Eastern District of Missouri [continued]

*Norma Hubbard, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-438
*Delores Holmes, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-439
*Terry Frame, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-440
*Jane Cavins, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-441
*Charlesetta Butler, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-442

#### Northern District of Ohio

*Kimberly Kaiser, et al. v. Merck & Co., Inc.*, C.A. No. 1:05-776

#### Western District of Pennsylvania

*Mary Ellen Magnifico v. Merck & Co., Inc.*, C.A. No. 2:05-386

#### Northern District of West Virginia

*William David Lough, et al. v. Merck & Co., Inc., et al.*, C.A. No. 5:05-34