Fax sent by : 2025022888                JUDICIAL PANEL - MDL                09-16-05 15:01    Pg: 2/6

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 13 2005

FILED
CLERK'S OFFICE

# DOCKET NOS. 1657 & 1699

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE VIOXX PRODUCTS LIABILITY LITIGATION
### IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

*James Booker v. Merck & Co., Inc., et al.*, N.D. Texas, C.A. No. 3:05-496

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### ORDER OF TRANSFER WITH SIMULTANEOUS SEPARATION, REMAND AND TRANSFER

Presently before the Panel are four motions relating to this Northern Texas action (*Booker*). The first motion is brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by the *Booker* plaintiff seeking to vacate the Panel's MDL-1657 order conditionally i) transferring *Booker* to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in the Vioxx litigation; and ii) simultaneously separating and remanding claims relating to prescription medications Bextra and Celebrex (manufactured by Pfizer Inc. (Pfizer)) to the Northern District of Texas. The *Booker* health care defendants support this motion. Defendants Pfizer and Merck & Co., Inc. (Merck) oppose the motion and urge effectuation of the Panel's order.

Also before the Panel are three separate motions seeking centralization of *Booker* with other related actions in one federal district for coordinated or consolidated pretrial proceedings relating to Bextra and Celebrex.[1] The *Booker* plaintiff opposes inclusion of his action in any Bextra and/or Celebrex multidistrict proceedings. The *Booker* health care defendants oppose inclusion of *Booker*, or claims relating to Bextra and Celebrex in this action, in any multidistrict docket involving these latter claims. Pfizer opposes i) centralization of the Bextra and Celebrex products liability actions, and ii) inclusion of any Vioxx claims in *Booker* in any Bextra and Celebrex multidistrict proceedings. Merck favors inclusion of claims related to Pfizer's Bextra and Celebrex in *Booker* in multidistrict proceedings involving these medications.

On the basis of the papers filed and hearing session held, the Panel finds that *Booker* involves

---

[*] Judge Motz took no part in the decision of this matter.

[1] Two motions in *MDL-1691 – In re Bextra and Celebrex Products Liability Litigation* seek to include *Booker*, while a third motion seeks to include *Booker* in *MDL-1699 – In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation*.

Exhibit C
Page 1 of 2

SEP 15 2005 15:04                                                   2025022888        PAGE.02

- 2 -

common questions of fact with i) actions in MDL-1657 previously transferred to the Eastern District of Louisiana, and ii) with actions in MDL-1699 recently centralized in the Northern District of California. The Panel further finds that transfer for inclusion in the coordinated or consolidated pretrial proceedings in those two districts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Transfer is also appropriate for reasons expressed by the Panel in its original orders directing centralization in these two dockets. In MDL-1657, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions relating to Vioxx. *See In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352 (J.P.M.L. 2005). Similarly, the Panel held that the Northern District of California was a proper Section 1407 forum for actions relating to Bextra and/or Celebrex. See *In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation*, ___ F.Supp.2d ___; 2005 U.S. Dist. LEXIS ___ (J.P.M.L. Sept. 6, 2005). Plaintiff's motion to remand *Booker* to state court can, in appropriate parts, be presented to and decided by each of the transferee courts. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

To the *Booker* plaintiff and the health care defendants who argue that it is not proper to split *Booker* into multiple pretrial proceedings and/or that they do not have the resources to separately litigate this matter, we emphasize that since Section 1407 transfer is for pretrial proceedings, there is usually no need for the parties and witnesses to travel to the transferee districts for depositions or otherwise. *See, e.g.,* Fed.R.Civ.P. 45(c)(3)(A). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee districts. And it is logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary. This streamlining combined with uniform case management approaches instituted or anticipated in these multidistrict proceedings will foreseeably lead to an overall savings in transaction costs. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415, 422 (J.P.M.L. 1991).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in MDL-1657 – *In re Vioxx Products Liability Litigation*. The claims relating to Pfizer's Bextra and Celebrex prescription medications are separated and remanded, pursuant to 28 U.S.C. § 1407(a), to the Northern District of Texas.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the resulting Texas action involving claims relating to Bextra and Celebrex is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for inclusion in the coordinated or consolidated pretrial proceedings occurring there in MDL-1699 – *In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation*.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman