W. Mark Lanier
Kevin P. Parker
Richard Meadow
Lawrence P. Wilson
THE LANIER LAW FIRM[1]
6810 FM 1960 West
Houston, Texas 77069
Telephone: (713) 659-5200
Fax: (713) 659-2204

James E. Fosler
Alaska Bar No. 9711055
FOSLER LAW GROUP, INC.
737 West Fifth Ave., Suite 205
Anchorage, Alaska 99501
Telephone: (907) 277-1557
Fax: (907) 277-1657

Attorneys for STATE OF ALASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| STATE OF ALASKA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:06-CV-00018 (TMB) |
| | ) | |
| vs. | ) | |
| | ) | |
| MERCK & CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## THE STATE OF ALASKA'S MOTION TO REMAND

Comes now Plaintiff, the State of Alaska ("Alaska"), and files this Motion to Remand, showing as follows:

## PRELIMINARY STATEMENT

1.       Alaska filed this case against Merck pursuant to its Unfair Trade Practices and Consumer Protection Act seeking statutory damages and penalties from Merck arising from its marketing and sale of Vioxx to both the citizens and state of Alaska.  The suit contains no federal claims and relies on no federal laws.  Nevertheless, in an attempt to manipulate this case into the federal Vioxx multi-district litigation, Merck has removed the case to this Court and asked the Court to stay all proceedings in the case until it can be transferred into the multi-district litigation.  Thus, Merck asks the Court not to consider its own subject matter jurisdiction with the hope of delaying this case until some unknown date in the future when the multi-district transferee court can rule on Alaska's motion to remand.  Merck supports this position with a meritless assertion of subject matter jurisdiction which contravenes both established and recent supreme court precedent.  Because there is no federal question jurisdiction in this case, this Court should expeditiously remand the case to the Alaska state courts.

## STATEMENT OF FACTS

2.       Alaska filed this case against Merck on December 23, 2005, in the Superior Court for the State of Alaska, Third Judicial District at Anchorage.  Alaska's complaint alleges that Merck's conduct in marketing Vioxx to Alaska physicians and citizens and selling Vioxx in Alaska is in violation of Alaska's Unfair Trade Practices and Consumer

---

Continued from the previous page
[1] *Pro hac vice* applications are being prepared for The Lanier Law Firm lawyers and will be filed shortly.

Protection Act, AS 45.50.471, *et seq*. Specifically, Alaska contends that Merck represented

to Alaska and to physicians and the public in Alaska that Vioxx had characteristics, uses and

benefits which it did not have in violation of AS 45.50.471(b)(4); that Merck advertised

Vioxx with the intent not to sell it as advertised in violation of AS 45.50.471(b)(8); that

Merck engaged in conduct creating a likelihood of confusion or misunderstanding which

misled, deceived or damaged buyers of Vioxx which included Alaska in violation of AS

45.50.471(b)(11); that Merck used and employed deception, fraud and misrepresentation to

further the sales of Vioxx, and that it knowingly concealed, suppressed, and omitted material

fact regarding Vioxx in violation of AS 45.50.471(b)(12).  Complaint ¶¶13-17.  Alaska's

complaint also alleges that Merck made false statements of material fact concerning the

safety of Vioxx to the Alaska Medicaid program and that Merck made claims under the

Alaska Medicaid program for a substantially inadequate and inappropriate product, all in

violation of Alaska's Unfair Trade Practices and Consumer Protection Act.  *See* Complaint

¶¶18-19.  Alaska's complaint asked for money damages, restitution damages, civil penalties,

treble damages and punitive damages, and attorney's fees.

    3.     On January 17, 2006, Merck removed this case alleging the existence of federal

question jurisdiction.  Because such jurisdiction is lacking, Alaska now moves to remand.

## ARGUMENT

    4.     28 U.S.C. §1331 provides the federal courts with jurisdiction over claims

"arising under the constitution, laws or treaties of the United States."  In construing this

provision, the supreme court has recognized that it creates federal subject matter jurisdiction when the well-pleaded complaint establishes either that the federal laws create the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Merrell-Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807 n.2; *Franchise Tax Board of Calif. v. Construction Laborers Vacation Trust for Southern Calif.*, 463 U.S. 1, 27-28 (1983). Because Congress intended to restrict the jurisdiction of federal courts on removal, the removal statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). As the removing party, Merck has the burden of showing that the removal was proper and that this Court has federal question jurisdiction. *Id.*

A.  ***Grable Sons Metal Products v. Darue Engineering & Manufacturing.***

5.    In asserting the existence of federal question jurisdiction in this case, Merck relies extensively on *Grable Sons Metal Products Inc. v. Darue Engineering & Manufacturing*, 125 S.Ct. 2363 (2005). In *Grable*, the plaintiff, a delinquent federal tax payer, brought suit to quiet title to land which the IRS had seized from it and sold to the defendant, Darue. *Id.* at 2366. The basis of this challenge was that the IRS failed to give Grable notice of seizure of the property in the manner required by 26 U.S.C. §6335(a). Therefore, Grable, as an element of its cause of action, was required to prove that the IRS did

not comply with a federal statute.  The defendant removed the case on the basis of federal question jurisdiction, and Grable filed a motion for remand.

6.    The supreme court held that the trial court properly exercised federal question jurisdiction.  The court held that even in cases where the basic claim is a state law claim (*e.g.,* a suit to quiet title) federal jurisdiction can still exist when "the state law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 125 S.Ct. at 2368.

7.    In its determination that federal question jurisdiction existed, the court first identified the stated federal issue as whether Grable was given notice of the seizure of his property as required by a federal statute, 28 U.S.C. §6335(a).  *Id.* at 2368.  The court then recognized that the IRS's noncompliance with the federal statutory requirements for notice was an essential element of Grable's state law title claim.  *Id.*  In other words, Grable could not prevail in its claim without proving improper notice under the federal statute.  Next, in determining whether the federal issue was substantial, the court noted that it appeared to be the only legal or factual issue which was contested in the case, and further explained that the meaning of the federal tax provision was an important issue of federal law because of the government's strong interest in the prompt and certain collection of delinquent taxes and its similarly strong interest in having the ability to satisfy its claims from the property of delinquent tax payers.  *Id.*

8.    The court then considered the question of whether its assertion of jurisdiction would disturb the congressionally approved balance of federal and state judicial responsibility.  In conducting this analysis, the court distinguished *Grable* from *Merrell-Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986), in which the court refused to accept jurisdiction over state law claims against a pharmaceutical manufacturer which were based in part on the manufacturer's violation of federal pharmaceutical labeling laws.  The court recognized that assertion of jurisdiction in a case like *Merrell-Dow* would greatly expand the jurisdiction of federal courts in product liability actions but that it would not do so in *Grable* because state quiet title actions involving contested issues of federal law are rare.  *Id.* at 2370-71.  Because Grable's state law claim met all of these requirements, the supreme court affirmed the decisions of the trial court and court of appeals that federal question jurisdiction existed over Grable's quiet title action.

9.    Merck employs an expansive reading of *Grable* to assert that federal question jurisdiction exists in this case.  First, it contends that federal question jurisdiction exists because the plaintiff's claims are implicitly premised on alleged violations of the Federal Food, Drug and Cosmetic Act.  Notice of Removal ¶¶11-14.  Second, Merck contends that federal question jurisdiction exists because the plaintiff's claims implicate substantial questions of federal law under the Federal Medicaid Statute.  Notice of Removal ¶¶15-22.  Neither of these arguments support the existence of federal question jurisdiction in this case.

**B.    There Is No Federal Question Jurisdiction Under the FDCA.**

10.    Merck contends that federal question jurisdiction exists since Alaska's claims are implicitly based on Merck's failure to comply with the Federal Food, Drug and Cosmetic Act ("FDCA").  The supreme court rejected this argument in *Merrell-Dow*.  In *Merrell-Dow*, the plaintiffs filed suit against Merrell-Dow for injuries resulting from the ingestion of Benedictine.  Their claims were based on common law theories of negligence, breach of warranty, strict liability, fraud, and gross negligence.  In addition, they alleged that the drug Benedictine was misbranded in violation of the FDCA because its warning was inadequate. Merrell-Dow removed the case alleging the existence of federal question jurisdiction based on the FDCA allegation.  The district court denied the plaintiff's motion for remand and then dismissed the case on the grounds of *forum non conveniens*.  On appeal, the Sixth Circuit reversed and held that the trial court lacked federal question jurisdiction.  The supreme court granted *certiorari* and affirmed, also concluding that the trial court lacked federal question jurisdiction.

11.    *Merrell-Dow* argued that federal courts had jurisdiction based upon the plaintiffs' assertion of a violation of the FDCA and the statement in *Federal Tax Board, supra* that federal question jurisdiction is appropriate when it appears that some substantial disputed question of federal law is a necessary element of one of the well-pleaded state claims. *Merrell-Dow*, 478 U.S. at 813.  The supreme court rejected this argument and instead held that the determination by Congress that there should be no federal cause of action under

the FDCA was tantamount to a determination by Congress that the claimed violations of the statute were not sufficiently substantial questions of federal law so as to support the exercise federal question jurisdiction. *Merrell-Dow*, 478 U.S. at 814.

12.    In *Grable*, the court embraced *Merrell-Dow*'s refusal to assert federal question jurisdiction in pharmaceutical cases based upon the FDCA and explained the holding in *Merrell-Dow* as follows:

> The absence of any federal cause of action [for FDCA violations] affected Merrell-Dow's result two ways. The court saw the fact as worth some consideration in the assessment of substantiality. But its primary importance emerged when the court treated the combination of no federal cause of action and no pre-emption of state remedies for misbranding as an important clue to Congress' conception of the scope of jurisdiction to be exercised under §1331.
>
> . . .
>
> A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts. Expressing the concern over the "increased volume of federal litigation," and noting the importance of adhering to "legislative intent," *Merrell-Dow* thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state law tort case implicating federal law "solely because the violation of the federal statute is said to create a rebuttable presumption of negligence."

*Grable*, 125 S.Ct. at 2370-71.

13.    *Merrell-Dow* and *Grable* require rejection of Merck's argument that the FDCA creates federal jurisdiction in this case. In *Merrell-Dow*, the plaintiffs alleged that violations of the FDCA created a rebuttable presumption of negligence. Alaska's complaint contained

no such allegation. While Alaska references the FDCA's letter to Merck, it does so only to provide support for its allegations that Merck was involved in a campaign of misrepresentation in the promotion of Vioxx. Alaska's Complaint ¶10. Even if Alaska's complaint included a negligence *per se* allegation, there would be no federal question jurisdiction under *Merrell-Dow* and *Grable*. Since Alaska's complaint does not contain such an allegation, the case for federal court question jurisdiction is even weaker.

14.     Merck relies on *In re Zyprexa Product Liability Litigation*, 375 F.Supp.2d 170 (E.D.N.Y. 2005), to support its argument that the FDCA provides federal question jurisdiction. In *Zyprexa*, the district court held that *Grable* did not explicitly overrule *Merrell-Dow* but that it still required district courts to determine whether *Merrell-Dow* should be distinguished on its facts from other cases alleging FDCA violations. *Zyprexa*, 375 F.Supp.2d at 172-73. In reaching this conclusion, the district court ignored *Grable*'s extensive explanation as to why *Merrell-Dow*'s refusal to embrace federal question jurisdiction in FDCA cases was still correct and was still the law. *See Grable*, 125 S.Ct. at 2370-71 (quoted in part *supra* at ¶12). Further, the court in *Zyprexa* provided no analysis as to whether the violation of the FDCA was an essential element of the plaintiff's claim or whether it presented a substantial and disputed question of law.[2] Since *Zyprexa* contravened *Merrell-Dow* and ignored the supreme court's discussion of *Merrell-Dow* in *Grable*, it can provide no basis for the existence of federal question jurisdiction in this case.

---

[2] These requirements are discussed in connection with this motion for remand at ¶¶ 18-24, *infra*.

15.    *Merrell-Dow* stands for the proposition that federal jurisdiction does not exist in cases alleging violations of the FDCA.  *Merrell-Dow*, 478 U.S. at 814.  *Grable* agreed with this aspect of *Merrell-Dow* and even provided further explanation as to why federal question jurisdiction should not exist under the FDCA in pharmaceutical cases. *Grable*, 125 S.Ct. at 2370-71.  By asking this Court to predicate its jurisdiction on the FDCA, Merck is inviting the Court to ignore *Merrell-Dow* and *Grable*.  This Court should decline that invitation, recognize its lack of jurisdiction, and remand the case to state court.

**C.    There Is No Federal Question Jurisdiction Under the Medicaid Statute.**

16.    Merck next contends that federal question jurisdiction exists because the Alaska's claims implicate substantial questions of federal law under the Federal Medicaid Statute and depend on the interpretation and application of federal statutes governing the establishment of state Medicaid formularies.  Notice of Removal ¶¶15-22.  This argument is not sufficient to support the existence of federal question jurisdiction under *Grable.*

17.    In *Grable,* the court held that state law claims can support the existence of federal question jurisdiction only when: 1) the state law claim raises a stated federal issue; 2) the federal issue is actually disputed and substantial; and 3) the federal forum may entertain the case without disturbing any congressionally approved balance of federal and state judicial responsibilities.  *Grable*, 125 S.Ct. at 2363.  Alaska's complaint does not satisfy any of these requirements.

**1.    Alaska's Complaint Does Not Necessarily Raise a Stated Federal Issue.**

18.    In finding the existence of federal question jurisdiction in *Grable*, the court emphasized the fact that the federal issue was an essential element of the plaintiff's claim. Thus, the court states:

> Grable's state complaint must specify 'the facts establishing the superiority of its claim,' Mich.Ct. Rule 3.411(B)(2)(c)(West 2005), and Grable has premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law.  Whether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim, and the meaning of the federal statute is actually in dispute . . .

*Grable*, 125 S.Ct. at 2368.

19.    In this case, Merck offers no explanation as to how any federal issue becomes an essential element of Alaska's claim.  Indeed, Merck fails to explain with any clarity what the federal issue in this case is.  Merck's notice of removal cites federal statutes which govern the establishment of state drug formularies and the exclusion of drugs from those formularies.  42 U.S.C. §1396r-8(d)(4), (d)(5).  However, Merck offers no explanation as to how compliance with or violation of the cited statutes becomes an essential element of Alaska's claims, nor does it even explain how the statutes create a federal issue in this suit.

20.    *Grable*'s requirement that the federal issue form an essential element of the Plaintiff's claim finds it root in the well-pleaded complaint rule.  Under the well-pleaded complaint rule, federal question jurisdiction must be determined by reference to the well-pleaded complaint and cannot be supported by a defense that raises a federal issue. *Merrell-*

*Dow*, 478 U.S. at 808; *Franchise Tax Board*, 463 U.S. at 10-11.  *Grable* did not in any manner dispatch the requirements that federal jurisdiction be determined by reference to the complaint.  *Grable*, 125 S.Ct. at 2368(referring to Grable's complaint to define the federal issue); *Commonwealth of Kentucky v. Cibahia Tabacos Especias Limitada*, 2005 WL 1868808*2 (E.D.Ky. 2005)(recognizing that *Grable* does not allow the assertion of federal question jurisdiction on the basis of a defense).  To the extent that the cited Medicaid statute has any relevance in this case, it can have relevance only as a defensive matter for Merck,[3] and not as an essential element of the Alaska's claim.  Since federal question jurisdiction cannot be asserted on the basis of a defense, this Court should not rely on the potential application of the Medicaid statute to justify its jurisdiction in this case.

21.    The failure of Merck to establish the Medicaid statute as an essential element of the Alaska's claim distinguishes this case from *County of Santa Clara v. Astra USA Inc.*, 401 F.Supp. 1012 (N.D. Cal. 2005).  In *Santa Clara*, the plaintiff alleged as an element of each of its claims that the defendants charged more for drugs than was allowed by federal law.  Thus, the plaintiff in *Santa Clara* had to prove a federal law violation to recover on its state law claims.  That is not the case here.  Alaska's claims are not premised on the violation of a federal Medicaid statute but premised solely on violation of specific sections of Alaska's Unfair Trade Practices & Consumer Protection Act.  Thus, the Medicaid statute cannot support the assertion of federal question jurisdiction in this case.  Such a view is in accord

---

[3] Indeed, Merck pleads its compliance with federal drug laws a defense in this case.  Answer ¶¶28, 30, 39, 51
Continued on the next page

with numerous cases which have rejected issues relating to the Medicaid statute as a basis for federal question jurisdiction. *State of Minnesota v. Pharmacia Corp.*, 2005 WL 2739297 *3-4 (D.Minn. 2005)(rejecting federal question jurisdiction in action filed by the state of Minnesota under its consumer fraud statute alleging that defendants inflated average wholesale price as defined by Medicare statute); *State of Wisconsin v. Abbott Laboratories*, 390 F.Supp.2d 815 (W.D. Wis. 2005)(rejecting federal question jurisdiction in case alleging fraud based on pharmaceutical charges in excess of the average wholesale price); *State of New York v. Lutheran Center for the Aging*, 957 F.Supp. 393, 398-401 (E.D.N.Y. 1997)(rejecting federal question jurisdiction in suit by state of New York alleging that defendant wrongfully obtained Medicaid benefits); *Commonwealth of Mass. v. Phillip Morris Inc.*, 942 F.Supp. 690 (declining to exercise jurisdiction in suit by state against cigarette manufacturers seeking recovery of Medicaid benefits paid to persons injured by smoking).

22.    In this case, the Medicaid statute does not provide an essential element of the Alaska's claim.   It therefore cannot support this Court's exercise of federal question jurisdiction.

/ / / /

/ / / /

/ / / /

Continued from the previous page
and 54.

**2.    This Case Does Not Involve a Substantial and Disputed Federal Issue.**

23.    Even if Alaska's complaint raised the Medicaid statute as an essential element of its claim, federal jurisdiction would still not exist because Merck has failed to show a substantial and disputed federal issue in this case.  In *Grable*, the court noted that the meaning of the disputed federal statute was the only contested legal or factual issue in the case.  *Grable*, 125 S.Ct. at 2368.  It further explained that the federal government had a strong interest in the collection of its taxes and in its ability to satisfy its tax claims from the property of delinquent tax payers.  *Id*.  Based on this strong interest, the court determined that the construction of the federal tax statute at issue in *Grable* involved a substantial and disputed question of federal law.  *Id.*

24.    *Grable*'s substantiality analysis does not support the exercise of jurisdiction here.  First, Merck has failed to identify what federal issue is involved in this case.  It is therefore impossible to determine whether that issue is disputed.  Second, even if Merck had offered an explanation of what federal issue is raised by the Medicaid statute, it cannot contend that it is the only legal or factual issue in dispute, as was the case in *Grable*.  Indeed, in its answer, Merck denies almost every factual allegation Alaska makes in its complaint.  In addition, Merck raises twenty-eight defenses to Alaska's claims which do not in any manner involve federal law.[4]  Thus, to the extent that the Medicaid statute has any relevance

---

[4] Merck also raises five federal law related defenses.  However, these defenses cannot support the assertion of jurisdiction under the well-pleaded complaint rule.  *Merrell-Dow*, 478 U.S. at 808; *Franchise Tax Board*, 463 U.S. at 10-11.

in this case, it is only one facet of the claim and not sufficient to support the assertion of federal question jurisdiction. *See Snook v. Deutsche Bank Ag.*, 2006 WL 126705 *3 (S.D. Tex. 2006)(declining to assert federal question jurisdiction when federal question was only one facet of plaintiff's claims); *Sheraton v. New Vista LLC*, ___ F.Supp.2d ___, 2005 WL 209898 *4 (W.D. Mich. 2005)(same); *Sarentino v. American Airlines Inc.*, 2005 WL 2406024 *8 (E.D. Mo. 2005)(same).

25.    Further, Merck has wholly failed to explain how the federal government has a strong enough interest in resolving the unidentified federal Medicaid issue so as to warrant the assertion of federal question jurisdiction. In *Grable*, the court relied on the government's strong need to enforce its tax laws as a basis for federal question jurisdiction. *Grable*, 125 S.Ct. at 2368. Merck offers no similar strong federal interest in this case that would make the federal issues substantial. Since this case does not present substantial and disputed federal issues, it is not subject to this Court's federal question jurisdiction.

**3.    Merck Has Failed to Show that the Exercise of Jurisdiction Will Not Disturb the Congressionally Approved Balance of Federal and State Judicial Responsibility.**

26.    The final question to be resolved in determining the exercise of federal question jurisdiction under *Grable* is whether the assertion of jurisdiction will disturb the congressionally approved balance of federal and state judicial responsibilities. *Grable*, 125 S.Ct. at 2368. In *Grable*, the supreme court emphasized that even if an essential element of the plaintiff's case involved a contested and substantial federal question, federal question

jurisdiction still could not be asserted without an assessment of "any disruptive portent in exercising federal jurisdiction." *Grable*, 125 S.Ct. at 2368.

27.    Since *Grable* involved a state lawsuit to quiet title and since such suits rarely present federal issues, the *Grable* court found that its exercise of jurisdiction would not cause an undue shift in litigation from state to federal courts. *Id.* at 2371.    In this case, Merck offers no analysis as to whether the assertion of federal question jurisdiction would disturb the congressionally approved  balance between state and federal judicial responsibility.  It has therefore not carried its burden of establishing federal question jurisdiction. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

28.    Merck does argue that two other states, Mississippi and Louisiana, have filed cases against it alleging violation of their consumer fraud statutes in connection with Merck's sale of Vioxx.  Notice of Removal ¶1.  Merck does not mention Texas' case against Merck which Merck removed to federal court and which the federal court promptly remanded.  *See State of Texas v. Merck & Co. Inc.*, 385 F.Supp.2d. 604 (W.D. Tex. 2005).  The filing of these claims suggests the strong likelihood that other states will file claims against Merck alleging violations of their own state consumer fraud statutes.  The shifting of all such cases from state to federal courts would work a significant disruption in the division of labor between those courts and thus counsels against the assertion of federal question jurisdiction in this case.  *See State of Wisconsin v. Abbott Labs*, 390 F.Supp.2d 815, 823 (W.D. Wis. 2005)(finding that the shifting of cases filed by states against a pharmaceutical

company from state court to federal court would work a significant disruption in the division of labor between those courts).

## **CONCLUSION**

29.    This Court should grant Alaska's Motion for Remand.  Merck's argument that this Court should exercise federal question jurisdiction because of issues pertaining to the FDCA has been rejected by the United States Supreme Court in *Merrell-Dow*.  Therefore, any assertion of jurisdiction by this Court on that basis would contravene binding supreme court authority.

30.    The Court should likewise reject Merck's assertion of jurisdiction under the federal Medicaid statute.  Merck has failed to show the existence of any federal Medicaid related issue as an essential element of Alaska's claim.  Even if such an issue existed as part of Alaska's claim, Merck has failed to show that it is substantial or disputed.  Finally, Merck has failed to show that the assertion of federal question jurisdiction in this case would not disrupt the congressionally approved balance of federal and state judicial responsibilities.

31.    Since Merck has failed to satisfy the requisites of federal question jurisdiction, this Court should remand this case to the Alaska state courts.

/ / / /

/ / / /

/ / / /

/ / / /

DATED: January 31, 2006.

FOSLER LAW GROUP, INC.

By:   /s/ James E. Fosler
      FOSLER LAW GROUP, INC.
      737 W. 5th Ave., Suite 205
      Anchorage, AK 99501
      Phone: (907) 277-1557
      Fax: (907) 277-1657
      E-mail: jfosler@foslerlawgroup.com
      Alaska Bar No. 9711055

      THE LANIER LAW FIRM
      W. Mark Lanier
      Kevin P. Parker
      Richard Meadow
      Lawrence P. Wilson
      *Pro hac vice* applications being prepared
      6810 FM 1960 West
      Houston, Texas 77069
      Telephone:  (713) 659-5200
      Fax:  (713) 659-2204

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on
the 31st day of January 2006 a true and correct
copy of this document was served on:

Jahna M. Lindemuth
Dorsey & Whitney, LLC
1030 West Fourth Ave., Suite 600
Anchorage, AK 99501

by electronic means through the ECF system,
as indicated on the Notice of Electronic Filing,
or, if not confirmed by ECF, by first class
regular mail.

By:     /s/ James E. Fosler
James E. Fosler, ABA #9711055
Fosler Law Group, Inc.

MOTION TO REMAND

STATE OF ALASKA V. MERCK & CO., INC.

Case No. 3:06-CV-00018 (TMB)