W. Mark Lanier
Kevin P. Parker
Richard Meadow
Lawrence P. Wilson
THE LANIER LAW FIRM[1]
6810 FM 1960 West
Houston, Texas 77069
Telephone: (713) 659-5200
Fax: (713) 659-2204

James E. Fosler
Alaska Bar No. 9711055
FOSLER LAW GROUP, INC.
737 West Fifth Ave., Suite 205
Anchorage, Alaska 99501
Telephone: (907) 277-1557
Fax: (907) 277-1657

Attorneys for STATE OF ALASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MERCK & CO., INC., ) <br> ) <br> Defendant. ) <br> ) | Case No. 3:06-CV-00018 (TMB) |

**THE STATE OF ALASKA'S RESPONSE IN OPPOSITION
TO MERCK'S MOTION TO STAY ALL PROCEEDINGS**

Comes now Plaintiff, the State of Alaska ("Alaska"), and files this Response in Opposition to Merck's Motion to Stay All Proceedings, showing as follows:

## PROCEDURAL BACKGROUND

1. Alaska filed this suit in state court pursuant to its Unfair Trade Practices and Consumer Protection Act. The suit alleged state law claims against Merck arising from its marketing and sale of the painkiller, Vioxx, to the state of Alaska and citizens in the state of Alaska. Alleging that federal question jurisdiction existed over the state law claims, Merck removed the case on January 17, 2006. On the same date, it filed a motion to stay all proceedings pending a transfer decision by the judicial panel on multi-district litigation ("MDL"). Alaska filed its Motion for Remand on January 30, 2006, and now files this Opposition to Merck's Motion to Stay.

## ARGUMENT

2. Merck argues that the granting of a stay in this case is merely a question of judicial economy and potential hardships and conveniences to the parties. Motion to Stay ¶¶5-9. While some cases Merck cites have used that approach, other decisions have employed a more thoughtful analysis when a request for a stay is considered against a countervailing challenge to the trial court's subject matter jurisdiction. In these cases, courts either insist on determining their own subject matter jurisdiction before ruling on a motion for stay or at least engage in a step-by-step analysis designed to balance the fundamental requirement of subject matter jurisdiction against the perceived advantages of multi-district litigation. Under either of these approaches, Merck's request for a stay should be denied.

---

Continued from the previous page
[1] *Pro hac vice* applications are being prepared for The Lanier Law Firm lawyers and will be filed shortly.

3. Courts which insist on fully determining their own subject matter jurisdiction before ruling on a motion for stay find jurisprudential support in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). In *Steel Co.*, the supreme court explained that a court's subject matter jurisdiction should at all times be determined as a threshold matter. Thus, the court stated:

> We decline to endorse such an approach [which allows a court to assume jurisdiction for the purpose of deciding the merits] because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers. This conclusion should come as no surprise, since it is reflected in a long and venerable line of our cases. 'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.' *Ex Parte McCardle*, 7 Wall. 506, 514 (1868). 'On every writ of error or appeal the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself even when not otherwise suggested, and without respect to the relation of the parties to it.' *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900). The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.' *Mansfield C&L M.R. Co. v. Swan*, 111 U.S., 379, 382 (1884).

*Steel Co.*, 523 U.S. at 94-95.

4. Consistent with *Steel Co.*, courts and commentators in the multi-district litigation context recognize that a case cannot be transferred into an MDL proceeding unless the federal courts have subject matter jurisdiction over the case. *BankOhio Corp. v. Fox,* 516 F.2d 29, 32 (6th Cir. 1975); *Sherwood v. Microsoft Corp.,* 91 F.Supp.2d 1196, 1199 (M.D.

Tenn. 2000); 15 CHARLES ALLEN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE §3863 n.1 (2d Ed. 1986); 32 AM. JUR. 2D., *Federal Courts* §1732 (2005); Stanley A. Weigel, *The Judicial Panel on Multi-District Litigation, Transferor Courts and Transferee Courts*, 78 F.R.D. 575, 576 (1978). In light of these principles, many district courts have wholly refused to consider motions to stay or motions to transfer without first determining their own subject matter jurisdiction. *Commonwealth of Pennsylvania v. TAP Pharm. Prod. Inc.*, 2005 WL 2242913 *3 (E.D.Pa. 2005)(concluding that the power to stay is subject to the important limitation of the existence of subject matter jurisdiction); *Farkas v. Bridgestone/Firestone Inc.*, 113 F.Supp.2d 1107, 1115 (W.D. Ky. 2000)(advantages of MDL in cases with common issues must take second place to the question of the court's own subject matter jurisdiction); *Lloyd v. Cabell Huntington Hospital*, 58 F.Supp.2d 694, 696 (S.D.W.Va. 1999)(holding that court cannot stay proceedings in an action in which it lacks subject matter jurisdiction); *Stern v. Mutual Life Ins. Co.*, 968 F.Supp. 637, 639 (N.D. Ala. 1997)(if the court lacks jurisdiction over the action *ab initio*, it is without jurisdiction to enter stay). Following this approach would of course require this Court to deny Merck's motion to stay and to rule on Alaska's motion for remand as a threshold matter.

5.    While an approach which requires a complete resolution of jurisdictional issues before further action is taken is most consistent with the supreme court's admonition in *Steel Co.* that no action can be taken without jurisdiction, not all courts follow this approach.

Merck cites the Court to numerous cases which do not in any manner recognize jurisdictional challenges as an impediment to a transfer to an MDL proceeding. *Hatch v. Merck & Co.*, 2005 WL 2436716 *2 (W.D. Tenn. 2005)(Todd, J.)(staying the case so that the jurisdictional issues could be determined in one proceeding); *Gaffney v. Merck & Co. Inc.*, 2005 WL 170772 *2 (W.D. Tenn. 2005)(Todd, J.)(same); *Walker v. Merck & Co.*, 2005 WL 156839 (S.D. Ill. 2005)(same); *Wilbanks v. Merck & Co. Inc.*, 2005 WL 2234071 *2 (W.D. Tenn. 2005)(Todd, J.)(same). These cases are in accord with the opinion of the judicial multi-district panel that the pendency of motions to remand should not hinder the transfer of cases into the MDL. *In re Vioxx Product Liability Litigation*, 360 F.Supp.2d 352, 354 (J.P.M.L. 2005). Nevertheless, they all assume that the multi-district litigation panel has authority to transfer cases over which it may lack subject matter jurisdiction and thereby invite district courts to commit acts which may later be determined to be void.

  6.  Other jurisdictions, while rejecting the notion that a full federal jurisdictional determination is required, still employ a step-by-step approach which recognizes the importance of jurisdictional inquiry. This approach was cogently explained by the district court in *Meyers v. Bayer AG*, 143 F.Supp.2d 1044 (E.D. Wis. 2001). In *Meyers,* the court declined to hold that it was powerless to stay litigation until it had determined its own jurisdiction and instead adopted a three step approach to resolve the stay/remand issue. *Meyers*, 143 F.Supp.2d at 1047 n.2. The first step in this approach was for the court to make a preliminary assessment of the jurisdictional issue. *Id*. at 1048. If that assessment

suggested that the removal was improper, the court, according to *Meyers*, should promptly complete its consideration and remand the case. If, on the other hand, the jurisdictional issue appeared factually or legally difficult, the court should proceed to the second step, which is to determine whether the jurisdictional issues are identical or similar to jurisdictional issues raised in other cases which have been or may be transferred to the multi-district litigation. *Id.* at 148. Then, if the court finds that the jurisdictional issues are both difficult and similar to jurisdictional issues in cases which have been or may be transferred to the MDL, then the court should reach the motion to stay and decide it on the basis of the interest of judicial economy and the balance of the hardship and potential prejudices to the parties. *Id.* at 1049.

      7.    While the *Myers* approach has not been uniformly embraced, *Commonwealth of Pennsylvania v. TAP Pharm. Prod. Inc.*, 2005 WL 2242913 *3 n.3 (E.D. Penn. 2005)(holding that a full jurisdictional inquiry is required before reaching the motion to stay), it has been used by some of the district courts in the Ninth Circuit to resolve the remand/stay issue. *Edsall v. Merck & Co.*, 2005 WL 1867730 *3 (N.D. Cal. 2005); *Conroy v. Fresh Del Monte Produce Inc.*, 325 F.Supp.2d 1049, 1053 (N.D. Cal. 2004); *Wai Chinn v. Belfer*, 2002 WL 31474189 *3 (D. Ore. 2002). Using the *Meyer* approach in this case should result in a denial of Merck's motion to stay and a remand of this case to Alaska state court because a preliminary assessment of the jurisdictional question reveals that it is easily resolved in favor of a remand to state court for lack of subject matter jurisdiction.

8. As shown by Alaska's Motion to Remand, Merck's claim of subject matter jurisdiction is extremely tenuous. Its argument that jurisdiction exists under the Food Drug and Cosmetic Act was rejected by the supreme court in *Merrell-Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 814 (1986). Merck's argument for jurisdiction under the Medicaid statutes does not satisfy the requirements of *Grable Sons Metal Products Inc. v. Darue Engineering & Manufacturing*, 125 S.Ct. 2363 (2005) that a substantial and disputed issue of federal law must exist as an essential element of the plaintiff's claim in order for a federal court to assert subject matter jurisdiction over a state law claim. *Grable*, 125 S.Ct. at 2368. Since Merck's arguments in favor of federal question jurisdiction fall far short of the requirements of *Merrell-Dow* and *Grable*, this Court can remand the case without granting the stay. Stated another way, Merck's Motion for Stay must be denied based upon the first step of *Meyers*' three step approach, which requires a preliminary assessment of the merits of federal question jurisdiction and a remand if jurisdiction is found not to exist.

## CONCLUSION

9. Because federal courts cannot act in the absence of federal subject matter jurisdiction, this Court should deny Merck's Motion to Stay and should remand this case to state court.

/ / / /

OPPOSITION TO MOTION TO STAY                                STATE OF ALASKA V. MERCK & CO., INC.
Page 7 of 8                                                                  Case No. 3:06-CV-00018 (TMB)

DATED: February 3, 2006.

                          FOSLER LAW GROUP, INC.

By: /s/ James E. Fosler
FOSLER LAW GROUP, INC.
737 W. 5th Ave., Suite 205
Anchorage, AK 99501
Phone: (907) 277-1557
Fax: (907) 277-1657
E-mail: jfosler@foslerlawgroup.com
Alaska Bar No. 9711055

THE LANIER LAW FIRM
W. Mark Lanier
Kevin P. Parker
Richard Meadow
Lawrence P. Wilson
*Pro hac vice* applications being prepared
6810 FM 1960 West
Houston, Texas 77069
Telephone: (713) 659-5200
Fax: (713) 659-2204

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on
the 3st day of February 2006 a true and correct copy of this
document was served on:

Jahna M. Lindemuth
Dorsey & Whitney, LLC
1030 West Fourth Ave., Suite 600
Anchorage, AK 99501

by electronic means through the ECF system,
as indicated on the Notice of Electronic Filing, or, if
not confirmed by ECF, by first class regular mail.

By: /s/ James E. Fosler
James E. Fosler, ABA #9711055
Fosler Law Group, Inc.