Jahna M. Lindemuth, ABA #9711068
DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for
MERCK & CO., INC.

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, | |
| Plaintiff, | Case No. 3:06-CV-00018 (TMB) |
| vs. | |
| MERCK & CO., INC. | |
| Defendant | |

## REPLY IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS

Defendant Merck & Co., Inc. ("Merck") respectfully submits this reply

memorandum in support of its Motion to Stay All Proceedings in this matter.  As set forth

below, the fact that plaintiff has now moved to remand this case to state court merely

confirms the appropriateness of staying this case pending MDL transfer so that the MDL

judge can rule on all pretrial motions – including those raising jurisdictional issues – in a

coordinated manner.  Plaintiff's chief argument in opposition to a stay – that staying a

case is inappropriate when the plaintiff has moved to remand on jurisdictional grounds –

has been flatly rejected by the Judicial Panel on Multidistrict Litigation ("JPML" or the

"Panel"), the MDL judge presiding over the Vioxx® litigation, and scores of federal

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

courts, including many with pending Vioxx cases.  Because the statutory objectives of the

MDL process are best served by staying all proceedings pending MDL transfer, Merck's

motion to stay all proceedings pending MDL transfer should be granted.

## ARGUMENT

As promised in the Notice of Removal, Merck gave notice of this "tag-along" case

to the Judicial Panel on Multidistrict Litigation ("JPMDL") on January 20, 2006.

(**Exhibit 1**)  On February 7, 2006, the JPMDL entered a Conditional Transfer Order

(CTO-40) conditionally transferring this case to the MDL:  "It appears that the actions on

this conditional transfer order involve question of fact which are common to the actions

previously transferred to the Eastern District of Louisiana and assigned to Judge Fallon."

CTO-40, *In re VIOXX Prods. Liab. Litig.*, MDL No. 1657. (**Exhibit 2**)

Most courts, including this one, have recognized that the best way to ensure that

MDL proceedings can achieve their statutory goal of efficient, coordinated proceedings is

by staying all pre-trial activity pending MDL transfer, regardless of whether a remand

motion is pending.  *See Order Granting Defendants' Motion to Stay Proceedings in State

of Alaska Dept. of Rev. v. J. P. Morgan Chase & Co.*, No. J04-0026 CV (D. Ak. Dec. 13,

2004) (**Exhibit 3**) (granting stay despite pending remand motion because "the Court

concludes a brief stay is appropriate to further the interests of judicial economy and to

avoid inconsistent rulings") (internal quotation omitted).  *See also Order Granting

Defendants' Motion to Stay Proceedings in Alaska Permanent Capital Management Co.

v. Citigroup, Inc.*, No. J03-0016 CV (D. Ak. Oct. 7, 2003) (**Exhibit 4**) (same); *Order*

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

REPLY IN SUPPORT OF MOTION TO STAY ALL
PROCEEDINGS
Page 2

STATE OF ALASKA V. MERCK & CO., INC.

Case No. 3:06-CV-00018 (TMB)

*Granting Stay in Alaska Electrical Pension Fund v. Citigroup, Inc.*, No. J03-0014 CV,

slip op. (D. Ak. Sept. 19, 2003) (**Exhibit 5**) (same); *Order Granting Motion to Stay in

State of Alaska Dept. of Revenue v. Citigroup, Inc*., No. A03-0099 CV (D. Ak. June 20,

2003) (**Exhibit 6**) (same).

      In fact, "the general rule is for federal courts to defer ruling on pending motions to

remand in MDL litigation until after the JPMDL has transferred the case to the MDL

[court]." *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067, at

*6 (W.D. Tenn. Apr. 3, 2001) (App. Tab A)[1].  Most courts faced with Vioxx cases

around the country and in this Circuit have agreed, ***staying more than 1,700 Vioxx-

related cases, including nearly 250 with pending remand motions.  See, e.g., Purcell v.

Merck & Co., Inc. et al.,*** No. 05-443-L(BLM), slip op. at 4-5 (S.D. Cal. June 6,

2005)(citations omitted) (where "issue[s] common to several of the cases being

considered for consolidation by the JMPL [are presented in remand motions] . . . [b]y

allowing a single court to determine this issue, judicial resources will be conserved and

the risk of inconsistent rulings is avoided")(App. Tab B); *Lame Bull v. Merck & Co.*, No.

05-2465, 2006 WL 194277, at * 2 (E.D. Cal. Jan. 24, 2006) ("[g]iven the number of cases

that present this exact jurisdictional question and given the growing number of Vioxx

cases being transferred to the MDL proceeding . . . this court follows the many other

district courts in California in finding that the interest of judicial economy favors staying

this action pending its transfer") (App. Tab C); *McCrerey v. Merck & Co.*, No. 04-1576

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

---

[1] Unpublished authorities are included in the Appendix to this reply brief.

WQH(WMc), slip op. at 4-5 (S.D. Cal. March 5, 2005) ("judicial economy and consistency will be best served by a stay, pending transfer decision by the Judicial Panel on Multi-District Litigation") (App. Tab D); *Wright v. Merck & Co., Inc.*, No. 04-3037-PHX-SRB (D. Ariz. Jan. 28, 2005) (granting stay motion pending the JPML's transfer decision despite the pendency of plaintiff's remand motion) (App. Tab E).[2]

A stay is particularly appropriate where, as here, the legal issues raised by plaintiff's remand motion will recur in other cases. The MDL court already has before it two other cases in which State Attorneys General have sued Merck in an attempt to recover the purchase price of Vioxx paid by the States' Medicaid programs. *See Foti v. Merck & Co., Inc.,* No. 05-3700 (MDL No. 1657, E.D. La.) (**Exhibits 7-9**); *Hood, ex rel. v. Merck & Co., Inc.,* No. 05-6755 (MDL No. 1657, E.D. La.) (**Exhibits 10-12**). All three cases assert similar legal theories (*e.g.*, products liability, unjust enrichment, and

---

[2]     *See also Knearem v. Bayer Corp.,* Civil Action No. 02-2096-CM, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002) ("judicial economy is best served by staying this litigation pending a resolution of the conditional order to transfer. Granting a stay . . . avoids the possibility of inconsistent pretrial rulings [because the MDL judge] . . . can decide for all cases involved in the Baycol® MDL whether the jurisdictional requirements are satisfied.") (App. Tab F); *Parisi v. Marsh & McLennan Cos., Inc.,* No. Civ.A. 04-2091-KHV, 2004 WL 1534181, at *1 (D. Kan. Apr. 6, 2004) (granting motion to stay to further the interests of judicial economy despite plaintiff's motion for remand) (App. Tab G); *Michael v. Warner-Lambert Co.,* Case No. 03cv1978 DMS(RBB), 2003 U.S. Dist. LEXIS 21525, at *3-4 (S.D. Cal. Nov. 20, 2003) (staying four cases with remand motions pending transfer to MDL court) (App. Tab H); *Bd. of Trs. of the Teachers' Ret. Sys. of Ill. v. WorldCom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002) ("The question, then, is whether other courts are facing or are likely to face similar jurisdictional issues in cases that have been or may be transferred to a multidistrict proceeding."); *Benjamin v. Bayer Corp.*, Civil Action No. 02-0886 Section: "R", 2002 U.S. Dist. LEXIS 9157, at *5 (E.D. La. May 16, 2002) ("because the issues involved in this remand are likely to be common to other transferred cases, the policies of efficiency and consistency of pre-trial rulings are furthered by a stay of the proceedings") (App. Tab I).

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

REPLY IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS
Page 4

STATE OF ALASKA V. MERCK & CO., INC.

Case No. 3:06-CV-00018 (TMB)

unfair and deceptive trade practices), and all three seek to recover those states'

expenditures for Vioxx on behalf of Medicaid beneficiaries.  (*See Foti* Complaint ¶¶ 28-

62; *id.* Prayer For Relief ¶ 6 (**Exhibit 7**); *Hood* Complaint ¶¶ 7, 81-120, Prayer For Relief

¶ 4 (**Exhibit 10**)).  All three cases were removed under similar legal theories, and in all

three remand motions, plaintiffs make the same legal arguments (*i.e.*, that their claims do

not implicate substantial questions of federal law) (**Exhibits 8-9, 11-12**).  Because the

MDL court already faces two pending remand motions that overlap with the one filed in

this case, it is far more efficient for the MDL judge to decide the three remand motions in

a coordinated manner.[3]

        Notably, both the JPML and Judge Fallon, who is presiding over the Vioxx MDL

proceeding agree, having clearly concluded that remand motions are best handled by the

transferee court.  According to the JPML, "wait[ing] until the Panel has decided the

transfer issue . . . may be especially appropriate if the [remand] motion raises questions

likely to arise in other actions in the transferee court and, in the interest of uniformity,

might best be decided there if the Panel orders centralization."  *See* Letter dated Mar. 21,

2005, from JPML to Hon. Ricardo H. Hinojosa (**Exhibit 13**).  Judge Fallon has similarly

---

[3]     In its Motion to Remand, plaintiff mentions that a proceeding brought by the State of
Texas against Merck, which seeks to recover the cost of Vioxx paid for by the state's
Medicaid program, was recently remanded to state court.  (Pl's Motion to Remand at ¶
28.)  Merck contends that the court's order in that case was in error and merely highlights
the risk of inconsistent results if multiple courts other than the MDL court rule on remand
motions in these cases.  Plaintiff itself argues in its Motion to Remand that there is "the
strong likelihood that other states will file claims against Merck alleging violations of
their own state consumer fraud statutes."  (Pl's Motion to Remand at ¶ 28.)  This point,
too, only reinforces the need for a stay here.

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

REPLY IN SUPPORT OF MOTION TO STAY ALL
PROCEEDINGS

STATE OF ALASKA V. MERCK & CO., INC.

stated his preference that overlapping remand motions be presented to him for

coordinated treatment.  According to Fallon:

> There are various issues of remand in various cases throughout the country.
> Again, a significant advantage of the MDL concept is some consistency.
> The Rule of Law is really based on consistency.  If different decisions are
> made by numerous judges, then you have no consistency and no
> predictability. . . .  It's easier if one court decides some of these matters
> than if 50 or 100 courts decide the matter.
>
> I'm conscious of dealing with the remand [motions] as quickly as possible,
> but I do want to get them all together . . . and deal with that issue in a
> consistent and fair fashion.

Transcript of Status Conference at 21, *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657

(E.D. La., June 23, 2005) (**Exhibit 14**).  For these reasons, plaintiff's references to

several cases not involving Merck (Pl.'s. Opp. at ¶ 4) in which the transferor courts

refused to stay cases are not persuasive.  Not only are those cases in the minority, but

those courts did not have the benefit of this strong advice from the Panel and the MDL

court.  Moreover, plaintiff's primary legal argument against a stay – that this Court must

decide the jurisdictional issues in the remand motion before transfer to the MDL court

can occur (Pl.'s. Opp. at ¶¶ 3-4) – can also be easily dispensed with.  In fact, this

argument has been rejected by another case heavily relied upon by plaintiff, *Meyers v.*

*Bayer AG*, 143 F.Supp.2d 1044, 1046-47 (E.D. Wis. 2001).  As that Court recognized:

> To say that I am powerless to take any action at all before verifying my
> jurisdiction, however, slightly overstates the matter. . . .  What *Steel Co.*
> [*Steel Co. v. Citizens for a Better Environment*] forbids is a court's
> assuming law-declaring power by deciding the merits of a case in the
> absence of verified subject matter jurisdiction. . . .  However, granting a
> stay is not adjudicating the merits of a case.  Neither *McCardle* [*Ex Parte*
> *McCardle*] nor *Steel Co.* requires resolving jurisdictional matters before

**DORSEY &**
**WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

REPLY IN SUPPORT OF MOTION TO STAY ALL
PROCEEDINGS
Page 6

STATE OF ALASKA V. MERCK & CO., INC.

Case No. 3:06-CV-00018 (TMB)

<u>considering whether to grant a stay motion</u>.

*Id.* (citations omitted) (emphasis added).

Here, without a stay, Merck will in all likelihood have to litigate similar jurisdictional issues in numerous courts, and there is a real risk of inconsistent results on an issue for which there is no opportunity for appellate review. This Court and others around the country should not waste resources duplicating each others' work; nor should Merck be required to make the same jurisdictional arguments in court after court around the country, when the remand issues can be decided in a coordinated manner by the MDL court. Allowing the MDL court to consider these and other similar issues will minimize waste, avoid inconsistent decisions and thus achieve the purposes of MDL proceedings.[4]

**CONCLUSION**

The proper course in cases such as this is to stay all proceedings and allow the MDL process to work as Congress intended. For all of the foregoing reasons, Merck respectfully requests that this Court grant its motion for a stay of all proceedings in this matter pending MDL transfer.

---

[4]    Plaintiff argues in passing that federal question jurisdiction in this case is "extremely tenuous." (Pl. Opp. at 7.) Although Merck will address the merits of plaintiff's remand motion in its opposition, it is worth noting that plaintiff's views are in contrast to those of the Supreme Court and an MDL court that recently faced the same question. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363, 2367 (2005) ("[T]his Court [has] recognized for nearly 100 years that in certain cases federal question jurisdiction will lie over state law claims that implicate significant federal issues. The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law."); *In re Zyprexa Prods. Liab. Litig.*, 375 F. Supp. 2d 170, 172 (E.D.N.Y. 2005) (applying *Grable* to assert jurisdiction over claims brought by the State of Louisiana against drug manufacturers for reimbursement of Medicaid payments because of the "substantial federal funding provisions involved" and because allegations that the manufacturer had improperly marketed Zyprexa for unapproved uses rendered the case "federally oriented").

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

REPLY IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS
Page 7

STATE OF ALASKA V. MERCK & CO., INC.

Case No. 3:06-CV-00018 (TMB)

DATED this 13th day of February, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By:            /s/ Jahna M. Lindemuth
    Jahna M. Lindemuth, ABA #9711068
    DORSEY & WHITNEY LLP
    1031 West Fourth Avenue, Suite 600
    Anchorage, AK 99501-5907
    (907) 276-4557
    lindemuth.jahna@dorsey.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on
the 13th day of February, 2006, a true and correct
copy of this document was served on:

James E. Fosler                          W. Mark Lanier
Fosler Law Group, Inc.                   Richard Meadow
737 West Fifth Avenue, Suite 205         Lawrence P. Wilson
Anchorage, Alaska  99501                 The Lanier Law Firm
                                         6810 FM 1960 West
                                         Houston, Texas  77069

by electronic means through the ECF system
as indicated on the Notice of Electronic Filing,
or if not confirmed by ECF, by first class regular mail.

  By:      /s/ Jahna M. Lindemuth
        Jahna M. Lindemuth, ABA #9711068
        Dorsey & Whitney, LLP

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

REPLY IN SUPPORT OF MOTION TO STAY ALL          STATE OF ALASKA V. MERCK & CO., INC.
PROCEEDINGS
Page 8                                          Case No. 3:06-CV-00018 (TMB)