# APPENDIX B

FILED

05 JUN -6 PM 2: 00

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____
DEPUTY

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 ROBERT V. PURCELL, | ) Civil No. 05cv0443-L(BLM) |
| 12 Plaintiff, | ) **ORDER: (1) GRANTING** |
| 13 v. | ) **DEFENDANT MERCK & CO.,** <br> ) **INC.'S *EX PARTE* APPLICATION** <br> ) **TO STAY; (2) DENYING** |
| 14 MERCK & CO., INC., a New Jersey <br> corporation; McKESSON CORP., a | ) **PLAINTIFF'S MOTION TO** <br> ) **STRIKE; AND** |
| 15 California corporation, | ) **(2) DENYING WITHOUT** <br> ) **PREJUDICE PLAINTIFF'S** |
| 16 Defendants. | ) **MOTION TO REMAND** |
| 17 _____ | ) [Docket Nos. 7, 16, 17] |

18      This matter comes before the Court on:  (1) Defendant Merck & Co., Inc.'s *Ex Parte*

19 Application for an Order Staying All Proceedings Pending the Transfer Decision by the Judicial

20 Panel on Multidistrict Litigation; and (2) Plaintiff's Motion to Remand.  The Court finds these

21 matters suitable for determination on the papers and without oral argument in accordance with

22 Civil Local Rule 7.1(d)(1).

23                              **BACKGROUND**

24      Defendant Merck manufactured, marketed, and sold the pain prescription drug VIOXX

25 beginning in 1999.  On September 30, 2004, Merck voluntarily withdrew VIOXX from the

26 market, citing "an increased relative risk for confirmed cardiovascular events beginning after 18

27 months of treatment in the patients taking VIOXX® compared with those taking placebo."

28 (McDonald-Hicks Decl. ¶ 2.)  As of that date, numerous cases regarding VIOXX had been filed

05cv0443

28

1  throughout the nation. *Id.* ¶ 3.  Following Merck's voluntary withdrawal of the drug off the

2  market, hundreds of additional lawsuits regarding VIOXX were filed.

3        Plaintiff filed an action in San Diego Superior Court against Merck on October 13, 2004.

4  (Merck's Notice of Removal ¶ 1.)  On October 19, 2004, Merck removed the case to this Court,

5  and six days later Plaintiff voluntarily dismissed the action.  *Id.*  Plaintiff re-filed the action in

6  San Diego Superior Court, and on January 27, 2005 filed an amended complaint against Merck

7  and McKesson Corporation, alleging:  violation of California Consumer Legal Remedies Act;

8  unfair competition; unjust enrichment; conversion; negligence; and strict products liability.

9        On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") established

10  Multidistrict Litigation ("MDL") Proceeding No. 1657, *In re VIOXX Products Liability*

11  *Litigation*, and directed 148 actions from 41 federal districts to be transferred to Judge Eldon E.

12  Fallon of the Eastern District of Louisiana for coordinated pretrial proceedings. (McDonald-

13  Hicks Decl. ¶ 4; McDonald-Hicks Decl. Ex. A.)  All of these actions focus on alleged increased

14  health risks when taking VIOXX, and whether Merck knew of these increased risks and failed to

15  disclose them to the medical community and consumers.  (McDonald-Hicks Decl. Ex. A at 2.)

16        On March 4, 2005, Merck removed this action to this Court based on diversity

17  jurisdiction.  Merck asserted that although McKesson is a California corporation, it was

18  fraudulently joined in this lawsuit and therefore its citizenship should not be considered for

19  jurisdictional purposes.  Shortly thereafter, Merck filed an *Ex Parte* Application for an Order

20  Staying All Proceedings Pending the Transfer Decision by the Judicial Panel on Multidistrict

21  Litigation.

22        The JPML's April 5, 2005 Conditional Transfer Order No. 5 transferred this case to the

23  MDL proceeding.  (McDonald-Hicks Decl. ¶ 5; *id.* Ex. B.)  Plaintiff filed an objection to transfer

24  with the MDL court, and its motion to vacate the Conditional Transfer Order will be heard at the

25  next JPML hearing session.  *Id.* ¶ 5.

26        On April 13, 2005, Plaintiff filed a motion to remand, arguing that McKesson is a

27  properly-named party to this action, and because it is a California corporation, this Court cannot

28  exercise diversity jurisdiction over this action.

1    **LEGAL STANDARDS**

2    **I.    Motions to Remand**

3            The federal court is one of limited jurisdiction. *See Gould v. Mut. Life Ins. Co. of N.Y.*,

4    790 F.2d 769, 774 (9th Cir. 1986).  As such, it cannot reach the merits of any dispute until it

5    confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't.*, 523 U.S.

6    83, 94 (1998).  "Jurisdiction is power to declare the law, and when it ceases to exist, the only

7    function remaining to the court is that of announcing the fact and dismissing the cause." *Id.*

8    (*quoting Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 614 (1868)).  District courts must construe

9    the removal statues strictly against removal and resolve any uncertainty as to removability in

10   favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

11   1992) (per curiam); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).

12           Removal jurisdiction is governed by 28 U.S.C. § 1441.  A state court action can only be

13   removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*,

14   482 U.S. 386, 392 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  Thus, where

15   removal is based upon diversity jurisdiction, the defendant must show (1) complete diversity

16   among opposing parties and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. §

17   1332(a).

18   **II.   Motions to Stay**

19           A district court's discretion to stay an action pending a ruling on the transfer of a case to

20   an MDL court "is incidental to the power inherent in every court to control the disposition of the

21   causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

22   *Landis v. American Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936).  When ruling on a

23   motion to stay, the district court should consider three factors:  "(1) potential prejudice to the

24   non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and

25   (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in

26   fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

27   ///

28   ///

**DISCUSSION**

Merck seeks a stay of this action pending the JPML's decision whether to transfer this action to the MDL court. Plaintiff objects to a stay, arguing the remand motion must be decided first, and contends diversity jurisdiction does not exist. Merck responds that numerous courts have determined judicial efficiency and consistency are promoted by deferring ruling on pending remand motions until after the JMPL has transferred a case.[1]

Although generally this Court would address matters relating to subject matter jurisdiction first, the possibility this case may be transferred to Judge Fallon and become part of the MDL action persuades this Court to stay this action. The pendency of a remand motion does not bar inclusion in an MDL proceeding, as the transferee court can decide the motion. *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). Indeed, the JPML noted this general rule when first creating the VIOXX MDL proceeding. (McDonald-Hicks Decl. Ex. A at 2.)

The Court concurs with the decisions of other district judges finding that judicial economy and efficiency are best served by a stay. This action, like the ones in the MDL proceeding, alleges that Merck misrepresented VIOXX's safety and failed to disclose material information regarding the drug's side effects. (Amended Compl. ¶ 13.) Accordingly, it appears this case contains "one or more common questions of fact" with the MDL action that may warrant its transfer to the Eastern District of Louisiana. *See* 28 U.S.C. § 1407. Further, it is apparent that whether certain defendants have been fraudulently joined is an issue common to several of the cases being considered for consolidation by the JPML. (*See* McDonald-Hicks

///

---

[1] In support of its motion to stay, Merck cited to and attached numerous unpublished orders from district courts throughout the country. Plaintiff objects to Merck's reliance on those decisions, and has filed a motion to strike their citation under Ninth Circuit Rule 36-3. Plaintiff's argument is without merit. This Court, as well as others in this Circuit, have held that Ninth Circuit Rule 36-3 only applies to unpublished decisions from the Ninth Circuit and does not bar citation to unpublished opinions of courts other than the Ninth Circuit. *Herring v. Teradyne, Inc.*, 256 F. Supp. 2d 1118, 1128 n.2 (S.D. Cal. 2002); *Alvarenga-Villalobos v. Reno*, 133 F. Supp. 2d 1164, 1168 (N.D. Cal. 2000); *In re Antablian*, 140 B.R. 534, 536 (C.D. Cal. 1992). Although these unpublished decisions are not binding, the Court can consider them when ruling on Merck's application. *See Herring*, 256 F. Supp. 2d at 1128 n.2. Accordingly, Plaintiff's Motion to Strike Citation, Reference, and Lodgment of Non-Published Authorities is **DENIED**.

4

1  Decl. ¶ 12.)  By allowing a single court to determine this issue, judicial resources will be

2  conserved and the risk of inconsistent rulings is avoided.

3      Under the circumstances presented, the potential prejudice to Plaintiff is minimal as the

4  JPML should be soon considering his motion to vacate the Conditional Transfer Order.  If the

5  JMPL grants Plaintiff's motion, Plaintiff may renew his motion to remand with this Court.  In

6  contrast, the risk of hardship to Merck is great absent a stay.  Given the numerous actions

7  currently pending, Merck faces a significant risk of duplicate discovery and motion practice

8  should this case proceed.  This Court agrees with Judge Paul Huck of the United States District

9  Court for the Southern District of Florida and Judge M. Christina Armijo of the United States

10 District Court for the District of New Mexico that the hundreds of pending VIOXX cases

11 "should, as a general proposition, be treated consistently so that no one plaintiff or plaintiff

12 group has an advantage over the others with regard to the ability to prosecute claims in a timely

13 manner." *Fontanilles v. Merck & Co.*, Case No. 04-22799-CIV-HUCK (S.D. Fla. Dec. 14,

14 2004); *Pace v. Merck & Co.*, No. CIV 04-1356 MCA/ACT (D. N.M. Jan. 10, 2005).

15 Accordingly, the Court will grant Merck's motion to stay and deny without prejudice Plaintiff's

16 motion to remand.

17                              **CONCLUSION**

18      Having reviewed the parties' briefs and applicable law, and considered the interests of

19 judicial economy and consistency, **IT IS HEREBY ORDERED**:

20      1. Merck's *Ex Parte* Application for an Order Staying All Proceedings Pending the

21 Transfer Decision by the Judicial Panel on Multidistrict Litigation is **GRANTED**.

22      2. This action is **STAYED** pending a final transfer decision by the JPML.

23      3. Plaintiff's Motion to Strike Citation, Reference, and Lodgment of Non-Published

24 Authorities is **DENIED**.

25      4. Plaintiff's Motion to Remand is **DENIED WITHOUT PREJUDICE**.  Plaintiff may

26 renew his motion to remand if this case is not transferred to the MDL action.

27 ///

28 ///

05cv0443

1        5.  Should the JPML decide this action will not be transferred to the MDL proceeding,

2    Plaintiff shall notify the Court in writing within 10 days of the JPML's decision and should

3    contact chambers to schedule a hearing date on a renewed motion to remand.

4        **IT IS SO ORDERED**.

5    Dated:_____6/3/05_____          _____

6                            M. JAMES LORENZ
                         UNITED STATES DISTRICT JUDGE

7    COPY TO:

8    HON. BARBARA L. MAJOR
    UNITED STATES MAGISTRATE JUDGE

9    ALL PARTIES/COUNSEL

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05cv0443