# APPENDIX C

Westlaw.

Slip Copy                                                                                                                     Page 1
Slip Copy, 2006 WL 194277 (E.D.Cal.)
(Cite as: 2006 WL 194277 (E.D.Cal.))

Only the Westlaw citation is currently available.

United States District Court,
E.D. California.
James LAME BULL; and Lucinda Lame Bull,
Plaintiffs,
v.
MERCK & CO., INC., a corporation, et al.,
Defendants.
No. Civ.S052465LKK/DAD.

Jan. 24, 2006.

Alissa S. Holt, Andrea McNeil, Theodore Julian Holt, Hackard and Holt, Gold River, CA, for Plaintiffs.

Kevin Michael Hara, Reed Smith LLP, Oakland, CA, for Defendants.

ORDER

KARLTON, Senior J.

*1 On November 4, 2005, plaintiffs James Lame Bull and Lucinda Lame Bull ("plaintiffs") filed an action in the Superior Court for the County of Los Angeles against defendants Merck & Co., Inc. ("Merck") and McKesson Corporation ("McKesson") alleging injuries from their use of the prescription drug Vioxx. On December 6, 2005, Merck removed the action to this court based on diversity jurisdiction. Plaintiffs now move to remand, asserting that removal was improper and that this court lacks jurisdiction. Merck moves to stay the action pending its transfer to the Judicial Panel on Multidistrict Litigation ("MDL") proceeding that has been established to deal with the large volume of Vioxx-related cases in federal court.

I.
BACKGROUND

This case is one of hundreds of cases regarding Vioxx. On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") consolidated 148 federal cases involving Vioxx and transferred them to the Eastern District of Louisiana. In Re Vioxx Products Liability Litigation, 360 F.Supp.2d 1352 (J.P.M.L 2005). The MDL panel also held that around 300 related actions in multiple federal districts "will be treated as potential tag-along cases."

Id. at 1352 n. 1.

Merck asserts, and plaintiffs do not dispute, that it will shortly provide notice to the MDL panel of this action. Merck expects a conditional transfer order to be issued by the Panel within the next few weeks. See Def.'s Mot. to Stay at 4. Since the first transfer order was issued on February 16, 2005, more than 2,500 cases have been transferred to or filed directly to the MDL Vioxx proceedings.

II.
ANALYSIS

The power to stay proceedings in the interest of judicial economy is an inherent power left to the discretion of the court. Landis v. North Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). In cases involving similar jurisdictional questions, deference to the MDL proceeding is often appropriate when "the motion raises issues likely to arise in other actions pending in [the consolidated action]." Conroy v. Fresh Del Monte Produce Inc., 325 F.Supp.2d 1049, 1053 (N.D.Cal.2004).

Here, Merck asserts that removal is proper because defendant McKesson, whose presence defeats diversity jurisdiction, was fraudulently joined. The question of whether McKesson was fraudulently joined is not unique to the pending case. According to defendant's assertion, which plaintiffs do not dispute, there are "currently more than 25 cases from California in the Vioxx MDL presenting the identical issue that this case presents--whether plaintiffs fraudulently joined McKesson ... under California law." Def.'s Opp'n to Pls.' Mot. to Remand, at 4:20-23. See, e.g., Purcell v. Merck & Co., et al, No. 05-0443, slip op. (S.D. Cal. June 6, 2005) (granting defendant's motion to stay); Johnson v. Merck & Co., No. C 05-02881, slip op. at *2 (N.D.Cal. Oct. 3, 2005) (same); Love v. Merck & Co., No. 05-2140 (E.D. Cal. filed Oct. 24, 2005) (McKesson named as a defendant but case transferred before motion to remand was filed); Lagden v. Merck & Co., No. 05-0656 (E.D. Cal. filed Apr. 4, 2005) (same).

*2 Given the number of cases that present this exact jurisdictional question and given the growing number of Vioxx cases being transferred to the MDL proceeding in the Eastern District of Louisiana, this court follows the many other district courts in California in finding that the interest of judicial

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 194277 (E.D.Cal.)
**(Cite as: 2006 WL 194277 (E.D.Cal.))**

Page 2

economy favors staying this action pending its transfer to the MDL proceeding. [FN1]

> FN1. The court is aware that it is departing from its August 15, 2005 order on the same issue. *See Martin v. Merck & Co.*, No. S-05-750, slip op. (E.D.Cal. Aug. 15, 2005) (Karlton, J.). Subsequent developments regarding the MDL Vioxx proceedings justify the court's change in position. Namely, since the August order was issued, over 25 cases from California that involve the identical jurisdictional issues are now before the MDL judge in the Eastern District of Louisiana. Moreover, it is apparent that the majority of the Vioxx cases that are removed are not, in fact, remanded. Defendant **Merck** asserts, and plaintiffs do not dispute, that the majority of courts have stayed approximately 200 Vioxx cases with pending remand motions. *See* Def.'s Opp'n to Pls.' Mot. to Remand at 5:11-12.

For these reasons, the court hereby ORDERS that:

1. Defendant **Merck's** motion to stay is GRANTED;

2. Plaintiffs' motion to remand is DENIED;

3. Oral argument on the motion, currently set for January 30, 2006, is VACATED; and

4. Upon entry of this order, further proceedings in this action shall be STAYED, pending transfer of the action to MDL Proceeding No. 1657 in the Eastern District of Louisiana.

IT IS SO ORDERED.

Slip Copy, 2006 WL 194277 (E.D.Cal.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.