# APPENDIX E

FILED ___ LODGED
___ RECEIVED ___ COPY
JAN 2 8 2005
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward W. Wright, individually and as a representative of a class of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Merck & Co., Inc.,<br><br>Defendant. | No. CV04-3037-PHX-SRB<br><br>**ORDER** |

Plaintiff on his behalf and as a representative of a class of all other similarly situated individuals filed suit in Arizona state court on December 10, 2004, asserting claims for violations of the Arizona Consumer Fraud Act and unjust enrichment based on allegations that Plaintiff and a class of similarly situated individuals purchased VIOXX as a result of Defendant's advertising claims and at a premium price over the cost of other similar medication. Defendant filed a Notice of Removal on December 30, 2004, asserting this Court's jurisdiction based on diversity. Plaintiff filed a Motion to Remand asserting that Merck's Notice of Removal was frivolous because the value of Plaintiff's claims fall far short of the $75,000.00 jurisdictional threshold and because his claims cannot be aggregated with the claims of the other class members. Defendant's response to the Motion to Remand is not yet due.

On December 30, 2004, coincident with its Notice of Removal, Merck filed a Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation. Plaintiff has opposed the stay and asks that this Court rule on the Motion to Remand.

Defendant's motion papers list 158 cases which will be considered for transfer by the Judicial Panel on Multidistrict Litigation at its January 27, 2005 hearing. This case, which was filed after that group of cases were noticed for transfer, has been noticed to the Judicial Panel on Multidistrict Litigation as one of 121 tag-along actions. Plaintiff does not dispute that many of the cases being considered for inclusion for transfer are similar to this class action. The Court deduces that Plaintiff's counsel has more than one of these cases pending since Plaintiff's form of opposition to Merck's Motion to Stay appears to have been used on another occasion as it references "millions of citizens in the State of California" who purchased VIOXX.

It is apparent that the question of whether this case satisfies the amount in controversy requirement for jurisdictional purposes and whether class member claims can be aggregated are issues common to many of the cases which will be considered for consolidation by the Judicial Panel on Multidistrict Litigation. While this Court is not required to stay consideration of the Motion to Remand, it concludes that it would be in the best interests of judicial economy and consistency to stay this case until the determination of its transfer by the Judicial Panel on Multidistrict Litigation.

IT IS ORDERED granting Defendant's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation. Defendant need not respond to Plaintiff's Motion to Remand until further order of the Court (Doc. 3-1).

DATED this 27 day of January, 2005.

_____
Susan R. Bolton
United States District Judge