# APPENDIX G

Westlaw.

Not Reported in F.Supp.2d                                                                                           Page 1
Not Reported in F.Supp.2d, 2004 WL 1534181 (D.Kan.)
**(Cite as: 2004 WL 1534181 (D.Kan.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Kansas.
Julie PARISI, by and through her mother and natural guardian Ellen S. Goldman,
Plaintiff,
v.
MARSH & MCLENNAN COMPANIES, INC., Putnam Investment Management, LLC, and Putnam New Opportunity Fund, Defendants.
**No. Civ.A. 04-2091-KHV.**

April 6, 2004.
Jeffrey S. Kruske, Overland Park, KS, for Plaintiff.

Brian D. Martin, Michael Thompson, Blackwell Sanders Peper Martin LLP, Kansas City, MO, for Defendants.

*MEMORANDUM AND ORDER*

VRATIL, J.

*1 This matter is before the Court on *Defendants' Motion To Stay All Proceedings Pending Transfer To District Of Maryland* (Doc. # 13) filed March 24, 2004. For reasons stated below, defendants' motion is sustained.

On January 13, 2004, in the District Court of Johnson County, Kansas, plaintiff filed suit against defendants, alleging that they violated Kansas law by improper "market timing" and "late trading" in certain Putnam mutual funds. On February 20, 2004, the Judicial Panel on Multidistrict Litigation (the "MDL Panel") transferred numerous actions involving similar allegations against six different families of mutual funds including Putnam. *See In re Janus Mut. Funds Inv. Litig.,* 310 F.Supp.2d 1359, 2004 WL 360839, at *1 (J.P.M.L. Feb. 20, 2004). On March 3, 2004, defendants removed plaintiff's action to federal court. On March 4, 2004, defendants filed a *Notice Of Filing Of Tag-Along Notice With Judicial Panel On Multidistrict Litigation* (Doc. # 6).

Plaintiff argues that a stay of this action is not appropriate before the Court has ruled on her motion to remand. The Court disagrees. Plaintiff does not dispute that at least seven district courts have recently entered stays in similar market timing/late trading cases even though the plaintiffs in those cases had filed motions to remand. *See Defendants' Memorandum In Support Of Motion To Stay All Proceedings Pending Transfer To District Of Maryland* (Doc. # 14) filed March 24, 2004 at 8-9. Those cases and others apparently have pending motions to remand which raise the question whether state law claims based on improper market timing/late trading raise a substantial federal question under the Investment Company Act of 1940, 15 U.S.C. § 80a-1 *et seq.,* and the rules and regulations promulgated thereunder. Plaintiff raises a similar jurisdictional objection in this case. Because the District of Maryland, as the transferee court, must rule on this same jurisdictional objection in similar cases, judicial economy is best served by a stay of the proceedings in this Court until the MDL panel decides whether to transfer this case to the District of Maryland.

Plaintiff argues that this Court has refused to stay certain cases with pending motions to remand. *See Plaintiff's Memorandum In Opposition To The Putnam Defendants' Motion For A Stay Of The Proceedings* (Doc. # 17) filed April 2, 2004 (citing Bellinder v. Microsoft Corp., No. 99-2578-KHV, 2000 WL 575021 (D.Kan. Mar.24, 2000) and Aetna U.S. Healthcare, Inc. v. Hoechst Atkiengesellschaft, 54 F.Supp.2d 1042 (D.Kan.1999)). In *Bellinder* and *Aetna,* however, the procedural posture of the MDL proceedings was quite different than the instant action. In *Bellinder* and *Aetna,* the MDL Panel had not issued transfer orders. In the instant action, the MDL Panel has issued a transfer order and the transferee judge has set an initial hearing on the cases. The likelihood that this case will be transferred to the MDL Panel in the near future is greater than in *Bellinder* or *Aetna*.

*2 Finally, plaintiff argues that of the more than 300 tag-along actions that have been or likely will be consolidated for pretrial purposes in the District of Maryland, her case is the only one filed in Kansas alleging claims specific to Kansas law. *See Plaintiff's Memorandum In Opposition To The Putnam Defendants' Motion For A Stay Of The Proceedings* (Doc. # 17) at 7. Plaintiff reasons that the legal issues

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 2
Not Reported in F.Supp.2d, 2004 WL 1534181 (D.Kan.)
**(Cite as: 2004 WL 1534181 (D.Kan.))**

raised in her state law claims will have a direct effect on the existence of jurisdiction. *See id.* Plaintiff does not explain how her jurisdictional objection is fundamentally different than the objections raised by plaintiffs in other market timing/late trading cases pending in the District of Maryland. Nearly all of the jurisdictional objections seem to center around the question whether state law claims based on improper market timing/late trading raise a substantial federal question under the Investment Company Act of 1940 and the rules and regulations promulgated thereunder.

IT IS THEREFORE ORDERED that *Defendants' Motion To Stay All Proceedings Pending Transfer To District Of Maryland* (Doc. # 13) filed March 24, 2004 be and hereby is SUSTAINED. This action is stayed pending ruling by the MDL Panel on transfer of the case to the District of Maryland.

Not Reported in F.Supp.2d, 2004 WL 1534181 (D.Kan.)

**Motions, Pleadings and Filings (Back to top)**

• 2004 WL 2756190 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law in Support of Plaintiff's Motion to Remand (Apr. 05, 2004)

• 2004 WL 2756189 (Trial Motion, Memorandum and Affidavit) Plaintiff's Memorandum in Opposition to the Putnam Defendants' Motion for a Stay of the Proceedings (Apr. 02, 2004)

• 2004 WL 2756188 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum in Opposition to Plaintiff's Motion to Remand (Mar. 25, 2004)

• 2004 WL 2756187 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum in Support of Motion to Stay All Proceedings Pending Transfer to District of Maryland (Mar. 24, 2004)

• 2:04cv02091 (Docket) (Mar. 03, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.