# APPENDIX H

LEXSEE

TERESA MICHAEL, et al., Plaintiffs, vs. WARNER-LAMBERT COMPANY, et al., Defendants.

CASE NO. 03cv1978 DMS(RBB), Low Numbered Case for: 03cv1979; 03cv1980; and 03cv1981

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

2003 U.S. Dist. LEXIS 21525

November 20, 2003, Decided

**DISPOSITION:** [*1] Defendants' motions to stay all proceedings GRANTED in case numbers 03cv1978; 03cv1979; 03cv1980; and 03cv1981.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant drug manufacturers filed a motion to stay remand motions filed by four plaintiffs, users of a certain diabetic drug, in related product liability cases and to defer consideration of the motions pending transfer to the multidistrict litigation (MDL) court. A total of 985 cases involving the diabetic drug were currently coordinated in the MDL court.

**OVERVIEW:** The manufacturers removed the cases to the court, asserting that certain California doctors were fraudulently joined as defendants to defeat diversity and prevent removal. The users argued that they would be prejudiced by a stay given the inherent delay in the transfer process because users of the drug were dying at an alarming rate. The court held that the users failed to show how having the court decide the jurisdictional issues would be more expeditious than having the MDL panel make the same rulings. Because the MDL court had already ruled on dozens of similar remand motions, there was no reason to assume the MDL court's ruling would suffer from a lack of experience with and interest in the judicious application of California law. The court also found that a stay was proper to ensure consistent outcomes for 25 remand motions that were currently pending in the federal California courts. The conservation of judicial resources also weighed in favor of staying consideration of the motions because any effort on behalf of the court concerning case management would most likely have to be replicated by the judge assigned to handle the consolidated litigation.

**OUTCOME:** The court granted the manufacturers' motion to stay all proceedings pending transfer to the MDL court.

**CORE TERMS:** transferred, coordinated, diversity, doctors, diversity of citizenship, state law, consolidated, twenty-five, pretrial, hardship, joined, defer, saved, presumes

**LexisNexis(R) Headnotes**

*Civil Procedure > Venue > Coordination for Trial*
*Civil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
[HN1] The general rule is for federal courts to defer ruling on pending motions to remand in multidistrict litigation (MDL) until after the Judicial Panel on Multidistrict Litigation has transferred to the MDL panel.

Page 1

*Civil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
[HN2] A district court has the inherent power to stay its proceedings.

*Civil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
[HN3] The power to stay is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.

*Civil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
[HN4] When ruling on a motion to stay, a district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated.

*Civil Procedure > State & Federal Interrelationships > Application of State Law*
*Civil Procedure > Jurisdiction > Diversity Jurisdiction*
[HN5] Diversity jurisdiction presumes federal courts' competence to decide state law issues.

*Civil Procedure > State & Federal Interrelationships > Application of State Law*
[HN6] A federal court judge who sits in a particular state and has practiced before its courts may be better able to resolve complex questions about the law of that state than is some other judge who has no personal acquaintance with the law of the state.

*Civil Procedure > Venue > Coordination for Trial*
[HN7] The Judicial Panel on Multidistrict Litigation describes the remedial aim of the Multidistrict Litigation (MDL) statute as an effort to avoid pretrial chaos and eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions. Consequently, courts regularly stay proceedings and defer to the MDL judge to avoid potentially inconsistent rulings on remand motions.

**COUNSEL:** For TERESA MICHAEL, plaintiff: Thomas V Girardi, Girardi Keese and Crane, Los Angeles, CA.

For WARNER-LAMBERT COMPANY, PARKE-DAVIS, PFIZER INC, defendants: Robert Grahame Barnes, Kaye Scholer, Los Angeles, CA.

**JUDGES:** DANA M. SABRAW, United States District Judge.

**OPINIONBY:** DANA M. SABRAW

**OPINION:**

ORDER STAYING PLAINTIFFS' PENDING REMAND MOTIONS AND STAYING ACTIONS INDEFINITELY PENDING TRANSFER TO THE MDL COURT

I.

INTRODUCTION

This matter--concerning ten related cases currently pending before this Court--involves a product liability action against the makers of the Diabetes treatment: "Rezulin." Pursuant to the "Low Number Rule," Local Civil Rule 40.1(d) & (h), these cases have all been transferred to the calendar of the Honorable Dana M. Sabraw.

Defendants removed these cases to federal court, based on diversity of citizenship, from a coordinated action before the California Superior Court, County of Los Angeles (Judicial Council Coordination Proceeding No. 4122). See 28 U.S.C. § 1441(a); 28 U.S.C. 1332(a). [*2] In their Notice of Removal, Defendants insisted on complete diversity, claiming certain California doctors were fraudulently joined as defendants to defeat diversity and prevent removal. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (discussing the "fraudulent joinder" doctrine).

Four of the Plaintiffs [*Michael, Dumpson, Guerrieri,* and *Cole:* 03cv1978-81] filed a Motion to Remand this action to California Superior Court, pursuant to 28 U.S.C. § 1447(c), based on this Court's supposed lack of subject matter jurisdiction. According to these Plaintiffs,

the California doctors were properly joined as defendants and complete diversity of citizenship is lacking. This Court is scheduled to hear the collective Motions to Remand on December 19, 2003.

In Opposition, Defendants filed an *ex parte* Application for an Order Staying Plaintiffs' Pending Remand Motion and Deferring Consideration of the Motion to the MDL Court, 985 cases involving over 6,000 plaintiffs, including approximately one hundred cases from districts in California, are currently coordinated in a Multidistrict Litigation before the Honorable [*3] Lewis A. Kaplan in the Southern District of New York. (See JPML Order No. 1348 (June 9, 2000); Decl. of Robert Barnes at P6.)

The remand motions in these cases are identical to twenty-five remand motions pending in all four of California's federal districts. The motions all involve the same issue: are the California doctors improperly joined? In the context of MDL litigation for the Rezulin cases, Judge Kaplan has decided this question against Plaintiffs numerous times. See, e.g., In re Rezulin Products Liability Litigation, 2002 U.S. Dist. LEXIS 24436, 2002 WL 31852826, at *1-3 (S.D.N.Y. Dec. 18, 2002); In re Rezulin Products Liability Litigation, 2003 U.S. Dist. LEXIS 28, 2003 WL 43356, at *1 (S.D.N.Y. Jan 6, 2003); In re Rezulin Products Liability Litigation, 2003 WL 21396744, at *4 (S.D.N.Y. June 17, 2003).

II.

DISCUSSION

In this case, Defendants have moved to stay consideration of the remand motions pending transfer to the Multidistrict Litigation. [HN1] "The general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPMDL [Judicial Panel on Multidistrict Litigation] has transferred to the MDL panel." [*4] Jackson v. Johnson & Johnson, Inc., 2001 U.S. Dist. LEXIS 22329, No. 01-2113 DA, 2001 WL 34048067, at *6 (W.D. Tenn. April 3, 2001). As discussed in Rivers v. Walt Disney Company, [HN2] a district court has the inherent power to stay its proceedings. Rivers, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). [HN3] "This power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Id. (quoting Landis v. North American Co., 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936)). See also Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979) (trial court may stay matter pending resolution of judicial, administrative, or arbitral proceedings) (citations omitted).

[HN4] When ruling on a motion to stay, a district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. Rivers, 980 F. Supp. at 1360 [*5] (citing Am. Seafood v. Magnolia Processing, Inc., 1992 U.S. Dist. LEXIS 7374, 1992 WL 102762, at *1-2 (E.D. Penn. 1992).

Plaintiffs have argued they would be "undeniably and unconscionably" prejudiced by a stay of the remand motions pending transfer to the MDL. (Opp'n at 7.) Rezulin Plaintiffs are apparently dying at "an alarming rate." (Id.) Because of the delays inherent in the transfer process to the MDL, and the MDL in general, Plaintiffs claim to face "severe and life-threatening circumstances before any meaningful litigation occurs and any just resolution is afforded to them." (Id.) Plaintiffs, however, have not demonstrated how having this Court decide the jurisdictional issues would be any more expeditious than having the MDL panel make the same rulings. n1

---

n1 Moreover, Plaintiffs' entire argument presumes the Motions to Remand would be granted by the Court ruling on them--whether it is this Court or the MDL Court. Defendants have cited numerous other cases in the Rezulin litigation where the court denied these motions. There is no reason to assume the outcome for Plaintiffs' instant motions will be any different.

---

[*6]

As the MDL Court is undoubtedly more familiar with these cases and has already ruled on dozens of these remand motions, there is no reason to assume, as Plaintiffs intimate, the MDL court's ruling on the remand motions would suffer from a "lack of experience with and interest in the judicious application of California law." (Opp'n at 8.) Federal courts sitting in diversity are continuously called upon to apply the laws of several states. See Richard L. Marcus, Conflicts Among Circuits and Transfers within the Federal Judicial System, 93 Yale L.J. 677, 704 n.166 (1984); Plant v. Blazer Fin. Serv., 598 F.2d 1357, 1363 (5th Cir. 1979) [HN5] ("diversity jurisdiction presumes federal courts' competence to decide state law issues"). Because the MDL judge has already ruled on numerous similar remand motions, the state law issues in these cases--involving medical negligence and statutes of limitations--are hardly the type of "complex questions" that would frustrate a judge unfamiliar with California law. See Factors Etc., Inc. v. Pro Arts, Inc., 652 F.2d 278, 285 (2nd Cir. 1981) [HN6] ("a federal court judge who sits in a particular state and has [*7] practiced before its courts may be better able to resolve *complex questions* about the law of that state than

is some other judge who has no personal acquaintance with the law of the state") (emphasis added) (Mansfield, J., dissenting) (quoting C. Wright, Federal Courts, § 58 (3rd ed. 1976)).

Moreover, these cases are likely to be transferred to the MDL court. This Court received correspondence dated November 5, 2003, indicating the Panel already had issued a conditional transfer order. Because Plaintiffs challenged the transfer, the Judicial Panel will address the objections at their next session. J.P.M.L. Rule 7.4(d). "While [Plaintiffs] may suffer some initial delay, once the cases are coordinated and the Defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost." Rosenfeld v. Hartford Ins. Co, 1988 U.S. Dist. LEXIS 4068, 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988). Plaintiffs' purported hardship is likely minimal under the present circumstances.

According to Defendants, the stay is necessary to ensure consistent outcomes for the twenty-five remand motions pending in the four federal district courts of California. [*8] (Mot. to Stay at 4.) [HN7] The Judicial Panel on Multidistrict Litigation describes the remedial aim of the MDL statute as an effort to avoid "pretrial chaos" and "eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions." In re Plumbing Fixture Cases, 298 F. Supp. 484, 491-92 (J.P.M.L. 1968). Consequently, courts regularly stay proceedings and defer to the MDL judge to avoid potentially inconsistent rulings on remand motions. See Ivy v. Diamond Shamrock Chem. Co., 901 F.2d 7, 9 (2nd Cir. 1990). See also Weinke v. Microsoft Corp., 84 F. Supp. 2d 989, 990 (E.D. Wisc. 2000) ("in light of the pending MDL Panel ruling on transfer, this action should be stayed in the interest of judicial economy and to avoid inconsistent results").

Lastly, the "conservation of judicial resources" inquiry weighs sharply in favor of staying consideration of the motions. If this Court rules against the Motion to Remand, and the cases are ultimately transferred to the MDL court, it would have needlessly expended its energies familiarizing itself with the intricacies of [*9] each of these cases that will ultimately be heard by another judge. And, like the district court in Rivers, "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." Rivers, 980 F. Supp. at 1361. "In addition, even if this Court denied [Defendants'] motion[s] to stay, ruled upon more substantive motions, . . . and then the matter was transferred to another court, there are no guarantees that an order by this Court would not later be vacated." Id.

**III.**

**CONCLUSION AND ORDER**

Therefore, for the reasons discussed above, **IT IS HEREBY ORDERED:**

1. Defendants' motions to stay all proceedings are **GRANTED** in case numbers 03cv1978; 03cv1979; 03cv1980; and 03cv1981.

2. All proceedings in these actions, including ruling on Plaintiffs' Motions to Remand, are **STAYED** pending a determination by the Judicial Panel on Multidistrict Litigation as to whether these actions should be transferred, pursuant to 28 U.S.C. § 1407, to the Multidistrict Litigation Court in the Southern District of New [*10] York. Plaintiffs shall immediately notify the court when the issue has been resolved.

**IT IS SO ORDERED.**

Dated: 11/20/03

**DANA M. SABRAW**

United States District Judge