# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JIM HOOD, ATTORNEY GENERAL *ex rel.*,
STATE OF MISSISSIPPI,
Plaintiff,

v.  3:05-cv-00666-HTW-JCS

MERCK & CO., INC.,
Defendant.

### MOTION OF PLAINTIFF JIM HOOD, ATTORNEY GENERAL EX REL. THE STATE OF MISSISSIPPI TO REMAND ACTION TO MISSISSIPPI STATE COURT

Plaintiff, Jim Hood, Attorney General ex rel. the State of Mississippi, ("the State") respectfully submits this motion to remand this lawsuit to the state court of the Chancery Court of the First Judicial District of Hinds County, Mississippi.

1. This lawsuit was originally filed by Plaintiff in the Chancery Court of the First Judicial District of Hinds County, Mississippi (Civil Action No. G2005-1742 W/4), seeking damages, penalties, and attorney's fees from Defendant Merck & Company, Inc. for violations of the Mississippi Consumer Protection Act, the Mississippi Deceptive Advertising statute, the Medicaid Fraud Control Act, the Mississippi Products Liability Act, and other claims based upon common law fraud, unjust enrichment, negligence and indemnity theories of liability.

2. Defendants removed the lawsuit to the United States District Court for the Southern District of Mississippi, Jackson Division by filing on November 1, 2005, alleging this case presents both a federal question and is subject to

EXHIBIT   U
Page   1   of   14

diversity jurisdiction, thus invoking federal jurisdiction pursuant to 28 U.S.C. §§1331, 1332, and 1441.

3.   Plaintiff moves that this action be remanded to the Chancery Court of the First Judicial District of Hinds County, Mississippi because there is no federal question or diversity presented by this lawsuit. All of the actions alleged against the Defendants are based on, and controlled by, Mississippi law. Plaintiff's allegations in the lawsuit arise from the Defendants' misrepresentations of the risks and other actions associated with the drug Vioxx, which violate multiple Mississippi statutes, including the Mississippi Consumer Protection Act, the Mississippi Deceptive Advertising statute, the Medicaid Fraud Control Act, and the Mississippi Products Liability Act. There are no allegations of violations of federal law or regulations nor is any claim being asserted under any provision of the Food, Drug and Cosmetic Act. Rather the state's claim is based exclusively on Mississippi statutes and common law civil claims recognized by state law.

4.   To wit, the Mississippi Consumer Protection Act (Miss. Code Ann. §§75-24-1, *et seq.* (Rev. 2000)), states:

> §75-24-5. Prohibited acts or practices
>
> (1) Unfair methods of competition affecting commerce and unfair or deceptive trade practices in or affecting commerce are prohibited. Action may be brought under Section 75-24-5(1) only under the provisions of Section 75-24-9.
>
> (2) Without limiting the scope of subsection (1) of this section, the following unfair methods of competition and unfair or deceptive trade practices or acts in the conduct of any trade or commerce are hereby prohibited:

EXHIBIT  11
Page  2  of  14

(a) Passing off goods or services as those of another;

(b) Misrepresentation of the source, sponsorship, approval, or certification of goods or services;

(c) Misrepresentation of affiliation, connection, or association with, or certification by another;

(d) Misrepresentation of designations of geographic origin in connection with goods or services;

(e) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have;

(f) Representing that goods are original or new if they are reconditioned, reclaimed, used, or secondhand;

(g) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(h) Disparaging the goods, services, or business of another by false or misleading representation of fact;

(i) Advertising goods or services with intent not to sell them as advertised;

(j) Advertising goods or services with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity;

(k) Misrepresentations of fact concerning the reasons for, existence of, or amounts of price reductions;

( *l* ) Advertising by or on behalf of any licensed or regulated health care professional which does not specifically describe the license or qualifications of the licensed or regulated health care professional.

5.    In addition, the State brings this action under a state law violation of unfair, deceptive and misleading advertising of VIOXX® in violation of Miss. Code Ann. § 97-23-3 (Rev. 2000). That statute holds:

EXHIBIT  11
Page  3  of  14

§ 97-23-3. Advertising; untrue, deceptive, or misleading

Any person who, with intent to sell or in any way dispose of merchandise, securities, service, or anything offered by such person, directly or indirectly, to the public for sale or distribution, or who, with intent to increase the consumption of or demand for such merchandise, securities, service or other thing, or to induce the public in any manner to enter into any obligation relating thereto, or to acquire title thereto, or an interest therein, makes, publishes, disseminates, circulates or places before the public, or causes, directly or indirectly, to be made, published, disseminated, circulated or placed before the public within the state, in a newspaper or other publication, or in the form of a book, notice, handbill, poster, bill, circular, pamphlet or letter, or by a label affixed to the merchandise or its container, or in any other way, an advertisement of any sort regarding merchandise, securities, service or anything so offered to the public, which advertisement contains any assertion, representation or statement of fact which is untrue, deceptive or misleading, including but not limited to representing himself as selling at wholesale unless he is actually selling at wholesale those items so represented, and which such person knew, or might on reasonable investigation have ascertained to be untrue, deceptive or misleading, shall be punished by a fine of not more than five hundred dollars ($ 500.00), and the offending person, whether found guilty or not, may be held civilly responsible in tort for damages to persons or property proximately resulting from a violation of this section.

6.   Plaintiff also alleges that Defendant knowingly made, or caused to be made, false or misleading statements or representations in order to obtain payments for its pharmaceutical drug, VIOXX®, under Mississippi's Medicaid program. Such conduct constitutes Medicaid fraud in violation of the Mississippi Medicaid Fraud Control Act, Miss. Code Ann. § 43-13-201, *et seq.*, (Rev. 2000).

7.   In addition, the State, in its complaint, alleged that Defendant manufactured, promoted, tested, designed, packaged, promoted, marketed, distributed, sold and/or prescribed VIOXX®, in violation of Mississippi's Product

EXHIBIT 11
Page 4 of 14

Liability Act, Miss. Code Ann. § 11-1-63 (Supp. 2005). Plaintiff alleged in its complaint that at the time Defendant manufactured, promoted, tested, designed, packaged, promoted, marketed, distributed, sold and/or prescribed VIOXX®, in violation of Mississippi's Product Liability Act, Miss. Code Ann. § 11-1-63, VIOXX® was designed in a defective manner and was unreasonably dangerous to plaintiffs and other users or consumers because, among other things, VIOXX® was likely to cause harm to users when consumed for its intended use and Merck failed to adequately warn of the potential side effects. All product liability claims sought in the complaint arise under Mississippi state law.

8. All other claims brought in the complaint, such as Fraud, Restitution/Unjust Enrichment, Negligence, Indemnity and any other cause of action are solely brought under the laws of the State of Mississippi, and any claim that any action is brought under federal law is a misstatement of Plaintiff's complaint.

9. There is no diversity jurisdiction in this case. Contrary to Defendant's assertions that the State of Mississippi is not the real party in interest, the statutory language of the Mississippi law cited explicitly empowers the Attorney General to enforce actions on behalf of the State. The Defendant resorts to the assertion that the complaint "implicitly" incorporates violations of federal law, even though none are alleged in the complaint and any reasonable reading of the complaint would see that all claims are "explicitly" brought under state law, and no such stretch of the complaint is warranted.

EXHIBIT 11
Page 5 of 14

10. Defendant Merck, using the same arguments for removal as it is using in this Mississippi case, in August 2005 removed an action filed by the State of Texas to recover under its Medicaid statutes for actions taken by Merck in the promotion and sale of the drug VIOXX. Merck alleged, as here, that there was federal-question jurisdiction dealing with alleged violations of the Federal Food, Drug and Cosmetic Act and the Federal Medicaid statutes. Less than one month later, the U.S. District Court rejected all of Merck's claims, and remanded the case to state court. (See attached Exhibit "A"). A like result should be the outcome of the Court's consideration of the State of Mississippi's Motion to Remand.

11. Mississippi law expressly holds that those who commit violations of the listed statutes will be liable to the state. The State of Mississippi is the real party in interest in this lawsuit. There is no federal question jurisdiction, and no diversity jurisdiction to allow this case to remain in federal court.

THEREFORE, Plaintiff requests that this Honorable Court remand this case back to its proper location, the Chancery Court of the First Judicial District of Hinds County, Mississippi.

Dated: November 22, 2005

Respectfully submitted,

Rebecca M. Langston

Shane F. Langston (MSB # 1061)
Rebecca M. Langston (MSB # 99608)
LANGSTON & LANGSTON, PLLC
201 N. President Street
Jackson, MS 39201

EXHIBIT 11
Page 6 of 14

OF COUNSEL:

Rickey T. Moore (MSB # 3457)
Geoffrey C. Morgan (MSB # 3474)
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205

Richard A. Freese (MSB # 9985)
SWEET & FREESE, PLLC
Morgan Keegan Center, Suite 240
2900 Hwy. 280
Birmingham, AL 35223

Sheila M. Bossier (MSB # 10618)
John T. Kitchens (MSB # 4188)
BOSSIER & KITCHENS, PLLC
P.O. Box 55567
Jackson, MS 39296

EXHIBIT 11
Page 7 of 14

## Certificate of Service

I certify that I have this day mailed, via United States Mail, a true and correct copy of the above and foregoing to:

        Christy D. Jones
        Charles C. Harrell
        Anita Modak-Truran
        J. Kennedy Turner
        Alyson L. Bustamante
        BUTLER, SNOW, O'MARA,
        STEVENS & CANNADA, PLLC
        17th Floor, AmSouth Plaza
        210 E. Capitol Street
        P.O. Box 22567
        Jackson, MS 39225

        Rickey T. Moore
        Geoffrey C. Morgan
        OFFICE OF THE ATTORNEY GENERAL
        P.O. Box 220
        Jackson, MS 39205

        Richard A. Freese (MSB # 9985)
        SWEET & FREESE, PLLC
        Morgan Keegan Center, Suite 240
        2900 Hwy. 280
        Birmingham, AL 35223

        Sheila M. Bossier
        John T. Kitchens
        BOSSIER & KITCHENS, PLLC
        P.O. Box 55567
        Jackson, MS 39296

This the 22 day of November, 2005.

                      _/s/ Rebecca M. Langston_
                      Rebecca M. Langston

EXHIBIT 11
Page 8 of 14

FILED
2005 AUG 29 PM 4:55
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | |
| PLAINTIFF, | § § § | |
| V. | § | CAUSE NO. A-05-CA-606-LY |
| MERCK & CO., INC., | § § § | |
| DEFENDANT | § | |

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Before the Court are (1) the MOTION OF THE STATE OF TEXAS TO REMAND ACTION TO TEXAS STATE COURT filed August 4, 2005, (Doc. #3); (2) THE STATE OF TEXAS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND filed August 4, 2005 (Doc. #4); (3) OPPOSITION OF DEFENDANT MERCK & CO., INC. TO PLAINTIFF'S MOTION TO REMAND filed August 18, 2005 (Doc. #11); (4) THE STATE OF TEXAS' OPPOSED REQUEST FOR EXPEDITED CONSIDERATION ON ITS MOTION TO REMAND filed August 10, 2005 (Doc. #6); (5) DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EXPEDITED CONSIDERATION OF PLAINTIFF'S MOTION TO REMAND filed August 12, 2005 (Doc. #7); (6) MOTION BY DEFENDANT MERCK & CO., INC. TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION filed August 8, 2005 (Doc. #5); (7) OPPOSITION OF STATE OF TEXAS TO DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS filed August 12, 2005 (Doc. #8); and (8) MERCK'S REPLY IN SUPPORT OF MOTION TO STAY filed August 16, 2005 (Doc. #9). Having considered the motions, responses, and reply, the Court grants Plaintiff's motion to remand, dismisses Plaintiff's request for an expedited hearing, and dismisses Defendant Merck & Co. Inc.'s motion to stay for the following reasons.



EXHIBIT 11
Page 9 of 14

AUG 30 2005 12:02 FR OFFICE                    0715 TO 9360545                    P.03/08

## I. Background

On June 30, 2005, the State of Texas ("Texas") as the Plaintiff filed suit in state court in Travis County against Merck & Co. Inc. ("Merck") regarding Merck's alleged misrepresentations about VIOXX, which had been placed on Texas's Medicaid formulary. Texas brought suit against Merck for damages and civil penalties pursuant to the State of Texas Medicaid Fraud Prevention Act ("TMPFA"). *See* TEX. HUM. RES. CODE §36.001-§36.132 (2005). In part, Texas alleges that Merck made false statements or misrepresentations of material fact concerning the safety of VIOXX, concealed or failed to disclose the truth about VIOXX, and made claims under the Texas Medicaid Program for a product that is substantially inadequate or inappropriate when compared to generally recognized standards within the health care industry or for a product that is otherwise inappropriate. Texas alleges that Merck's conduct regarding VIOXX violates TMPFA sections 36.002(1), (2), (4) and (7). TEX. HUM. RES. CODE §§ 36.002(1), (2), (4) & (7). As damages, Texas seeks restitution with interest for the value of all payments which Texas has made for VIOXX prescriptions under the Texas Medicaid Program; civil penalties; twice the value of all payments which Texas has made for VIOXX prescriptions under the Texas Medicaid Program; and fees, expenses, and costs associated with the lawsuit.

Merck removed the lawsuit to this Court on August 2, 2005, on the basis of both federal-question and diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332 & 1441 (2005). In its notice of removal, Merck argues federal-question jurisdiction exists because Texas's "claims are premised on the allegations that Merck violated regulations promulgated and enforced by the Food and Drug Administration . . . under statutory authority conferred by the federal Food, Drug & Cosmetic Act . . . 21 U.S.C. § 301, *et. seq.*" Additionally, Merck claims Texas's petition raises "important federal

2

EXHIBIT 11
Page 10 of 14

AUG 30 2005 12:03 FR OFFICE OF ATT.GENERAL512 499 0712 TO 93609545         P.04/08

questions related to the federal Medicaid statute and it associated regulations." Merck claims that diversity jurisdiction exists because the Texas Health and Human Services Commission ("THHSC"), and not Texas, is the real plaintiff. Texas has now moved to remand the case.

## II. Analysis

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994). A federal court may exercise jurisdiction over cases only as expressly provided by the Constitution and laws of the United States. *See* U.S. CONST. art. III §§ 1-2; *see also Kokkonen*, 511 U.S. at 377. As such, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Thus, to support the propriety of removal, the defendant bears the burden of establishing facts demonstrating that the Court has subject-matter jurisdiction of the cause. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). Any doubt as to the propriety of the removal is to be resolved in favor of remand. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

In the present case, Merck has not satisfied its burden of proving the existence of diversity jurisdiction. Texas is the named plaintiff in the lawsuit, and it is well-settled law that a state is not a citizen for purposes of diversity jurisdiction. *See Texas Dep't of Hous. & Cnty. Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 926 (5th Cir.1995). Where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because the state is not a citizen for purposes of diversity jurisdiction. *Id. See also* 13B C. Wright, A. Miller, & E. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3602, p. 366-67 (2d ed. 1984).

Nor has Merck persuaded the Court that the real party in interest is not Texas but THHSC. For example, TMPFA makes clear that a person who commits an unlawful act under the statute "is liable to the *state*." TEX. HUM. RES. CODE § 36.052(a) (emphasis added). By the express language of the statute under which Texas seeks to hold Merck liable, a wrongdoer is liable to Texas, not to THHSC. Further, Subchapter B is entitled "Action By Attorney General," and section 36.052(e) of the subchapter specifically authorizes the attorney general, not THHSC, to bring the type of action that Texas, acting through the attorney general, has brought against Merck. TEX. HUM. RES. CODE § 36.052(e). There can be no question that Texas is the real party in interest in this lawsuit.

Likewise, Merck has not carried its burden of proving the existence of federal-question jurisdiction. A determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint. *Carpenter*, 44 F.3d at 366. Generally, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law. *Id.* Here, based on Texas's state-court petition, Texas clearly has asserted against Merck only Texas state-law claims under a Texas statute.

Specifically, Texas sues Merck under the following TMPFA provisions:

A person commits an unlawful act if the person:

(1) knowingly or intentionally makes or causes to be made a false statement or misrepresentation of a material fact:
(A) on an application for a contract, benefit, or payment under the Medicaid program; or
(B) that is intended to be used to determine a person's eligibility for a benefit or payment under the Medicaid program;

* * * *

(2) knowingly or intentionally conceals or fails to disclose an event:
(A) that the person knows affects the initial or continued right to a benefit or payment under the Medicaid program of:

4

EXHIBIT  11
Page  12  of  14

AUG 30 2005 12:03 FR OFFICE OF ATT.GENERAL512 499 0712 TO 93605245        P.06/08

    (i) the person; or
    (ii) another person on whose behalf the person has applied for a benefit or payment or is receiving a benefit or payment; and
  (B) to permit a person to receive a benefit or payment that is not authorized or that is greater than the payment or benefit that is authorized;

\* \* \* \*

 (4) knowingly or intentionally makes, causes to be made, induces, or seeks to induce the making of a false statement or misrepresentation of material fact concerning:
  (A) the conditions or operation of a facility in order that the facility may qualify for certification or recertification required by the Medicaid program, including certification or recertification as:
    (i) a hospital;
    (ii) a nursing facility or skilled nursing facility;
    (iii) a hospice;
    (iv) an intermediate care facility for the mentally retarded;
    (v) an assisted living facility; or
    (vi) a home health agency; or
  (B) information required to be provided by a federal or state law, rule, regulation, or provider agreement pertaining to the Medicaid program;

\* \* \* \*

 (7) knowingly or intentionally makes a claim under the Medicaid program for:
  (A) a service or product that has not been approved or acquiesced in by a treating physician or health care practitioner;
  (B) a service or product that is substantially inadequate or inappropriate when compared to generally recognized standards within the particular discipline or within the health care industry; or
  (C) a product that has been adulterated, debased, mislabeled, or that is otherwise inappropriate.

TEX. HUM. RES. CODE § § 36.002(1), (2), (4) & (7).

  As the Court reads these particular TMPFA sections, they are not focused on or concerned with any regulations promulgated or enforced by the Food and Drug Administration, despite Merck's suggestion in its Notice of Removal. Rather, these state-law provisions, as well as Texas's allegations in its petition, involve Merck's conduct toward and with Texas in requesting and receiving approval from Texas to add VIOXX to Texas's Medicaid program. Further, the "Medicaid

AUG 30 2005 12:03 FR OFFICE OF ATT.GENERAL512 499 0712 TO 9366545   P.07/08

program" referred to in these provisions is Texas's Medicaid program, not the federal medicaid program. *See* TEX. HUM. RES. CODE § 36.001(6). The Court concludes that there are no federal questions involved in Texas's lawsuit against Merck.

Since neither diversity jurisdiction nor federal-question jurisdiction exists, the Court finds that remand is warranted.

**IT IS THEREFORE ORDERED** that the MOTION OF THE STATE OF TEXAS TO REMAND ACTION TO TEXAS STATE COURT (Doc. #3) is **GRANTED**.

**IT IS FURTHER ORDERED** that THE STATE OF TEXAS' OPPOSED REQUEST FOR EXPEDITED CONSIDERATION ON ITS MOTION TO REMAND (Doc. #6) is **DISMISSED**.

**IT IS FURTHER ORDERED** that the MOTION BY DEFENDANT MERCK & CO., INC. TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION (Doc. #5) is **DISMISSED**.

**IT IS FINALLY ORDERED** that this action is **REMANDED** to the 345th Judicial District Court of Travis County, Texas.

SIGNED the 29th of August 2005.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE