# APPENDIX D



U.S. District Court
Southern District of California
880 Front Street, Room 4290
San Diego, CA 92101-8900

FAX-IN-TIME    NOTICE:
This fax is an official communication of the
U.S. District Court for the Southern District
of California. Please be aware that these are
the only copies of these documents that you
will receive unless specifically requested.

To: Michael Brown                          Date 03/07/05

From: Clerk U.S. District Court            Page 1 of 6

Fax queued: 03/07/05 at 09:26:45           CASE: 042576-CV #00017

CONFIDENTAL
Any questions about missing pages or unreadable copy, please call (619) 557-7667. The information contained in this facsimile message is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying is strictly prohibited. If you have received this communication in error, please call us immediately. Thank you.

IMAGES OF CASE FILINGS NOW AVAILABLE ON THE INTERNET!

Web PACER provides users with browser access to dockets and scanned images of filed documents without leaving the comfort of their office/home. Document copies can now be obtained more quickly and without making a trip to the Clerk's Office.  Users with a PACER account can visit http://pacer.casd.uscourts.gov/index.php via user i.d. and password for immediate Web PACER access to the Southern District of CA's docket and case filings.  Links to other courts' Web PACER sites can be found at http://pacer.psc.uscourts.gov/cgi-bin/links.pl.  An access fee of $.07 per page viewed will be assessed.  Those interested in establishing a PACER account can contact the PACER Service Center at (800) 676-6856 or register on line at www.pacer.psc.uscourts.gov.

Mail & fax related issues, such as incomplete or illegible pages, should be directed to
(619)557-7667.

FILED
05 MAR -3 PM 2:44
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA MCCREREY, | Civil No. 04-2576 WQH (WMc) |
| Plaintiff, | |
| v. | ORDER |
| MERCK & COMPANY, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion to Remand and Defendant's Motion to Stay. The Court takes these matters under submission on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). After considering the arguments raised by the parties in their briefing, the Court now issues the following rulings.

## BACKGROUND

Plaintiff brings this class action law suit against Merck and Company. Merck and Company manufactured and distributed the pain prescription drug VIOXX from 1999 until September 30, 2004. On September 30, 2004, Merck and Company voluntarily withdrew VIOXX from the market after studies showed "increased relative risks for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX

17

1

1  compared to those taking placebo." D's Opposition to Motion to Remand at 2.
2      Shortly after VIOXX was taken off the market, a myriad of cases were filed throughout
3  the nation. On November 29, 2004, Plaintiff filed a case in the Superior Court of the State of
4  California for the County of San Diego. Shortly thereafter, Defendants removed the action to
5  Federal Court. Plaintiffs then filed a Motion to Remand based on Defendant's failure to
6  establish the amount in controversy requirements. Defendant opposes. Concurrently,
7  Defendant filed a Motion to Stay the case pending transfer decision by the Judicial Panel on
8  Multi-District Litigation. Plaintiff did not file a Response to the Motion to Stay, but did
9  advance arguments against staying the case in its Motion to Remand and Reply in support of its
10 Motion to Remand.

## STANDARDS OF REVIEW

### I. Motion to Remand

The burden of establishing federal jurisdiction on removal falls on the party seeking removal. *See Brady v. General Dynamics Corp.*, 915 F.Supp. 1103, 1105 (S.D. Cal. 1996) (Brewster, J.) (citing *Redwood Theatres v. Festival Enters.*, 908 F.2d 477, 479 (9th Cir. 1990)). Courts strictly construe the removal statute, 28 U.S.C. § 1441(a), against removal. *Id.* If the court determines that the removal was improper, 28 U.S.C. § 1447(c) requires remand. *Id.* Under the well-pleaded complaint rule, a federal question exists only if the basis for federal jurisdiction appears on the face of the complaint. *Id.* at 1106. The court will respect a plaintiff's artfully pleaded state law complaint for jurisdictional purposes even if the complaint raises a federal defense, and removal under such circumstances would be improper. *Id.*

### II. Motion to Stay

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. American Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936). The use of this power requires exercise of sound discretion. *Id.*

Additionally, it is necessary to weigh competing interests of those that will be affected by the stay. *Id.* at 254- 255. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("Where it

2

1  is proposed that a pending proceeding be stayed, the competing interests which will be affected
2  by the granting or refusal to grant a stay must be weighed."); *see also Filtrol Corp. v. Kelleher*,
3  467 F.2d 242, 244 (9th Cir. 1972) (quoting *CMAX*). These competing interests include: possible
4  damage which may result from the granting of a stay, the hardship or inequity which a party may
5  suffer in being required to go forward, and the orderly course of justice measured in terms of the
6  simplifying or complicating of issues, proof, and questions of law which could be expected to
7  result from a stay. *CMAX*, 300 F.2d at 268. The moving party "must make out a clear case of
8  hardship or inequity in being required to go forward, if there is even a fair possibility that the
9  stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.

## DISCUSSION

11  There are currently hundreds of VIOXX related cases pending against Defendant
12  nationwide. At least eight of them are pending in California. At least nineteen cases have
13  pending motions to remand. Stays have been entered in over one hundred seventy cases to date.
14  Plaintiff did not file a formal opposition to Defendant's Motion to stay. Instead, Plaintiff
15  argues against entry of a stay and for remand to the state court in its Motion to Remand. Plaintiff
16  argues that Defendant has failed to establish that the amount in controversy requirements have
17  been met. Defendant argues that the amount in controversy requirements are easily met based on
18  Plaintiff's Complaint and prayer for "restitution and/or disgorgement of all 'revenues it has
19  derived in California,' injunctive and equitable relief, attorneys' fees and costs, and further relief
20  as the Court may deem proper."
21  Plaintiff cites to *Conroy v. Fresh Del Monte Produce Inc.*, in support of its argument that
22  this Court *must* consider the motion to remand before entering a stay. *325 F. Supp. 2d 1049 (D.
23  Cal., 2004)*. The *Conroy* Court finds the approach involving initial resolution of a simple
24  Motion to Remand before consideration of a motion to stay. However, *Conroy* explicitly states
25  that the Ninth Circuit has not adopted the approach Plaintiff claims to be binding. *See Conroy v.
26  Fresh Del Monte Produce Inc., 325 F. Supp. 2d 1049, at 1053 (D. Cal., 2004)*. Moreover, the
27  *Conroy* Court held that "[t]he decision to grant or deny a temporary stay of proceedings pending
28  a ruling on the transfer of the matter to the MDL court *lies within this Court's discretion. Conroy*

3

1  *v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1053 (D. Cal., 2004) *(emphasis added)*
2  *citing Landis v. North American Co.*, 299 U.S. 248, 254-55, 81 L. Ed. 153, 57 S. Ct. 163 (1936);
3  *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D.Cal. 1998).
4      Furthermore, in its Order transferring one hundred forty eight VIOXX related cases to the
5  Eastern District of Louisiana, the Judicial Panel on Multi-District Ligation wrote:

> The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings. We note that motions to remand...can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

9      Defendant argues that judicial economy and the need for consistent judicial rulings
10 mandates a stay in this action. Defendant argues that the many cases pending against VIOXX
11 include similar questions of fact and law, and Defendant would be prejudiced by a refusal to stay
12 the case. In support of its argument, Defendant filed copies of complaints filed in similar
13 VIOXX actions asking for similar relief. Defendant also argues that discovery will likely be
14 very similar in many of the cases, and that without coordination, potential witnesses could
15 conceivably be called in jurisdictions nationwide. While none of the complaints are identical,
16 each is based on Defendant's role in the production and manufacture of VIOXX.
17     Additionally, Defendant argues that other District Courts in this Circuit have granted
18 motions to stay even despite a pending motion to remand based on amount in controversy
19 requirements. For example, in *Wright v. Merck & Co Inc*, CV 04-3037-PHX-SRB the Court
20 stated:

> Whether this case satisfies the amount in controversy requirement for jurisdictional purposes and whether class member claims can be aggregated are issues common to many of the cases which will be considered for consolidation by the Judicial Panel on Multi-District Litigation. While this Court is not required to stay consideration of the Motion to Remand, it concludes that it would be in the best interests of judicial economy and consistency to stay this case until the determination of its transfer by the Judicial Panel on Multi-District Litigation.
> *Wright v. Merck & Co Inc*, CV 04-3037-PHX-SRB

26     This Court also finds that judicial economy and consistency will be best served by a stay
27 in this case, pending transfer decision by the Judicial Panel on Multi-District Litigation. The case
28 involves similar issues of fact and law as those being transferred to the MDL. The Court finds

that neither party will be prejudiced by granting the Motion to Stay. The Court acknowledges the arguments against stay advanced by Plaintiff in its Motion to Remand and Reply in support of Motion to Remand. However, the Court also notes the lack of a formal Response being filed in opposition to the Motion to Stay specifically addressing each of the issues raised in the Motion to Stay. Furthermore, upon a review of the pleadings, the Court finds that the jurisdictional issues raised in the Motion to Remand can be decided either by the MDL, or post transfer decision by the MDL.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. American Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936). The use of this power requires exercise of sound discretion. *Id.* Accordingly, the Court will use its discretion and enter a stay in this action.

## CONCLUSION AND ORDER

The Court finds that for judicial economy and consistency purposes, this matter shall be stayed pending a transfer decision by the Judicial Panel on Multi-District Litigation. Plaintiff's Motion to Remand will be denied, with leave to renew if transfer is denied. If transfer is denied, Plaintiffs shall notify the Court and file a Notice of Renewal within 10 Court days. Accordingly,

**IT IS ORDERED** this matter is hereby **STAYED** pending transfer decision by the Judicial Panel on Multi-District Litigation.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Remand is **DENIED** with leave to renew if transfer is denied.

**IT IS FURTHER ORDERED** if transfer is denied, Plaintiffs shall notify the Court and file a Notice of Renewal within 10 Court days.

**IT IS SO ORDERED.**

Dated: 3/2/06

WILLIAM Q. HAYES
United States District Judge

cc: Magistrate Judge McCurine
All Counsel of Record

5