# APPENDIX F

LEXSEE

KATHERINE BENJAMIN VERSUS BAYER CORPORATION, ET AL.

CIVIL ACTION NO: 02-0886 SECTION: "R"

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

2002 U.S. Dist. LEXIS 9157

May 16, 2002, Decided
May 16, 2002, Filed, Entered

**DISPOSITION:** [*1] Defendants' motion for stay of proceedings GRANTED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff consumer sued defendants, manufacturers and retailers, alleging in state court that she suffered injury from ingesting medicinal ingredients in medications made by the manufacturers and sold by the retailers. Defendants removed the action to federal court, the consumer moved to remand to state court, and defendants moved to stay proceedings pending the potential transfer of the action for consolidation with similar cases.

**OVERVIEW:** Defendants contended that the forum resident retailers were fraudulently joined in the action solely to defeat diversity jurisdiction, and that the stay was warranted since a transfer of the action to a district considering cases involving the same medication could provide uniform rulings. The court held that the action should be stayed pending a decision concerning transfer of the action, since the issues involved in the consumer's requested remand were likely to be common to the similar transferred cases involving nondiverse retail sellers.

**OUTCOME:** Defendants' motion to stay the proceedings was granted.

**CORE TERMS:** transferred, western district, nondiverse, transfer order, transferee, redhibition, pre-trial

**LexisNexis(R) Headnotes**

*Governments > Courts > Authority to Adjudicate*
[HN1] The pendency of a transfer order does not in any way defeat or limit the authority of the court to rule upon matters properly presented to it for decision.

*Civil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
[HN2] The decision whether to stay proceedings is discretionary, and the exercise of discretion is guided by the policies of justice and efficiency.

*Civil Procedure > Venue > Coordination for Trial*
*Civil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
[HN3] Judicial economy is served by a stay pending a transfer if the issues involved in a pending remand motion are likely to arise in the cases that have been or will be transferred. The transferee judge certainly has the power to determine the question of remand, and if the remand issues are common to many of the cases, decisions by the transferee judge would avoid duplicative discovery and conflicting pretrial rulings.

**COUNSEL:** For CATHERINE - BENJAMIN, plaintiff: Stuart Housel Smith, Michael G. Stag, Raphael Juneau, Jr., Smith & Harang, LLC, Barry James Cooper, Jr., Cooper Law Firm, LLC, New Orleans, LA.

For BAYER CORPORATION, defendant: John Francis Olinde, Charles P. Blanchard, Mary Laura Meyer, Chaffe, McCall, Phillips, Toler & Sarpy, LLP, New Orleans, LA.

For GLAXOSMITHKLINE PLC, defendant: James B. Irwin, V, Kim E. Moore, Vanessa Melida Otero, Irwin Fritchie Urquhart & Moore, LLC, New Orleans, LA.

For BRISTOL-MYERS SQUIBB COMPANY, defendant: Monica Tufano Surprenant, Jena W. Smith, Baldwin & Haspel, LLC, New Orleans, LA.

For CHATTEM INC, defendant: Vance Arnold Gibbs, Pamela Roman Mascari, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, LLP, Baton Rouge, LA.

For WALGREEN LOUISIANA CO., INC., defendant: Jack Etherton Truitt, The Truitt Law Firm, Madisonville, LA.

For K&B LOUISIANA CORPORATION, defendant: W. Paul Andersson, Leake & Andersson, LLP, New Orleans, LA.

**JUDGES:** SARAH S. VANCE, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** SARAH S. VANCE

**OPINION:**

### ORDER AND REASONS

Before the Court is defendants' motion for [*2] a stay. For the following reasons, the Court grants the motion.

### I. BACKGROUND

On November 7, 2001, Katherine Benjamin filed a petition for damages in state court against the Bayer Corporation, Glaxo Smithkline PLC, Bristol-Meyers Production Division, Chattem, Inc., Walgreen Louisiana Company, Inc. (d/b/a Walgreens), and K&B of Louisiana Corporation (d/b/a "Rite Aid"). Plaintiff seeks damages for injuries she allegedly sustained as a result of ingesting Alka-Seltzer Plus Cold Medicine, Comtrex, Contac 12-Hour, and Dexatrim, four over-the-counter medications that contain Phenylpropanolamine (PPA). Defendants removed the case to this Court on March 25, 2002, invoking the Court's diversity jurisdiction. Defendants move to stay all proceedings pending transfer by the Judicial Panel on Multidistrict Litigation. Defendants maintain that a stay is appropriate pending a determination by the MDL on whether to transfer the case to the Western District of Washington because it will conserve judicial resources, and it will avoid the risk of inconsistent pre-trial rulings. In opposition to defendants' motion, plaintiff contends that this Court is better suited to rule on the issues of [*3] Louisiana law implicated in plaintiff's complaint and in plaintiff's pending motion to remand. Plaintiff also contends that a stay will delay the matter and cause her unnecessary expense.

### II. DISCUSSION

[HN1] "The pendency of the transfer order does not in any way defeat or limit the authority of this Court to rule upon matters properly presented to it for decision." *Calvin Boudreaux v. Metropolitan Life Ins. Co.*, 1995 U.S. Dist. LEXIS 2656, 1995 WL 83788, *1 (E.D. La. 1995)(citing *In re Air Crash at Paris, France*, 376 F. Supp. 887 (JPML 1974)). [HN2] The decision whether to stay proceedings is discretionary, and the exercise of discretion is guided by the policies of justice and efficiency. *Id.*

[HN3] Judicial economy would be served by a stay pending the transfer if the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred to the Western District of Washington. *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). The transferee judge "certainly has the power to determine the question of remand," and if the remand issues are common to many of the PPA cases, decisions by the transferee judge would avoid "duplicative discovery [*4] and conflicting pretrial rulings." *Calvin Boudreaux*, 1995 U.S. Dist. LEXIS 2656, 1995 WL 83788 at *2 (quoting *In re Air Crash Disaster at Florida*, 368 F. Supp. 812, 813 (JPML 1973)).

Here, defendants challenge the joinder of the nondiverse defendants, Walgreens and K&B, on a number of grounds. For example, defendants claim that some of plaintiff's Louisiana redhibition claims are time-barred and that even viewing the undisputed facts in the light most favorable to plaintiff, no reasonable basis exists under which plaintiff could prevail against the nondiverse defendants. As Magistrate Judge Kirk noted in a ruling on a motion to stay in a PPA case in the Western District of Louisiana, there are numerous cases in districts throughout Louisiana alleging damages as a result of the ingestion of PPA in which the plaintiffs assert Louisiana redhibition claims against nondiverse retail sellers. *See* Bayer's Ex. N, *James Bowman v. Bayer Corporation, et al.*, No. 01-1802-A, at 2. Additionally, a number of cases involving PPA have been consolidated and transferred to the Western District of Washington, including a case out of the Western District of Louisiana, and many other Louisiana [*5] cases have been conditionally transferred and await a final ruling. *See* Bayer's Ex. B, *In re Phenylpropanolamine (PPA) Products Liability Litigation*, Transfer Order, MDL No. 1407, August 28, 2001. The Court finds that because the issues involved in this remand are likely to be common to other transferred cases, the policies of efficiency and consistency of pre-trial rulings are furthered by a stay of the proceedings in this Court pending a decision on the transfer of this case to the MDL.

III. Conclusion

For the foregoing reasons, the Court GRANTS defendants' motion for a stay of the proceedings.

New Orleans, Louisiana, this 16th day of May, 2002.

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE