# APPENDIX G

LEXSEE

NATIONAL CREDIT REPORTING ASSOCIATION, INC., Plaintiff, v. EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX, INC., and TRANSUNION, LLC, and DOES 1 through 50, inclusive Defendants.

No. C 04-01661 WHA

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

2004 U.S. Dist. LEXIS 17303; 2004-2 Trade Cas. (CCH) P74,567

July 21, 2004, Decided

**DISPOSITION:** Defendant's motion to remand was denied. Defendant's motion to transfer was granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant credit reporting companies sought transfer of venue after removing under 28 U.S.C.S. § 1441(b) an action under Cal. Bus. & Prof. Code § 17200 that was filed in state court by plaintiff, a non-profit trade organization of independent consumer credit reporting agencies. Plaintiff filed a motion for remand.

**OVERVIEW:** Plaintiff's complaint asserted a violation of § 17200 on unlawful business practices in addition to unfair and deceptive business practices. Further, plaintiff specifically referenced a violation of federal antitrust laws despite asserting a single state law claim. Based on the allegations in the complaint, defendants removed the action asserting federal question jurisdiction. Defendants argued that plaintiff's complaint alleged claims for monopolization and attempted monopolization, which could be only redressed under 15 U.S.C.S. § 2 of the Sherman Act. Because plaintiff's Cal. Bus. & Prof. Code § 17200 claim required an interpretation of the Sherman Act, the court held that removal was proper under the artful pleading doctrine. The court rejected plaintiff's contention that its claim under § 17200 was immune from removal because § 17200 provided a separate and independent claim despite resting on violations of federal antitrust laws. The court granted defendants' motion for transfer of venue because several of plaintiff's members had filed a similar complaint under 15 U.S.C.S. § 2 in another federal district court.

**OUTCOME:** The court denied plaintiff's motion for remand. The court granted defendants' motion to transfer the action to the United States District Court for the Central District of California.

**CORE TERMS:** antitrust laws, federal law, removal, unfair, federal question, monopolization, deceptive, borrowed, Sherman Act, cause of action, predicated, artful, anticompetitive, federal-question, asserting, state-law, rested, wrongful conduct, state law, immunity, tariff, unfair competition, fraudulent, Federal Powers Act, federal jurisdiction, present action, distinguishable, well-pleaded, regulation, incidental

**LexisNexis(R) Headnotes**

*Civil Procedure > Removal > Basis for Removal*
*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Federal Question Jurisdiction*
[HN1] A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction. 28 U.S.C.S. § 1441(b). Federal question jurisdiction is governed by the "well-pleaded complaint" rule which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. As the master of his or her complaint, a plaintiff may by eschewing claims based on federal law, choose to have the cause be heard in state court. A plaintiff, however, may not defeat removal by omitting to plead necessary federal questions in a complaint. A federal court may exercise removal under the "artful pleading" doctrine even if a federal question does not appear on the face of the complaint. The artful pleading doctrine occurs in three circumstances: (1) where federal law completely preempts state law; (2) where the claim is necessarily federal in character; or (3)

Case 3:06-cv-00018-TMB   Document 19-9   Filed 02/21/2006   Page 3 of 7

2004 U.S. Dist. LEXIS 17303, *; 2004-2 Trade Cas. (CCH) P74,567

where the right to relief depends on the resolution of a substantial, disputed federal question.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Federal Question Jurisdiction*
[HN2] A claim raises a substantial federal question when its resolution requires reference to or interpretation of federal law.

*Torts > Business & Employment Torts > Unfair Business Practices*
[HN3] Cal. Bus. & Prof. Code § 17200 essentially prohibits three different types of wrongful business practice: (1) unlawful business practices; (2) unfair business practices; or (3) fraudulent or deceptive business practices. Each type is a separate and distinct theory from which to assert a violation of § 17200. In other words, a practice may be prohibited as unfair or deceptive even if not unlawful and vice versa.

*Torts > Business & Employment Torts > Unfair Business Practices*
*Trademark Law > Federal Unfair Competition Law > General Overview*
[HN4] To assert a claim for unlawful business practices, Cal. Bus. & Prof. Code § 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.

*Antitrust & Trade Law > Monopolization > Attempts to Monopolize*
*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Federal Question Jurisdiction*
*Antitrust & Trade Law > Monopolization > Actual Monopolization*
[HN5] Federal courts have exclusive jurisdiction over claims for monopolization and attempted monopolization because California's antitrust laws do not address such unilateral, monopolization conduct.

*Civil Procedure > Removal > Basis for Removal*
*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Federal Question Jurisdiction*
*Torts > Business & Employment Torts > Unfair Business Practices*
[HN6] Immunity from removal does not exist under Cal. Bus. & Prof. Code § 17200. Even if § 17200 provides for a separate remedy for a violation of borrowed federal law, the "unlawful" prong of § 17200 necessarily requires a determination that the borrowed federal law was violated. When the borrowed law is a federal law, then the claim for unlawful business practices rests on resolution of the federal law. Such an unlawful claim may be removed because the federal law is essential to the claim.

*Civil Procedure > Removal > Basis for Removal*
*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Federal Question Jurisdiction*
[HN7] The United States Court of Appeals for the Ninth Circuit consistently upholds removal where a state-law claim is predicated upon federal law. The rule that state law claims cannot be alchemized into federal causes of action by incidental reference has no application when relief is particularly predicated on a subject matter committed exclusively to federal jurisdiction.

**COUNSEL:** [*1] For National Credit Reporting Association Inc., Plaintiff: Dennis Stewart, Hulett Harper Stewart LLP, San Diego, CA. Edward M. Gergosian, Gergosian & Gralewski LLP, San Diego, CA. James Samuel Baum, Schrag & Baum, Berkeley, CA. Michael J. Flannery, The David Danis Law Firm, PC, St. Louis, MO. Robert J. Gralewski, Jr., Gergosian & Gralewski LLP, San Diego, CA. STEPHANIE L. DIERINGER, ESQ., Hulett Harper Stewart LLP, San Diego, CA. Thomas F. Schrag, Schrag & Baum, Berkeley CA.

For Experian Information Solutions Inc., Defendant: Eric Patrick Enson, JONES DAY, Los Angeles, CA. Jason C. Murray, Los Angeles, CA. Thomas R. Malcolm, Los Angeles, CA. Thomas Demitrack, Jones Day, North Point, Cleveland, OH.

For Equifax, Inc.: Howard Mark Ullman, Orrick, Herrington & Sutchliffe LLP, Old Federal Reserve Bank, San Francisco, CA. Jessie William Markham, Jr., Morrison & Foerster LLP, San Francisco, Ca. William A. Molinski, Orrick, Herrington & Sutcliffe LLP, Los Angeles, CA.

For Trans Union LLC: Gerald S. Ohn, Stroock Stroock & Lavan LLP, Los Angeles, CA. Julia B. Strickland, Stroock & Stroock & Lavan LLP, Los Angeles, CA. Stephen J. Newman, STROOCK & STROOCK & LAVAN LLP, Los Angeles, [*2] CA.

**JUDGES:** WILLIAM ALSUP, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** WILLIAM ALSUP

**OPINION:**

Case 3:06-cv-00018-TMB   Document 19-9   Filed 02/21/2006   Page 4 of 7

2004 U.S. Dist. LEXIS 17303, *; 2004-2 Trade Cas. (CCH) P74,567

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AND GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE**

**INTRODUCTION**

This order addresses whether the presence of an embedded federal issue within a state-created cause of action defeats plaintiff's motion for remand. Plaintiff contends that its claim under Section 17200 of the California Business and Professions Code is immune from removal because Section 17200 provides a separate and independent claim despite resting on violations of federal antitrust laws. This order disagrees. No such blanket immunity from removal exists. Because plaintiff alleged violations of federal antitrust laws in its complaint as the predicate for an "unlawful" practice, its Section 17200 claim necessarily requires resolution of federal law. Accordingly, plaintiff's motion for remand is **DENIED**. In that connection, defendants' motion for transfer is **GRANTED** since plaintiff's sole opposition to transfer was its arguments for remand.

**STATEMENT**

Plaintiff is a non-profit trade organization of independent consumer credit reporting agencies, commonly known as "credit [*3] resellers." Plaintiff filed its complaint against defendants in the Superior Court for Alameda County on March 25, 2004. Therein, plaintiff alleged that each defendant had significant market power as one of the three dominant repositories of consumer credit information (Compl. PP 12-15). With monopolistic power, defendants supposedly engaged in numerous anticompetitive acts (Compl. PP 5-6, 12-15, 20-22, 43-47, 49, 51-55). Plaintiff asserted that such conduct violated both state and federal antitrust laws (Compl. P 56) (emphasis added):

> Defendants' wrongful conduct described above (i) *violates state and federal antitrust laws* and threatens incipient violations of those laws and violates the policy and spirit of those laws because the effects of Defendants' conduct are comparable to or the same as a violation of those laws, and (ii) significantly threatens to harm competition in the credit information industry.

Although the complaint asserted violations of state and federal antitrust laws, it did not assert a cause of action under any specific antitrust law, state or federal. Instead, the complaint alleged a single cause of action for violations of California Business and Professions Code Section 17200 [*4]. In its only cause of action, plaintiff alleged in relevant part (emphasis added):

> 59. Section 17200 defines unfair competition to mean and include any "unlawful, unfair or fraudulent business act."
>
> 60. For the reasons stated in this complaint, Defendants' unfair, *unlawful and* deceptive business acts and practices described herein present a continuing threat to all California consumers.

Based on these allegations in the complaint, defendants removed the action asserting federal-question jurisdiction. In their notice of removal, defendants argued that plaintiff's complaint has only alleged claims for monopolization and attempted monopolization, which could be only redressed under Section 2 of the Sherman Act. Defendants also represented that, concurrently with this present action, twenty-four of plaintiff's members had filed a similar complaint but alleging violations of Section 2 of the Sherman Act in a separate action in a federal court in the Central District of California.

Now, defendants seek to transfer this action to the Central District of California. While defendants seek transfer of venue, plaintiff seeks remand, its only response to the transfer motion. [*5] Accordingly, both motions are considered herein.

**ANALYSIS**

**1. LEGAL STANDARD FOR REMOVAL AND REMAND.**

Defendants herein assert that original jurisdiction would have been proper under federal-question jurisdiction. [HN1] A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction. 28 U.S.C. 1441(b). Federal-question jurisdiction is governed by the "well-pleaded complaint" rule which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). As the master of his or her complaint, a plaintiff may "by eschewing claims based on federal law, choose to have the cause be heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399, 96 L. Ed. 2d 318, 107 S. Ct. 2425(1987).

A plaintiff, however, may not defeat removal by omitting to plead necessary federal questions in a complaint. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22,

Case 3:06-cv-00018-TMB   Document 19-9   Filed 02/21/2006   Page 5 of 7

2004 U.S. Dist. LEXIS 17303, *; 2004-2 Trade Cas. (CCH) P74,567

77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983). [*6] A federal court may exercise removal under the "artful pleading" doctrine even if a federal question does not appear on the face of the complaint.

*Arco Environmental Remediation, L.L.C. v. Dep't of Health & Environmental Quality of the State of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000). The artful pleading doctrine occurs in three circumstances: (1) where federal law completely preempts state law; (2) where the claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question. *Ibid.*

### 2. PLAINTIFF'S SECTION 17200 CLAIM.

Applying this standard to the facts of this case, the complaint asserts only one cause of action under Section 17200. Thus, on its face, the complaint does not assert any federal claims. Plaintiff's complaint, however, may still be removed under the artful pleading doctrine if it is predicated on a violation of federal antitrust laws. n1

---

n1 This order does not address whether the artful pleading doctrine applies under the first two circumstances where it has been applied. Neither parties have argued that federal antitrust laws completely preempt state equivalents nor have defendants argued that plaintiff's Section 17200 claim is necessarily federal in character.

---

[*7]

Defendants contend that plaintiff's complaint requires resolution of a substantial federal question. [HN2] A claim raises a substantial federal question when its resolution requires reference to or interpretation of federal law. *Hendricks v. Dynegy Power Marketing, Inc.*, 160 F. Supp. 2d 1155, 1162 (S.D. Cal. 2001). As discussed below, plaintiff's Section 17200 claim requires an interpretation of the Sherman Act. Thus, removal was proper under the artful pleading doctrine.

#### A. Unlawful Business Practices.

Section 17200 [HN3] essentially prohibits three different types of wrongful business practice: (1) unlawful business practices; (2) unfair business practices; or (3) fraudulent or deceptive business practices. *See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180, 83 Cal. Rptr. 2d 548, 973 P.2d 527 (1999); *Committee on Children's Television v. General Foods Corp.*, 35 Cal. 3d 197, 211, 197 Cal. Rptr. 783, 673 P.2d 660 (1983). Each type is a separate and distinct theory from which to assert a violation of Section 17200. "In other words, a practice [may be] prohibited as unfair' or deceptive' even if not unlawful' and vice versa." *Cel-Tech*, 20 Cal. 4th at 180. [*8]

While asserting only one claim for relief under Section 17200, plaintiff has alleged that defendants committed "unfair, unlawful *and* deceptive business actions and practices" (Compl. P 60) (emphasis added). Thus, it asserted that defendants committed all three different types of wrongful conduct. Plaintiff's allegations of unlawful business practices justifies removal of this case.

[HN4] To assert a claim for unlawful business practices, "Section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech*, 20 Cal. 4th at 180 (internal quotation marks omitted). Herein, plaintiff has borrowed federal antitrust laws. Plaintiff has alleged that "defendants' wrongful conduct described above (i) violated state *and federal antitrust laws*" (Compl. P 56). At the hearing, plaintiff's counsel clarified that the phrase "federal antitrust laws" refers to the Sherman Act. As the master of its complaint, plaintiff could have avoided any issue of federal question and, instead, could have simply borrowed state antitrust laws. But it did not. Rather, plaintiff's claim for unlawful business [*9] practices necessarily rests on questions of federal antitrust law.

On the face of its complaint, it also appears that plaintiff could not have avoided borrowing Section 2 of the Sherman Act. In the complaint, plaintiff alleged that each defendant used its significant market power to engage in anticompetitive practices. Defendants' anticompetitive conduct supposedly had "the effect of lessening competition and promoting the acquisition and maintenance of monopoly power of the Defendants in this market" (Compl. P 1; *see also id.* PP 4-6, 15, 22, 47, 57). The complaint was void of any allegations of an agreement or a conspiracy to act among defendants. Thus, the gravamen of plaintiff's complaint was that each defendant had unilaterally engaged in anticompetitive conduct to maintain or augment its monopoly. Thus, plaintiff seems to have asserted only claims for monopolization or attempted monopolization under Section 2 of the Sherman Act. [HN5] Federal courts have exclusive jurisdiction over such claims because California's antitrust laws do not address such unilateral, monopolization conduct. *Dimidowich v. Bell & Howard*, 803 F.2d 1473, 1478 (9th Cir. 1986) ("No California [*10] statute deals expressly with monopolization or attempted monopolization").

Plaintiff contends that it has not raised a federal question because Section 17200 provides, arguably, for an independent state-authorized remedy in addition to those authorized under the borrowed federal law. [HN6]

Case 3:06-cv-00018-TMB   Document 19-9   Filed 02/21/2006   Page 6 of 7

2004 U.S. Dist. LEXIS 17303, *; 2004-2 Trade Cas. (CCH) P74,567

Immunity from remover, however, does not exist. Even if Section 17200 provides for a separate remedy for a violation of the borrowed federal law, the "unlawful" prong of Section 17200 necessarily requires a determination that the borrowed federal law was violated. See Chavez v. Whirlpool Corp., 93 Cal. App. 4th 363, 374, 113 Cal. Rptr. 2d 175 (2001) (dismissing claim for unlawful business practice after finding no violation of the underlying state law). When the borrowed law is a federal law, then the claim for unlawful business practices rests on resolution of the federal law. Such an unlawful claim may be removed because the federal law is essential to the plaintiff's claim. See, e.g., People of the State of Cal., ex rel Lockyer v. Dynegy, Inc., 375 F.3d 831, 841 (9th Cir. 2004) (affirming removal of Section 17200 claim because it was predicated on federal law).

Plaintiff [*11] contends that its immunity argument is supported by Schwartz v. Visa Int'l Corp., No. C 00-03955 THE, 2001 U.S. Dist. LEXIS 105 (N.D. Cal. Jan. 8, 2001). Schwartz, however, is distinguishable. Unlike the present action, the Schwartz defendants conceded that the complaint provided no basis for removal. 2001 U.S. Dist. LEXIS 105, at *7. Moreover, to the extent Schwartz appears to immunize removal of the Section 17200 claim, it is inconsistent with Ninth Circuit law.

[HN7] The Ninth Circuit has consistently upheld removal where the state-law claim was predicated upon federal law. See, e.g., Dynegy, 375 F.3d 831, 841 (9th Cir. 2004); Sparta Surgical Corp. v. National Assoc. of Sec. Dealers, Inc., 159 F.3d 1209, 1212-13 (9th Cir. 1998) (affirming removal because the state-law claims were predicated upon NASD regulations issued pursuant to federal securities law); Brennan v. Southwest Airlines Co., 134 F.3d 1405, 1409 (9th Cir. 1998) (holding that plaintiff's Section 17200 claim was inherently federal because it sought refund of tax governed exclusively by federal law). In Dynegy, the Ninth Circuit held that [*12] an action alleging unfair competition under Section 17200 was inherently federal because plaintiff's claim rested entirely on alleged violations of federal tariff obligations under the Federal Power Act. Dynegy, 375 F.3d at 839. Though the plaintiff's complaint only asserted state-law claims, it cited the tariffs filed with Federal Energy Regulatory Commission, which was subject to the Federal Power Act. 375 F.3d at 835, 843 The tariffs filed directly implicated the federal regulatory regime. Thus, the Ninth Circuit reasoned that there must be a finding of a violation of the federal law before any state law liability on Section 17200 could exist. 375 F.3d at 841. Similarly in Sparta, the Ninth Circuit explained that plaintiff had challenged the conduct of the National Association of Security Dealers ("NASD") and thus "if NASD's action conformed to the rules, there can be no viable cause of action." 159 F.3d at 1212. Consequently, the Ninth Circuit reasoned that "the rule that state law claims cannot be alchemized into federal causes of action by incidental reference . . . has no application when relief is particularly predicated on a subject matter [*13] committed exclusively to federal jurisdiction." Id. at 1212-13.

As in Dynegy and Sparta, plaintiff herein has specifically referenced a violation of federal antitrust laws in the complaint despite asserting a single state-law claim. For a finding of "unlawful" business practices under Section 17200, there must first be resolution of federal antitrust laws, namely the Sherman Act which counsel admits he is asserting. Plaintiff's claim is merely a naked attempt to enforce the Sherman Act in the guise of a Section 17200 claim and remedy.

At the hearing, plaintiff also argued that its reference to federal antitrust laws was merely an incidental reference which is unnecessary to its Section 17200 claim. n2 In essence, plaintiff contends that its Section 17200 claim rests on its allegations of unfair and deceptive business practices. This order disagrees. As discussed above, plaintiff has asserted a violation of Section 17200 on unlawful business practices *in addition to* unfair and deceptive business practices. In the complaint, plaintiff recognized that Section 17200 sets forth three disjunctive theories upon which relief could be granted: "Section 17200 defines [*14] unfair competition to mean and include any unlawful, unfair *or* fraudulent business act" (Compl. P 59) (emphasis added). Yet, in the following paragraph, the complaint asserted that defendants committed all three types of wrongful conduct: "For the reasons stated in this complaint, defendants' unfair, unlawful *and* deceptive business acts and practices described herein present a continuing threat to all California consumers" (*id.* P 60) (emphasis added). The complaint alleged unlawful business practices which rested on federal law. Plaintiff cannot at this juncture re-write its complaint.

n2 Also at the hearing, plaintiff raised for the first time that it would have no standing to assert a federal claim under the Sherman Act. This order does not address the standing issue since plaintiff did not brief the issue in its motion. Moreover, the issue is moot since defendants expressly conceded that plaintiff does have standing.

In that connection, the complaint herein is distinguishable from those considered [*15] in *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033 (9th Cir. 2003), and *Hendricks v. Dynegy Power Marketing, Inc.,*

Case 3:06-cv-00018-TMB   Document 19-9   Filed 02/21/2006   Page 7 of 7

2004 U.S. Dist. LEXIS 17303, *; 2004-2 Trade Cas. (CCH) P74,567

160 F. Supp. 2d 1155 (S.D. Cal. 2001). In *Lippitt*, the plaintiff asserted a Section 17200 claim, challenging the marketing practices associated with certain brokerage firms. 340 F.3d at 1036. The defendants contended that the Section 17200 claim rested on resolution of federal regulations governing brokerage firms. The Ninth Circuit, however, disagreed with the defendants. The *Lippitt* court construed the complaint to allege fraud and deceptive advertising practices rather than any violation of federal regulation. *Id.* at 1042-43. Thus, it noted "unlike the situation in *Sparta* . . ., a state court need not inquire into NYSE regulations, or even refer to federal law, in the case before us." *Id.* at 1045.

Similarly, in *Hendricks*, the district court determined that no claim rested on federal law. 160 F. Supp. 2d at 1156-57. The *Hendricks* plaintiff alleged that the defendants engaged in anticompetitive conduct by artificially inflating the prices of electricity. [*16] The plaintiff contended that such conduct violated California's Cartwright Act and Section 17200. *Id.* at 1156. The defendants argued that plaintiff's complaint essentially challenged the rates which were governed by the Federal Powers Act. The district court, however, disagreed and reasoned that liability under the Cartwright Act for combination in restraint of trade did not depend on resolution of the Federal Powers Act. *Id.* at 1163.

Unlike *Lippitt* and *Hendricks*, plaintiff herein specifically alleged that defendants committed unlawful business practices by violating federal antitrust laws in addition to any state antitrust laws. This distinction is crucial. Plaintiff has made a Sherman Act bed and must now lie in it.

**CONCLUSION**

In sum, plaintiff's complaint specifically referenced violation of federal antitrust laws for its claim of unlawful business practices. Accordingly, its Section 17200 claim requires resolution of federal law. Accordingly, plaintiff's motion for remand is **DENIED**; defendants' motion to transfer venue is **GRANTED**. The **Clerk** shall transfer this action to the United States District Court for the [*17] Central District of California.

**IT IS SO ORDERED.**

Dated: July 21, 2004.

WILLIAM ALSUP

UNITED STATES DISTRICT JUDGE