EXHIBIT 3

 

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2005-9085                    DIVISION ""        

CHARLES C. FOTI, JR., in his Official Capacity as the Attorney General
for the STATE OF LOUISIANA, as *parens patriae* on behalf of the STATE OF LOUISIANA
and the CITIZENS OF THE STATE OF LOUISIANA, The STATE OF LOUISIANA, and the
LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS

versus

MERCK & CO., INC.

FILED:_____          _____
                                        DEPUTY CLERK

## PETITION FOR INJUNCTIVE RELIEF AND DAMAGES

NOW COME PETITIONERS, CHARLES C. FOTI, JR., a person of the full age of majority,

and who currently holds the position of Attorney General for the State of Louisiana, as *parens*

*patriae* on behalf of the State of Louisiana and its citizens, THE STATE OF LOUISIANA (the

"State"), and the LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS ("DHH")

(hereinafter sometimes referred to collectively as "Petitioners"), and bring this action for injunctive

relief, restitution and other damages under the laws of the State of Louisiana against the above-

named defendant. This case involves the non-steroidal anti-inflammatory drug rofecoxib designed,

formulated, promoted, sold and distributed by the defendant in the United States as Vioxx®

("Vioxx") from May, 1999 until its withdrawal from the market on September 30, 2004. Vioxx, as

compared to other drugs in its class, caused a high incidence of injury among those individuals who

ingested Vioxx, including, but not limited to heart attacks, strokes, sudden cardiac death, or death.

For their Petition against the Defendant, Petitioners assert the following:

1.

Made Defendant herein is the following party:

A.     **MERCK & CO., INC.**, a foreign corporation licensed to do and doing business in
       Louisiana, is a New Jersey corporation with its principal place of business in New
       Jersey. At all times relevant hereto, Merck & Co., Inc. was engaged in the business
       of licensing, manufacturing, distributing, and/or selling, either directly or indirectly,
       through third-parties or related entities, the pharmaceutical prescription drug Vioxx®
       ("Vioxx" or the "Product"). Petitioners allege on information and belief that Merck
       & Co., Inc. does business in Louisiana and the Parish of Orleans and that at all times
       relevant hereto it developed, manufactured, and sold in interstate commerce and in
       Louisiana, Parish of Orleans, the aforementioned product.

1

VERIFIED
Joyce Boyd
Deputy Clerk

Exhibit 3
Page 1 of 18

 

2.

Venue is proper in Orleans Parish pursuant to La. Rev. Stat. Ann. art. 74, and La. Rev. Stat. Ann. § 51:1401, et seq., because advertisements, communications, marketing, sales of Vioxx and/or other conduct occurred in Orleans Parish and caused damage to many Vioxx users in Orleans Parish, for whom Petitioners made substantial state Medicaid payments for Vioxx use.

3.

Petitioners bring this action pursuant to Louisiana Constitution Art. 4, §8, La. Rev. Stat. Ann. §§ 13:5036, and 51:1401, et seq., including, but not limited to §§ 51:1405, 1407, 1408, and 1409, to obtain permanent injunctive relief, restitution, other monetary damages, costs of this suit, reasonable attorney's fees, and any and all other, further, and different relief to which Petitioners may be entitled against the Defendant by reason of the Defendant's violations of law.

4.

The acts charged in this Petition as having been done by the Defendant, were authorized, ordered and/or done by its officers, agents, employees, or representatives while actively engaged in the management and conduct of the Defendant's business or affairs.

5.

This Court has jurisdiction over this action because the Defendant is doing business or has done business in the State of Louisiana and has had sufficient contact with the State of Louisiana to meet due process requirements as the Defendant, directly or through agents acting with actual and/or apparent authority, has:

    (a)    transacted business in this state;

    (b)    contracted to supply or obtain services or goods in this state;

    (c)    intentionally availed itself of the benefits of doing business in this state;

    (d)    produced, promoted, sold, marketed and/or distributed its products or services in this state and, thereby, has purposefully profited from its access to this state's markets;

    (e)    caused tortious damage by act or omission in this state;

    (f)    caused tortious damage in this state by act or omission committed outside this state while (i) regularly doing or soliciting business in this state and/or (ii) engaging in other persistent courses of conduct within this state and/or (iii) deriving substantial revenue from goods used or consumed or services rendered in this state; and

2

Exhibit 3
Page 2 of 18

 

(g)    committed acts and omissions which the Defendant knew or should have known would cause damage and, in fact, did cause damage in this state to the Petitioners while (i) regularly doing or soliciting business in this state, and/or (ii) engaging in other persistent courses of conduct within this state and/or (iii) deriving substantial revenue from goods used or consumed or services rendered in this state.

### FACTUAL ALLEGATIONS

6.

This case involves a prescription drug whose chemical name is rofecoxib, that was designed to treat osteoarthritis, rheumatoid arthritis, acute pain, and migraines. Rofecoxib was designed, formulated, patented, marketed, sold, and ultimately distributed by the Defendant under the brand name "Vioxx".

7.

Osteoarthritis, or degenerative joint disease, is characterized by the breakdown of the joint's cartilage (which cushions the ends of bones). Cartilage breakdown causes bones to rub against each other, leading to pain and loss of movement. Rheumatoid arthritis is a chronic syndrome characterized by inflammation in the lining of the joints, causing pain, stiffness, warmth, redness and swelling, leading to pain and loss of movement.

8.

Vioxx is in a class of drugs called non-steroidal anti-inflammatory drugs ("NSAIDs"). Vioxx reduces substances that cause inflammation, pain and fever. Prostaglandins are chemicals that are important in promoting inflammation and its symptoms (pain, fever, swelling and tenderness). Vioxx blocks an enzyme named COX-2 that makes prostaglandins thereby reducing the amounts of prostaglandins, and reducing inflammation and its symptoms.

9.

The United States Food and Drug Administration ("FDA") first approved Vioxx in May, 1999 for the reduction of pain and inflammation caused by osteoarthritis, acute pain and menstrual pain. Vioxx was subsequently approved to treat rheumatoid arthritis in adults and children.

3

Exhibit 3
Page 3 of 18

 

10.

In June 2000, Merck submitted a safety study to the FDA entitled "Vioxx Gastrointestinal Outcomes Research" or "VIGOR" that found an increased risk of serious cardiovascular events, including heart attacks and strokes in patients taking Vioxx.

11.

In February, 2001, the FDA consulted its Arthritis Advisory Committee regarding the clinical interpretation of this new safety information.

12.

In April, 2001, the FDA implemented labeling changes which included information about the increase in risk of cardiovascular events, including heart attacks and strokes.

13.

Other studies recently suggested an increased risk of cardiovascular events, and the FDA was in the process of reviewing these studies to determine if further labeling changes were needed.

14.

On September 30, 2004, Merck voluntarily withdrew Vioxx from the market after the data safety monitoring board overseeing a long-term study of the drug recommended that the study be halted because of an increased risk of serious cardiac events, including heart attack and strokes. The risk was approximately twice that of individuals taking a placebo.

15.

Annual sales of Vioxx total approximately $2.5 billion.

16.

The Defendant aggressively marketed and sold Vioxx by misleading potential users about the product and by failing to adequately warn users of serious dangers which the Defendant knew or should have known resulted from the use of Vioxx. The Defendant widely and successfully marketed Vioxx in Louisiana and throughout the United States in order to induce widespread use. This marketing campaign resulted in numerous individuals taking Vioxx, including many Louisiana residents, and suffering serious injuries as a result, all at a time when other safer, less expensive, efficacious drugs were available. Furthermore, on information and belief, by requesting that Vioxx be placed on Louisiana's Medicaid formulary, the Defendant directly or implicitly represented to Petitioners that Vioxx was safe.

4

Exhibit 3
Page 4 of 18

 

17.

On information and belief, from the time that the Defendant started developing Vioxx through the date on which the Defendant withdrew Vioxx from the market, the Defendant engaged in knowing misrepresentations with respect to the safety of Vioxx. These misrepresentations include, but are not limited to, Defendant's advertising and promotional campaigns touting Vioxx's safety; the Defendant's suppression of evidence, including its own medical/clinical research, showing that Vioxx was unsafe and posed a significant increased risk of heart attack, stroke, and other cardiovascular and/or cererbrovascular problems; and Defendant's practice of threatening and/or intimidating those physicians and scientists who attempted to protect the public by exposing Vioxx's serious, and sometimes deadly, side effects, complications, and consequences.

18.

Had the Defendant disclosed the risks and dangers associated with Vioxx, Louisiana citizens would not have taken Vioxx or been subject to its catastrophic side effects. Moreover, Petitioners would not have paid substantial sums for Louisiana Medicaid recipients' Vioxx prescriptions or still more substantial sums for the medical expenses incurred due to Louisiana Medicaid recipients' Vioxx-related injuries.

19.

On information and belief, as a result of the manufacturing, marketing, selling and distributing of Vioxx, the Defendant has reaped billions of dollars in profits at the expense of the health of individuals, including the citizens of Louisiana.

**PETITIONERS WERE DAMAGED BY THE DEFENDANT'S WRONGFUL CONDUCT**

20.

The Defendant falsely and deceptively misrepresented or omitted a number of material facts concerning Vioxx, including, but not limited to, adverse health effects caused by Vioxx including the frequency, severity and rapid development of these adverse events.

21.

Furthermore, through, among other things, its advertising campaigns, misleading communications with and concealment of information from the FDA, the medical community and the public, and despite its knowledge that Vioxx was dangerous, the Defendant continued to vigorously promote and advertise Vioxx.

5

Exhibit 3
Page 5 of 18

 

22.

While Vioxx was on the U.S. Market, Petitioners paid a substantial amount of money for the cost of filling Vioxx prescriptions for citizens of Louisiana; additionally, Petitioners incurred medical expenses resulting from injuries sustained by Louisiana Medicaid recipients due to Vioxx use.

23.

The Defendant knew or should have known that Vioxx created significant risks of serious injuries, including damage to the heart, cardiovascular system, and other organs. The Defendant failed to make proper, reasonable, timely or adequate warnings about the risks associated with the use of Vioxx.

24.

By way of its wrongful misconduct, the Defendant intended to supply and did supply Vioxx to Louisiana consumers, including Louisiana Medicaid recipients, that was unreasonably dangerous and in certain instances, deadly.

25.

As a result of the Defendant's fraudulent concealment, the applicable statutes of limitations have been tolled as to all of the claims of Petitioners.

26.

Petitioners state, and intend to state, causes of action solely under the laws of the State of Louisiana and specifically are not attempting to state a cause of action under the laws of the United States of America.

27.

As a result of the manufacture, distribution, delivery and sale of the Defendant's products to purchasers within the State of Louisiana, directly or through its subsidiaries, affiliates or agents, the Defendant obtained the benefits of the laws of the State of Louisiana for its products.

**FIRST CAUSE OF ACTION: REDHIBITION**

28.

Petitioners re-allege and incorporate all preceding paragraphs of this Petition as if fully set forth here, and further allege as follows:

6

Exhibit 3
Page 6 of 18

 

29.

At all times pertinent herein, the Defendant marketed, sold, and distributed Vioxx for use by consumers, including citizens of Louisiana.

30.

The Defendant is liable to Petitioners under the Louisiana law of Redhibition because, at the time it manufactured Vioxx and sold Vioxx to citizens of Louisiana, Vioxx contained redhibitory defects, and the Defendant knew or, alternatively, should have known, of such redhibitory defects and failed to disclose and/or concealed such defects.

31.

Had the citizens of Louisiana known of such redhibitory defects, they would not have purchased Vioxx, nor would Petitioners have approved and paid for such purchases.

32.

Had the Petitioners known of such redhibitory defects, Petitioners would not have paid for Vioxx use by Louisiana citizens.

33.

Under the Louisiana laws of Redhibition, the Defendant is liable to Petitioners for a return of the purchase price, including interest, all expenses occasioned by the sale, all damages sustained by Petitioners, as well as costs, penalties, and reasonable attorneys' fees.

**SECOND CAUSE OF ACTION:  STRICT LIABILITY AND FAILURE TO WARN**

34.

Petitioners re-allege and incorporate all preceding paragraphs of this Petition as if fully set forth here, and further allege as follows:

35.

The drug Vioxx is an unreasonably dangerous product as defined by Louisiana Revised Statute 9:2800.1 *et seq.* (the Louisiana Products Liability Act) and the defendant manufacturer is liable for all injuries proximately caused thereby.

36.

The drug Vioxx was defective at the time of its manufacture, development, production, testing, inspection, endorsement, prescription, sale and distribution, in that, and not by way of limitation, said product and its warnings, instructions and directions failed to warn of the dangerous

7

Exhibit 3
Page 7 of 18

 

propensities of Vioxx, which risks were known or reasonably scientifically knowable to the Defendant. The Defendant knew or should have known of the defective condition, characteristics and risks associated with Vioxx, as previously set forth herein.

37.

At all times herein mentioned, the aforementioned product was defective, and the Defendant knew that the product was to be ingested by the user without inspection for defects therein. Moreover, the Petitioners and citizens of Louisiana neither knew, nor had reason to know at the time of the use of the subject product, of the existence of the aforementioned defects.

38.

As a result of the defective condition of the aforementioned product, Petitioners are entitled to all the damages as alleged herein.

THIRD CAUSE OF ACTION: BREACH OF EXPRESS WARRANTY

39.

Petitioners re-allege and incorporate all preceding paragraphs of this Petition as if fully set forth here, and further allege as follows:

40.

The drug Vioxx is an unreasonably dangerous product as defined by Louisiana Revised Statute 9:2800.51 et seq. (the Louisiana Products Liability Act), and the defendant manufacturer is liable for all injuries proximately caused thereby.

41.

At all times herein mentioned, the Defendant expressly warranted to Petitioners and the Louisiana citizens, and their agents and physicians, by and through statements made by the Defendant or their authorized agents or sales representatives, orally and in publications, package inserts and other written materials intended for physicians, medical patients and the general public, that the aforementioned product was safe, effective, fit and proper for its intended use.

42.

In purchasing, paying for, and/or utilizing the aforementioned product, Petitioners, the Louisiana citizens, and their agents and physicians relied upon the skill, judgment, representations and foregoing express warranties of the Defendant. Said warranties and representations were false in that the aforementioned product was not safe and was unfit for the use for which it was intended.

8

Exhibit 3
Page 8 of 18

 

43.

As a result of the foregoing breach of express warranties by the Defendant, Petitioners suffered damages as alleged herein.

## FOURTH CAUSE OF ACTION:  BREACH OF IMPLIED WARRANTY

44.

Petitioners re-allege and incorporate all preceding paragraphs of this petition as if fully set forth here, and further allege as follows:

45.

The drug Vioxx is an unreasonably dangerous product as defined by Louisiana Revised Statute 9:2800.51 et seq. (the Louisiana Products Liability Act) and the defendant manufacturer is liable for all injuries proximately caused thereby.

46.

At all times pertinent herein, the Defendant marketed, sold, and distributed Vioxx for use by consumers, such as the citizens of Louisiana, and the Defendant knew of the use for which Vioxx was intended and impliedly warranted Vioxx to be of merchantable quality and safe and fit for its intended use.

47.

Petitioners were and are unskilled in the research, design and manufacture of the aforementioned product and reasonably relied entirely on the skill, judgment and implied warranty of the Defendant in using, purchasing, and/or paying for the aforementioned product.

48.

Contrary to such implied warranty, Vioxx was not of merchantable quality or safe and fit for its intended use, because Vioxx was unreasonably dangerous and unfit for the ordinary purposes for which it was used as described herein.

49.

As the proximate result of the Defendant's breach of implied warranty, Petitioners have sustained damages as described herein.

9

Exhibit 3
Page 9 of 18

 

**FIFTH CAUSE OF ACTION: UNFAIR TRADE PRACTICES**

50.

Petitioners re-allege and incorporate all preceding paragraphs of this Petition as if fully set forth herein, and further allege as follows:

51.

The acts committed by the Defendant as alleged herein violate the provisions of the Louisiana Unfair Trade Practices Act ("LUTPA"), La. Rev. Stat. Ann. § 51:1401, et seq. Each of the previously described acts by the Defendant were "unlawful" in that they were "unfair methods of competition and[/or] unfair or deceptive acts or practices in the conduct of [Defendant's] trade or commerce," as prohibited by La. Rev. Stat. Ann. § 51:1405.

52.

As set forth previously, the Defendant has used unfair methods of competition and/or unfair and deceptive acts or practices in the design, manufacturing, and/or marketing of Vioxx and in the course of its business, all of which are unlawful under LUTPA. As Merck voluntarily withdrew Vioxx from the U.S. market, Merck could at any time voluntarily return Vioxx to the U.S. market, which would lead to additional LUTPA violations and would subject the State of Louisiana and its citizens to additional financial losses and damages. Upon information and belief, Merck has already made efforts to return Vioxx to the U.S. market. Petitioner, the Louisiana Attorney General, is specifically authorized under LUTPA to seek to enjoin (temporarily and/or permanently) all such unlawful acts pursuant to La. Rev. Stat. Ann. § 51:1407.

53.

As a direct and proximate result of the Defendant's wrongful conduct in violation of LUTPA, Petitioners have sustained financial losses in amounts as will be established at the trial of this matter, which amounts Petitioners are entitled to recover from the Defendant. Pursuant to LUTPA, Petitioners are entitled to a permanent injunction against the Defendant to prevent them from returning Vioxx to the Louisiana market (La. Rev. Stat. Ann. § 51:1407) as well as financial restitution and such other ancillary monetary damages sustained by them (La. Rev. Stat. Ann. § 51:1408), all of which will be established at the trial of this matter. Furthermore, Petitioners, the State of Louisiana and/or DHH, which, due to the Defendant's unlawful conduct in violation of LUTPA, spent millions of dollars to purchase Vioxx for persons covered under the Louisiana

10

Exhibit 3
Page 10 of 1

 

Medicaid program and to pay for medical services for such persons injured by Vioxx, are entitled to all remedies afforded under La. Rev. Stat. Ann. §51:1409, including actual damages, reasonable attorney's fees, and costs. Finally, Petitioners seek any and all other and further remedies to which they are entitled under LUTPA.

### SIXTH CAUSE OF ACTION:   OTHER STATE LAW THEORIES OF RECOVERY

54.

Petitioners re-allege and incorporate all preceding paragraphs of this Petition as if fully set forth here, and further allege as follows:

55.

At all times herein mentioned, the Defendant owed a duty to Petitioners to properly manufacture, design, formulate, compound, test, produce, process, assemble, inspect, research, distribute, market, label, package, prepare for use, sell, prescribe and adequately warn of the risks and dangers of the aforementioned product.

56.

At all times h erein mentioned, the Defendant negligently and carelessly manufactured, designed, formulated, compounded, produced, processed, assembled, inspected, distributed, marketed, labeled, packaged, prepared for use and sold the aforementioned product and failed to adequately test and warn of the risk and dangers of the aforementioned product.

57.

The Defendant impliedly and/or expressly represented to Petitioners that the drug Vioxx, which they manufactured, distributed and/or sold was safe for use and would not cause the adverse health effects described herein. Despite the Defendant's knowledge to the contrary, the Defendant misrepresented to Petitioners that Vioxx was safe and/or concealed its unsafe propensities from Petitioners. Petitioners relied upon these misrepresentations to their detriment in placing Vioxx on the Louisiana Medicaid formulary and/or paying for Louisiana Medicaid recipients' Vioxx prescriptions.

58.

As a result of said negligence, carelessness, and misrepresentations of the Defendant, Petitioners have suffered damages as alleged herein.

11

Exhibit 3
Page 11 of 18

 

## SEVENTH CAUSE OF ACTION:  UNJUST ENRICHMENT

59.

Petitioners re-allege and incorporate all preceding paragraphs of this Petition as if fully set forth here, and further allege as follows:

60.

The Defendant has been enriched from the selling and manufacturing of a defective product, and Petitioners have been correspondingly impoverished by purchasing or paying for the defective product.  There is no justification or cause for Defendants' enrichment or Petitioners' resulting impoverishment.

61.

Defendants' enrichment at the expense or impoverishment of Petitioners is inequitable. Although Petitioners have alleged that they enjoy remedies at law against Defendant, to the extent that Petitioners do not enjoy a remedy at law, Defendant should be made to return all sums unjustly obtained from Petitioners.

62.

Petitioners demand that Merck & Co., Inc. return all such monies acquired from Petitioners through the selling of Vioxx.

## PRAYER FOR RELIEF

WHEREFORE, Petitioners pray as follows:

1.   That the unlawful conduct alleged herein be adjudged and decreed to be unlawful and unfair methods of competition and/or unfair and   deceptive acts or practices committed by the Defendant as prohibited by La. Rev. Stat. Ann. §51:1405;

2.   That, pursuant to LUTPA, Petitioners be granted a permanent injunction against the Defendant to prevent it from returning the drug product trade named "Vioxx" to the Louisiana market;

3.   That, pursuant to LUTPA, the Defendant be found liable, in solido, to Petitioners for financial restitution and such other ancillary monetary damages sustained by Petitioners, all of which will be established at the trial of this matter;

4.   That, pursuant to LUTPA, the Defendant be found liable, in solido, to Petitioners, the State of Louisiana and/or DHH, for all remedies available to the State of Louisiana

Exhibit 3
Page 12 of 18

 

and/or DHH under La. Rev. Stat. Ann. §51:1409, including actual damages, reasonable attorney's fees, and costs;

5.    That, pursuant to LUTPA, the Defendant be permanently enjoined from any other conduct complained of herein which is determined to be in violation of LUTPA and/or that the Defendant be found liable, in solido, to Petitioners for any and all other, further, and different remedies to which Petitioners are entitled under LUTPA;

6.    That Petitioners be granted all damages to which they are reasonably entitled, including, but not limited to, the return of the purchase price paid by the State of Louisiana's Medicaid program for Vioxx prescriptions, reimbursement of all sums paid by the State of Louisiana's Medicaid program for medical services for the treatment of persons injured by Vioxx, attorney's fees to the full extent recoverable, all costs, and legal interest from the date of judicial demand until paid, due to Vioxx's redhibitory defects, the Defendant's failure to warn, the Defendant's breach of express and/or implied warranties, the Defendant's deceptive and unfair trade practices, the Defendant's negligence, the Defendant's misrepresentations, and/or the Defendant's unjust enrichment.

7.    Petitioners further pray for any and all such other, further and, different relief as the nature of the case may require or as may be deemed just and proper by this Court, including, but not limited to, the recovery of all costs of this suit, judicial interest, and attorney's fees to the fullest extent recoverable by law.

8.    Petitioners pray that all deposition and travel expenses be taxed as costs.

Respectfully submitted, this ___ day of July, 2005,

DUGAN & BROWNE, a P.L.C.

JAMES R. DUGAN, II, T.A. (Bar No. 24785)
DAVID L. BROWNE (Bar No. 20729)
DOUGLAS R. PLYMALE (Bar No. 28409)
3500 North Hullen Street
Metairie, Louisiana  70002
Telephone: (504) 456-8220
Facsimile: (504) 456-8624

Special Assistant Attorneys General for the State of
Louisiana and Counsel for Petitioners

13

Exhibit 3
Page 13 of 18

 

**CHARLES C. FOTI, JR.**
**Attorney General**

**TINA VICARI GRANT**
Assistant Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
1885 North Third Street - 6th Floor
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6020
Facsimile: (225) 326-6096

**LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS**

**FRANCISCO H. PEREZ**
General Counsel
P.O. Box 3836
Baton Rouge, Louisiana 70821
Telephone: (225) 342-1188
Facsimile: (225) 342-2232


**SHERIFF, PLEASE SERVE:**

**MERCK & CO., INC.**
By and through its Registered Agent for Service of Process

CT Corporation System
8550 United Plaza Boulevard
Baton Rouge, Louisiana 70809


F:\Users\DBrowne\DUGAN & BROWNE\Vioxx AG\pleadings\pleading.001.petition.vioxxag.wpd

14

Exhibit 3
Page 14 of 18

CONSOL

# U. S. District Court
## Eastern District of Louisiana (New Orleans)
### CIVIL DOCKET FOR CASE #: 2:05-cv-03700-EEF-DEK

Foti et al v. Merck & Co Inc
Assigned to: Judge Eldon E. Fallon
Referred to: Magistrate Judge Daniel E. Knowles, III
Lead case: 2:05-md-01657-EEF-DEK (View Member Cases)
Case in other court: Civil District Court (Orleans), 05-09085-G
Cause: 28:1332 Diversity-Product Liability

Date Filed: 08/05/2005
Jury Demand: None
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

**Plaintiff**

Charles C Foti, Jr
*Attorney General for the State of LA, as parens patriae on behalf of the State of LA, and its Citizens*

represented by **James R. Dugan, II**
Dugan & Browne, PLC
Poydras Center
650 Poydras St.
Suite 2150
New Orleans, LA 70130
504-648-0180
Email: jdugan@duganbrowne.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles C. Foti, Jr.**
Louisiana Attorney General's Office
1885 N. 3rd St.
7th Floor
Baton Rouge, LA 70802
225-326-6705
*ATTORNEY TO BE NOTICED*

**David Lyman Browne**
Dugan & Browne, PLC
Poydras Center
650 Poydras St.
Suite 2150
New Orleans, LA 70130
504-648-0180
Email: dbrowne@brownelaw.com

**Douglas Robert Plymale**
Dugan & Browne, APLC (Houma)
1181 W. Tunnel Blvd.
Suite A

Exhibit 3
Page 15 of 18

Houma, LA 70360
985-580-4573
Email: doug@duganbrowne.com

**Plaintiff**

**Louisiana State**                    represented by    **James R. Dugan, II**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **David Lyman Browne**
                                                          (See above for address)

                                                          **Douglas Robert Plymale**
                                                          (See above for address)

**Plaintiff**

**Louisiana Department of Health and**   represented by    **James R. Dugan, II**
**Hospitals**                                              (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **David Lyman Browne**
                                                          (See above for address)

                                                          **Douglas Robert Plymale**
                                                          (See above for address)

V.

**Defendant**

**Merck & Co Inc**                       represented by    **Richard C. Stanley**
                                                          Stanley & Flanagan, L.L.C.
                                                          LL&E Tower
                                                          909 Poydras St.
                                                          Suite 2630
                                                          New Orleans, LA 70112
                                                          504-523-1580
                                                          Email: rcs@sfr-lawfirm.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Anthony Marcus DiLeo**
                                                          Anthony M. DiLeo, Attorney at Law
                                                          650 Poydras St.
                                                          Suite 2750
                                                          New Orleans, LA 70130
                                                          (504) 274-0087
                                                          Email: Tony@TonyDiLeo.com

**Barry W. Ashe**
Stone Pigman Walther Wittmann, LLC
546 Carondelet St.
New Orleans, LA 70130-3588
(504) 581-3200
Email: bashe@stonepigman.com

**Bryan C. Reuter**
Stanley, Flanagan & Reuter, LLC
LL&E Tower
909 Poydras St.
Suite 2500
New Orleans, LA 70112
504-523-1580
Email: bcr@sfr-lawfirm.com

**Carmelite M. Bertaut**
Stone Pigman Walther Wittmann, LLC
546 Carondelet St.
New Orleans, LA 70130-3588
(504) 581-3200
Email: cbertaut@stonepigman.com

**Dorothy Hudson Wimberly**
Stone Pigman Walther Wittmann, LLC
546 Carondelet St.
New Orleans, LA 70130-3588
(504) 581-3200
Email: dwimberly@stonepigman.com

**Phillip A. Wittmann**
Stone Pigman Walther Wittmann, LLC
546 Carondelet St.
New Orleans, LA 70130-3588
(504) 581-3200
Email: pwittmann@stonepigman.com
*ATTORNEY TO BE NOTICED*

**Thomas P. Owen, Jr.**
Stanley & Flanagan, L.L.C.
LL&E Tower
909 Poydras St.
Suite 2630
New Orleans, LA 70112
504-523-1580
Email: tpo@sfr-lawfirm.com

| Date Filed | # | Docket Text |
|------------|---|-------------|
| | | |

| 08/05/2005 | 1 | NOTICE OF REMOVAL from Civil District Court (Orleans), case number 05-9085-G. ( Filing fee $ 250 ) filed by Merck & Co Inc. (Attachments: # 1 Pretrial Order #14)(blg, ) Additional attachment(s) added on 8/17/2005 (blg, ). (Entered: 08/17/2005) |
| 08/05/2005 | 2 | Notice of Compliance by Merck & Co Inc re 1 Notice of Removal. (blg, ) (Entered: 08/17/2005) |
| 08/05/2005 | 3 | ANSWER to Complaint by Defendant Merck & Co Inc.(blg, ) (Entered: 08/17/2005) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/08/2006 13:47:55 | | | |
| **PACER Login:** | dl0014 | **Client Code:** | 4791305 |
| **Description:** | Docket Report | **Search Criteria:** | 2:05-cv-03700-EEF-DEK |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

Exhibit 3
Page 18 of 18