W. Mark Lanier
Kevin P. Parker
Richard Meadow
Lawrence P. Wilson
THE LANIER LAW FIRM
6810 FM 1960 West
Houston, Texas 77069
Telephone: (713) 659-5200
Fax: (713) 659-2204

James E. Fosler
Alaska Bar No. 9711055
FOSLER LAW GROUP, INC.
737 West Fifth Ave., Suite 205
Anchorage, Alaska 99501
Telephone: (907) 277-1557
Fax: (907) 277-1657

Attorneys for STATE OF ALASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MERCK & CO., INC., )<br>)<br>Defendant. )<br>) | Case No. 3:06-CV-00018 (TMB) |

## SCHEDULING AND PLANNING CONFERENCE REPORT

1.  **Meeting.**  In accordance with Federal Rule of Civil Procedure 26(f), a meeting was held on February 13, 2006 and was attending by:

    James E. Fosler and Lawrence P. Wilson, for plaintiff STATE OF ALASKA

      Jahana M. Lindemuth, for defendant MERCK & CO., INC.

**The parties recommend the following:**

2.    **Pre-Discovery Disclosures.**  The information required by F.R.Civ.P. 26(a)(1):

    _____ have been exchanged by the parties

    __XX__ will be exchanged by the parties by April 14, 2006.

    Proposed changes to disclosure requirements: NONE

    **Preliminary witness lists.**

    _____ have been exchanged by the parties

    __XX__ will be exchanged by the parties by April 14, 2006.

3.    **Contested Issues of Fact and Law.**  Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

    Whether there is federal question jurisdiction.

    Whether Merck violated Alaska's Unfair Trade Practices and Consumer Protection Act, AS 45.50.471 *et seq.*

    How many times Merck violated Alaska's Unfair Trade Practices and Consumer Protection Act, AS 45.50.471 *et seq.*

    The appropriate damages award for Merck's violations of Alaska's Unfair Trade Practices and Consumer Protection Act, AS 45.50.471 *et seq.*

4.    **Discovery Plan.**  The parties jointly propose to the court the following discovery plan.

    A.    Discovery will be needed on the following issues:

Plaintiff's counsel has received discovery from Merck in other cases; therefore, the discovery needed in this case is relatively limited. Both parties will need discovery on Merck's contacts with Alaska and Alaskans.

 B. All discovery commenced in time to be completed by November 28, 2006 ("discovery close date").

 C. Limitations on Discovery.

  1. Interrogatories

   __XX__ No change from F.R.Civ.P. 33(a)

   _____ Maximum of _____ by each party to any other party.

   Responses due in __ days

  2. Requests for Admissions

   __XX__ No change from F.R.Civ.P. 36(a)

   _____ Maximum of _____ by each party to any other party.

   Responses due in __ days

  3. Depositions

   __XX__ No change from F.R.Civ.P. 36(a), (d)

   _____ Maximum of _____ by each party to any other party.

   Depositions not to exceed __6__ hours unless agreed to by all parties.

D. Reports from retained experts.

__XX__ Not later than 90 days before the close of discovery subject to F.R.Civ.P. 26(2)(a)(C).

_____ Reports due _____.

E. Supplementation of disclosures and discovery responses are to be made:

__XX__ Periodically at 60-day intervals from the entry of scheduling and planning order.

_____ As new information is acquired, but not later than 60 days before the close of discovery.

F. A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

__XX__ 45 days prior to the close of discovery.

_____ Not later than _____

5. **Pretrial Motions.**

__XX__ No change from D.AK. LR 16.1(c).

The following changes to D.AK. LR 16.1(c) [check all that apply]

_____ Motion to amend pleadings or add parties to be filed not later than _____.

_____ Motions under the discovery rules must be filed not later than _____.

_____ Motions *in limine* and dispositive motions must be filed not later than _____.

6. **Other Provisions.**

    A.   \_\_\_\_\_ The parties do not request a conference with the court before the entry of the scheduling order.

       \_\_\_\_\_ The parties request a scheduling conference with the court on the following issues:

    B.   Alternative Dispute Resolution.

       __XX__ This matter is not considered a candidate for court-annexed alternative dispute resolution.

       \_\_\_\_\_ The parties will file a request for alternative dispute resolution not later than _____.

    C.   The parties __DO NOT__ consent to trial before a magistrate judge.

    D.   Compliance with the Disclosure Requirements of F.R.Civ.P. 7.1

       __XX__ All parties have complied    \_\_\_\_\_ Compliance not required

7. **Trial.**

    A.   The matter will be ready for trial:

       __XX__ 45 days after the discovery close date.

       \_\_\_\_\_ not later than _____.

    B.   This matter is expected to take __30__ days to try.

    C.   Jury Demanded: YES

       Right to jury trial disputed: NO

DATED: February 24, 2006.

             FOSLER LAW GROUP, INC.


           By: /s/ James E. Fosler
             FOSLER LAW GROUP, INC.
             737 W. 5th Ave., Suite 205
             Anchorage, AK 99501
             Phone: (907) 277-1557
             Fax: (907) 277-1657
             E-mail: jfosler@foslerlawgroup.com
             Alaska Bar No. 9711055

             THE LANIER LAW FIRM
             W. Mark Lanier
             Kevin P. Parker
             Richard Meadow
             Lawrence P. Wilson
             *Pro hac vice* applications being prepared
             6810 FM 1960 West
             Houston, Texas 77069
             Telephone: (713) 659-5200
             Fax: (713) 659-2204

           DORSEY & WHITNEY LLP


           By: /s/ Jahna M. Lindemuth (consent)
             DORSEY & WHITNEY LLP
             1031 W. 4th Ave., Suite 600
             Anchorage, AK 99501
             Phone: (907) 276-4557
             E-mail: lindemuth.jahna@dorsey.com
             Alaska Bar No. 9711068

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on
the 24st day of February 2006 a true and correct
copy of this document was served on:

Jahna M. Lindemuth
Dorsey & Whitney, LLC
1030 West Fourth Ave., Suite 600
Anchorage, AK 99501

by electronic means through the ECF system,
as indicated on the Notice of Electronic Filing,
or, if not confirmed by ECF, by first class
regular mail.

By:    /s/ James E. Fosler
James E. Fosler, ABA #9711055
Fosler Law Group, Inc.