

 **FDA Final Rule on Prescription Drug Labeling**

**January 19, 2006**

**Featured Links**

- NCSL Press Release: January 13, 2006
- NCSL Letter to HHS Secretary Mike Leavitt
- FDA Rule on Prescription Drug Labeling
  - Part 1
  - Part 2
  - Part 3
- NCSL State-Federal Relations
- NCSL Press Room

**Background:** The Food, Drug and Cosmetic Act (FDCA) is the statute that governs the Food and Drug Administration. The prescription drug portions of the FDCA do not contain language preempting state law in this area. In December 2000, the Food and Drug Administration sought to revise its regulations pertaining to prescription drug labeling and published a Notice of Proposed Rulemaking (NPRM) in the Federal Register (NPRM). FDA is required by Executive Order 13132—the Federalism Executive Order—to determine whether or not the proposed prescription drug labeling changes would preempt state laws, and if so, to consult with NCSL and other state and local government groups to eliminate or minimize the preemption. When initially released five years ago, the NPRM contemplated no preemption of state laws. FDA's analysis under E.O. 13132 stated this and as a result, NCSL did not submit comments. After the close of the comment period in early 2001, FDA never finalized the rule. It did file amicus briefs in several state lawsuits (Zoloft and Paxil) in an attempt to convince the courts that federal labeling regulations did indeed preempt state labeling and product liability laws. The courts have rejected FDA's position on preemption, stating that FDA's preemption argument, "contravenes common sense and vitiates rather than advances the Food, Drug and Cosmetic Act's purpose of protecting the public." In re PAXIL Litigation, Civ. No. 01-7937 (C.D. Cal. 2002). In January 2006, FDA contacted NCSL to state that preemption language mirroring the position taken in its amicus briefs would now be included in the preamble to the final rule on prescription drug labeling. FDA informed NCSL that it would not reopen the comment period on the rule nor would it disclose the proposed language.

**NCSL's Position:** NCSL opposes the language preempting state product liability laws. The organization bases its opposition on the following:

1. **FDA has usurped the authority of Congress, state legislatures and state courts.** There is no statutory authority in the FDCA for FDA to preempt state product liability laws as they relate to prescription drugs. Instead of seeking valid congressional authority, unelected agency officials are seeking to preempt state product liability laws by writing this preemption into a final rule, thereby undermining state policy and judicial decision made in this area.
2. **FDA has violated the Federalism Executive Order**. The federalism executive order requires federal agencies to consult with the National Conference of State Legislatures and organizations representing governors and local elected officials. NCSL fought hard to make sure that a meaningful consultation process was included in the executive order, precisely to give these officials an opportunity to comment on the effects of proposed regulations on state and local governments. FDA's policy shift should have triggered a consultation under the federalism executive order. However, the FDA did not consult with NCSL or any other state or local organization, and, therefore, violated the federalism executive order.
3. **The preemption provision is contrary to the consumer protection goals of the rest of the rule**. The overall thrust of the rule, with its guidelines for labeling, is to protect consumers. The preemption of state product liability laws, however, harms the consumers the rule otherwise protects. State tort laws and civil justice systems serve as an important check on federal standards. Our civil justice system establishes a duty of care that protects citizens when the federal government is too slow to act or when federal standards are insufficient. States have the ability to achieve greater protections for their citizens through successful

   product liability lawsuits.
4. **NCSL has a long-standing and unwavering official policy position against preemption of state authority**.  The organization's Federalism policy is based on the belief in the value of diversity among the states and the policy innovation and experimentation that occur at the state level.  It is a policy that has its historic roots in the compromises that led to the founding of the country over 200 years ago.  Although the policy recognizes that there are circumstances when preemption may be warranted, preemption of state product liability laws is not one of them.

For further information, please call NCSL staff Joy Johnson Wilson at 202-624-8689 or Susan Parnas Frederick at 202-624-3566.

© 2006 National Conference of State Legislatures, All Rights Reserved

**Denver Office:** Tel: 303-364-7700 | Fax: 303-364-7800 | 7700 East First Place | Denver, CO 80230 | Map
**Washington Office:** Tel: 202-624-5400 | Fax: 202-737-1069 | 444 North Capitol Street, N.W., Suite 515 | Washington, D.C. 20001