Jahna M. Lindemuth, ABA #9711068
DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for
MERCK & CO., INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br><br>      Plaintiff,<br>vs.<br><br>MERCK & CO., INC.,<br><br>      Defendant. | Case No. 3:06-CV-00018 (TMB) |

### MERCK & CO., INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED CONSIDERATION OF MOTION TO REMAND

Plaintiff's request for expedited consideration of its motion to remand is precisely backward: because this case raises the same jurisdictional issues as other cases pending in the Vioxx® MDL proceeding, the Court should follow the course taken by courts around the country (including in this Circuit) in more than 300 Vioxx-related cases – and recommended by both the MDL Panel and the Vioxx MDL judge – and defer consideration of plaintiff's remand motion pending MDL transfer. In fact, "[t]he general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL [court]," *Jackson v. Johnson*

*& Johnson, Inc.*, No. 01-2113, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001)[1], and plaintiff's suggestion that this Court *should* (let alone *must*) consider the motion to remand before exercising its discretion to stay proceedings simply misstates the law. Plaintiff's motion should be denied.

## ARGUMENT

There is no emergency that requires this Court to expedite briefing or consideration of plaintiff's remand motion, and plaintiff points to no case law supporting its position that expedited consideration is appropriate in these circumstances. To the contrary, because the JPML has conditionally transferred this case to the Vioxx MDL proceeding,[2] and the facts and jurisdictional issues raised by plaintiff's case overlap with cases that are already a part of that proceeding, the proper course is to stay all proceedings pending transfer. To date, nearly 1,800 Vioxx-related cases have been stayed by transferor courts, including more than 300 in which plaintiffs sought remand. Such stays are consistent with this Court's practice with regard to other MDL proceedings. As Judge Beistline recognized in staying a case that was MDL-bound in 2004, "a brief stay is appropriate to further the interests of judicial economy and to avoid inconsistent rulings." *See State of Alaska Dept. of Rev. v. J. P. Morgan Chase & Co.*, No.

---

[1]  A copy is included in Appendix A, App. Tab A, to Merck's Reply in Support of Motion to Stay all Proceedings, filed February 13, 2006.

[2]  While plaintiff has indicated its intention to move to vacate the CTO, such an effort will almost certainly be futile. The MDL Panel has denied *every* motion to vacate filed to date in the Vioxx litigation and has already transferred a nearly identical case filed by the attorney general of Mississippi, *see infra*, to the MDL proceeding. (The Louisiana case discussed *infra* did not require transfer since it was removed directly to Judge Fallon's court.)

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO MOTION FOR EXPEDITED
CONSIDERATION OF MOTION TO REMAND
Page 2

STATE OF ALASKA V. MERCK & CO., INC.
Case No. 3:06-CV-00018 (TMB)

J04-0026 CV, slip op. (D. AK. Dec. 13, 2004); *Alaska Permanent Capital Management Co. v. Citigroup, Inc.*, No. J03-0016 CV, slip op. (D. Ak. Oct. 7, 2003) (same); *Alaska Electrical Pension Fund v. Citigroup, Inc.*, No. J03-0014 CV, slip op. (D. Ak. Sept. 19, 2003) (same); *State of Alaska Dept. of Revenue v. Citigroup, Inc.*, No. A03-0099 CV, slip op. (D. Ak. June 20, 2003) (same) (attached as Exs. 3-6 to Merck's Reply in Support of Its Motion To Stay All Proceedings).

The MDL Panel and numerous courts around the country have recognized that deferring consideration of jurisdictional issues so they can be resolved in an MDL proceeding is all the more appropriate where the issues raised by plaintiff's remand motion overlap with cases already pending before the MDL court.  *See* Letter dated Mar. 21, 2005 from JPML to Hon. Ricardo H. Hinojosa ("wait[ing] until the Panel has decided the transfer issue . . . may be especially appropriate if the [remand] motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization") (attached as Ex. 13 to Merck's Reply in Support of Its Motion To Stay All Proceedings).  ***That is precisely the case here***.  There are already two substantially similar cases pending in the Vioxx MDL proceeding, brought by the state attorneys general of Louisiana and Mississippi – and Merck has noticed a third such case (filed by the Montana state attorney general) to the MDL Panel as well.  *See Foti v. Merck & Co., Inc.,* No. 05-3700 (MDL No. 1657, E.D. La.); *Hood, ex rel. v. Merck & Co., Inc.,* No. 05-6755 (MDL No. 1657, E.D. La.); *McGrath, ex rel. v. Merck & Co. Inc.*, No. 06-07-H-DWM (D. Mont.).

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK  99501
(907) 276-4557

OPPOSITION TO MOTION FOR EXPEDITED
CONSIDERATION OF MOTION TO REMAND
Page 3

STATE OF ALASKA V. MERCK & CO., INC.
Case No. 3:06-CV-00018 (TMB)

All three cases assert similar legal theories (*i.e.*, product liability, unjust enrichment, and unfair and deceptive trade practices), and all three seek to recover those states' expenditures for Vioxx on behalf of Medicaid beneficiaries. (*See Foti* Complaint ¶¶ 28-62; *id.* Prayer For Relief ¶ 6; *Hood* Complaint ¶¶ 7, 81-120, *id.* Prayer For Relief ¶ 4) (attached as Exs. 7 & 10 to Merck's Reply In Support of Its Motion To Stay All Proceedings). All three cases were removed under similar legal theories, and in all three remand motions, plaintiffs make the same legal arguments (*i.e.*, that their claims do not implicate substantial questions of federal law). Because the MDL court already faces two pending remand motions that overlap with the one filed in this case, it is far more efficient for the MDL judge to decide the three remand motions in a coordinated manner.

Plaintiff's argument that this Court ***must*** decide the jurisdictional issues in the remand motion before transfer to the MDL court can occur (Pl.'s. Mot. at ¶ 5) misreads two cases: *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83 (1998) and *BancOhio Corp. v. Fox*, 516 F.2d 29 (6th Cir. 1975). As Merck explained in its prior briefing in support of its motion for stay (and as evidenced by the overwhelming number of transferor courts that regularly defer consideration of remand motions), it is decidedly ***not*** the law that transferor courts must rule on jurisdictional issues prior to MDL transfer. Plaintiff's first case, *Steel Company* is entirely inapplicable because that case involved the so-called "doctrine of hypothetical jurisdiction," in which courts assumed jurisdiction existed for the purposes of making certain merits determinations. 523 U.S. at 94. Merck obviously is not asking this Court to do anything of the sort. Rather, Merck has asked the

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO MOTION FOR EXPEDITED
CONSIDERATION OF MOTION TO REMAND
Page 4

STATE OF ALASKA V. MERCK & CO., INC.
Case No. 3:06-CV-00018 (TMB)

Court only to exercise its discretion to stay proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (courts are free to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Plaintiff's other case, *BancOhio*, is no more relevant. That case involved the very different question of whether a federal court could acquire jurisdiction of a case through removal where the state court from which it was removed had no jurisdiction over the claim by virtue of statutory provisions granting exclusive jurisdiction over it to federal courts. 516 F.2d at 31. There is no similar federal statutory issue presented in this case.

Finally, even if the overwhelming weight of authority were insufficient to persuade the Court that deferral is appropriate, the preference of Judge Eldon Fallon, who is presiding over the Vioxx MDL proceeding, further tips the scale in favor of a short stay. As Judge Fallon has noted:

> There are various issues of remand in various cases throughout the country. Again, a significant advantage of the MDL concept is some consistency. The [r]ule of [l]aw is really based on consistency. If different decisions are made by numerous judges, then you have no consistency and no predictability. . . . It's easier if one court decides some of these matters than if 50 or 100 courts decide the matter.
>
> I'm conscious of dealing with the remand [motions] as quickly as possible, but I do want to get them all together . . . and deal with that issue in a consistent and fair fashion.

Transcript of June 23, 2005 Status Conference before the Honorable Eldon E. Fallon at 21, *In re VIOXX Prods. Liab. Litig.*, MDL 1657 (attached as Ex. 14 to Merck's Reply in Support of Its Motion To Stay All Proceedings ). Federal courts have overwhelmingly agreed with Judge Fallon, and Merck respectfully requests that this Court do the same.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO MOTION FOR EXPEDITED CONSIDERATION OF MOTION TO REMAND
Page 5

STATE OF ALASKA V. MERCK & CO., INC.
Case No. 3:06-CV-00018 (TMB)

## CONCLUSION

The proper course in cases such as this is to defer – not expedite – consideration of plaintiff's remand motion. For all of the foregoing reasons, Merck respectfully requests that this Court deny plaintiff's Motion for Expedited Consideration of its Motion to Remand.

DATED this 6th day of March, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By:    Jahna M. Lindemuth
    Jahna M. Lindemuth, ABA #9711068
    DORSEY & WHITNEY LLP
    1031 West Fourth Avenue, Suite 600
    Anchorage, AK 99501-5907
    (907) 276-4557
    lindemuth.jahna@dorsey.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on
the 6th day of March, 2006, a true and correct
copy of this document was served on:

| | |
|---|---|
| James E. Fosler | W. Mark Lanier |
| Fosler Law Group, Inc. | Richard Meadow |
| 737 West Fifth Avenue, Suite 205 | Lawrence P. Wilson |
| Anchorage, Alaska 99501 | The Lanier Law Firm |
| | 6810 FM 1960 West |
| | Houston, Texas 77069 |

by electronic means through the ECF system
as indicated on the Notice of Electronic Filing,
or if not confirmed by ECF, by first class regular mail.

By:    Jahna M. Lindemuth
    Jahna M. Lindemuth, ABA #9711068
    Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO MOTION FOR EXPEDITED
CONSIDERATION OF MOTION TO REMAND
Page 6

STATE OF ALASKA V. MERCK & CO., INC.
Case No. 3:06-CV-00018 (TMB)