W. Mark Lanier
Kevin P. Parker
Richard Meadow
Lawrence P. Wilson
THE LANIER LAW FIRM
6810 FM 1960 West
Houston, Texas 77069
Telephone: (713) 659-5200
Fax: (713) 659-2204

James E. Fosler
Alaska Bar No. 9711055
FOSLER LAW GROUP, INC.
737 West Fifth Ave., Suite 205
Anchorage, Alaska 99501
Telephone: (907) 277-1557
Fax: (907) 277-1657

Attorneys for STATE OF ALASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| STATE OF ALASKA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 3:06-CV-00018 (TMB) |
| | ) | |
| vs. | ) | |
| | ) | |
| MERCK & CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THE STATE OF ALASKA'S MOTION FOR RECONSIDERATION
OF ORDER STAYING THE CASE**

The State of Alaska ("Alaska") files this Motion for Reconsideration of Order Staying the Case, pursuant to Local Rule 59.1, asking the Court to lift the stay and enter an order remanding the case.

1.  On March 6, 2006, the Court entered an order staying the case pending transfer of the case to the MDL proceeding for Vioxx litigation. Docket No. 27.

2.  In determining that the case should be stayed, the Court stated that Merck's motion, because of 42 U.S.C. §1396r-8(d)(4), "reveals the difficult issue of whether federal question jurisdiction exists based on federal Medicaid law." *Id*. at 3. Finding that the case "does not plainly warrant immediate remand," the Court stayed the case pending transfer to the MDL panel. *Id.*

3.  The Court correctly noted that, in determining the existence of subject matter jurisdiction, the defenses of a defendant are irrelevant and the inquiry is limited to the grounds for relief invoked by the plaintiff in its complaint. *Id.* at 2. However, the Court's reliance on the cited Medicaid statute does not explain how that statute is an element of Alaska's claim. Merck has not explained, nor has the Court addressed in its Order, what part of 42 U.S.C. §1396r-8(d)(4) Alaska will have to allege, prove, or refer to in order to prevail in its claim.

4.  To the extent that this statute is relevant at all, it is relevant as a defense for Merck. Merck may choose to argue that Alaska is not entitled to recover because the statute required Alaska to purchase Vioxx; however, that argument arises only as a defense for Merck. There is nothing in 42 U.S.C. §1396r-8 that Alaska must prove as an element of its claim. *Cf. Grable Sons Metal Products v. Darue Engineering & Manufacturing*, 125 S.Ct. 2363, 2368 (2005)(recognizing federal question jurisdiction where plaintiff alleged and was required to prove that the IRS failed to give notice of the sale as required by the Internal

Revenue Code).  In the absence of some showing that the cited Medicaid statute includes something that Alaska must plead and prove in order to prevail, the Medicaid statute cannot be the basis of federal subject matter jurisdiction.

5. The Court also stated that Alaska will suffer minimal prejudice from the stay. Docket No. 27 at 3.  Alaska respectfully disagrees.  In June 2005, the MDL judge commented on the record that he intended to decide "as quickly as possible" the motions for remand that were before him at the time.  *Id.* at 3, fn. 2.  There are now 250 motions to remand before him.  With all due respect to the MDL judge, who certainly has a full plate, Alaska understands that he has not decided a single motion to remand.  Transfer to the MDL will certainly result in significant delay, and this delay will be prejudicial.

6. Further, the risk of an inconsistent decision is minimal.  This is because Merck's defense based on the cited Medicaid statute is only a defense to claims brought by states; it is not a defense to the vast majority of cases in the MDL.

7. Alaska now understands that the MDL Panel does not meet again until March 30, 2006.  The Panel will not likely decide Merck's motion to transfer until that date or after. Therefore, this Court has until March 30 to remand the case.

8. Given the seriousness of the prejudice Alaska believes that it will suffer if this case is not immediately remanded, and given that this prejudice is being imposed by a court that lacks jurisdiction, Alaska respectfully requests that the Court have oral argument on these

issues.  As required by Local Rule 7.2(a), Alaska is filing a Request for Oral Argument contemporaneously with this motion.

9. In conclusion, since *Merrill-Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986), requires rejection of Merck's FDCA jurisdictional allegations, and since Merck's Medicaid jurisdictional allegations should be rejected through the simple application of the well-pleaded complaint rule, Alaska respectfully requests that the Court lift the stay and remand this case to the Alaska state court.

DATED: March 13, 2006.

FOSLER LAW GROUP, INC.


By: /s/ James E. Fosler
FOSLER LAW GROUP, INC.
737 W. 5th Ave., Suite 205
Anchorage, AK 99501
Phone: (907) 277-1557
Fax: (907) 277-1657
E-mail: jfosler@foslerlawgroup.com
Alaska Bar No. 9711055

THE LANIER LAW FIRM
W. Mark Lanier
Kevin P. Parker
Richard Meadow
Lawrence P. Wilson
*Pro hac vice* applications being prepared
6810 FM 1960 West
Houston, Texas 77069
Telephone:  (713) 659-5200
Fax:  (713) 659-2204

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on
the 13th day of March 2006 a true and correct copy of this
document was served on:

Jahna M. Lindemuth
Dorsey & Whitney, LLC
1030 West Fourth Ave., Suite 600
Anchorage, AK 99501

by electronic means through the ECF system,
as indicated on the Notice of Electronic Filing, or, if
not confirmed by ECF, by first class regular mail.

By:     /s/ James E. Fosler
James E. Fosler, ABA #9711055
Fosler Law Group, Inc.